1  Mark T. Flewelling (#96465)
   mflewelling@afrct.com
2  Christopher A. Carr (#44444)
   ccarr@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN
   CAMPBELL & TRYTTEN, LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, CA 91101-2459
5  (626) 535-1900
   (626) 577-7764 (Facsimile)
6
   Attorneys for Defendant WORLD SAVINGS
7  BANK, FSB, renamed and now known as
   WACHOVIA MORTGAGE, FSB.
8

9           UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11

12  DAYA NAND and SHRI MATI,          )  Case No. C08-01529        SI
                                      )
13            Plaintiffs,             )
                                      )  NOTICE OF REMOVAL BY
14      vs.                           )  DEFENDANT WORLD SAVINGS
                                      )  BANK, FSB UNDER 28 U.S.C.
15  SCOTT RICHARD SMITH, dba          )  §1441(b)
    MORTGAGENET 2000; JEFFREY         )
16  JAMES TWOMEY, an individual;      )  [FEDERAL QUESTION]
    ANGAD SINGH, an individual;       )
17  GREENPOINT MORTGAGE               )
    FUNDING, INC.; WORLD SAVINGS,     )
18  aka WACHOVIA; GMAC MORTGAGE       )
    CORPORATION; and DOES FOUR        )
19  through TWENTY, inclusive,        )
                                      )
20            Defendants.            )

21

22  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE

23  HONORABLE UNITED STATES DISTRICT JUDGE:

24        PLEASE TAKE NOTICE that defendant World Savings Bank, FSB,

25  renamed and now known as Wachovia Mortgage, FSB (erroneously named

26  "World Savings, aka Wachovia")(hereinafter "World"), files this Notice of

27  Removal pursuant to 28 U.S.C. § 1441 *et seq.*, and hereby removes to this court

28  the state court action described below.

ORIGINAL
FILED

MAR 2 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

COPY

1.    JURISDICTION.  As more particularly set forth below, this court has jurisdiction of this case under 28 U.S.C. §1331 because a claim arising under the laws of the United States (15 U.S.C. §§1539-1541) is being made.

2.    INTRADISTRICT ASSIGNMENT.  This case is being removed to the Oakland Branch of this court because the existing state court case is pending in Alameda County.

3.    On October 25, 2006, Case No. HG06295167 (the "Action") was commenced in the Superior Court of the State of California, in and for the County of Alameda, entitled *Daya Nand, et al., vs. Scott Richard Smith, etc., et al.*  A copy of the original complaint in the Action is attached as Exhibit A; it does not name World or any other lender as a defendant.

4.    On January 19, 2007, plaintiffs in the Action filed a First Amended Complaint ("FAC").  A copy of the FAC is attached as Exhibit B; it also does not name World or any other lender as a defendant.

5.    On March 5, 2008, about two weeks ago, plaintiffs in the Action filed a Second Amended Complaint ("SAC").  A copy of the Second Amended Complaint is attached as Exhibit C.  For the first time, the SAC names World and two other lenders as defendants.  World has never appeared in the Action, and per the accompanying Request for Judicial Notice, neither of the other two lenders have appeared in the Action.

6.    Attached as Exhibit D is the copy of the Summons on the SAC that was served upon World.  This copy does not specify World's capacity.  However, the captions of the FAC and SAC are different, with the SAC adding the names of World and two other lenders, plus changing the names of Does from "One to Twenty" to "Four to Twenty".  World therefore assumes it was being served as a Doe, although it does not know if it was Doe One, Two or Three.

7.    The Sixth Cause of Action of the SAC (comprising ¶¶79-81 and incorporating ¶¶72-77) contains a claim against World and the other lenders based

1  upon an alleged violation of 15 U.S.C. §§1539 and 1541; those statutes are a

2  portion of what is commonly called the Truth in Lending Act, or "TILA".  Thus, a

3  claim arising under the laws of the United States, or a "Federal question", is

4  presented, which gives this court jurisdiction over the claim under 28 U.S.C.

5  §1331 and makes the Action removable to this court under 28 U.S.C. §§1441(a)

6  and (b).

7          8.    This Notice is timely because it is being filed within 30 days of the

8  March 5, 2008 filing of the SAC, as required by 28 U.S.C. §1446(b).

9          9.    The date of March 5, 2008 is when the 30 day period set forth in 28

10  U.S.C. §1446(b) commenced running because neither the original Complaint nor

11  the FAC contained any mention of a TILA claim, and therefore the case was not

12  removable on the "Federal question" ground until the SAC was filed.  *Sullivan v.*

13  *Conway* (7th Cir. 1998) 157 F.3d 1092, 1094.

14          10.    The case never was removable on grounds of diversity since both

15  plaintiffs and the individual defendants are alleged, by all three complaints, to be

16  residents of California.  Further, the one year limit on removal contained in 28

17  U.S.C. §1446(b) only applies to diversity cases, not "Federal question" cases.

18  Since the case was not removable until March 5, 2008, this Notice is timely.

19          11.    This court has supplemental jurisdiction over the remaining state law

20  claims under 28 U.S.C. §1441(c), which provides that where a "Federal question"

21  claim is joined with other "separate and independent" non-removable claims, the

22  entire case may be removed.  Claims are considered "separate" where they allege

23  different wrongs and "independent" when they are not dependent upon other

24  claims.  *Boggs v. Lewis* (9th Cir. 1988) 863 F.2d 662, 664, citing *American Fire &*

25  *Casualty Co. v. Finn* (1951) 341 U.S. 6, 14.  Here, the TILA claim, is based on

26  the alleged failure to make statutorily required disclosures (SAC ¶79), thus

27  purportedly entitling plaintiffs to the specific remedies provided by TILA.  The

28  individual defendants are all alleged to either be licensed brokers (SAC ¶¶3,4) or

1   else posing as such (SAC ¶6); they are not alleged to be lenders.  TILA applies

2   only to lenders (15 U.S.C. §1602[f]), so clearly the TILA claims are not

3   dependent in any way upon any of the state law claims against the individual

4   defendants (or, for that matter, against World or the other lenders).  Whether or

5   not plaintiffs' TILA claims are successful will have no bearing upon their success,

6   or lack thereof, against any defendant on any of the state law claims.

7        12.    Accompanying this Notice is a joinder in this Notice by the three

8   individual defendants who have appeared in the Action.  As shown by the

9   documents referred to in the accompanying Request for Judicial Notice, no other

10  defendant has appeared in the Action.

11       13.    Pursuant to 28 U.S.C. §1446(a), World files this Notice in the

12  District Court of the United States for the district and branch within which the

13  Action is pending.

14       14.    Pursuant to 28 U.S.C. §1446(a), this Notice is accompanied by

15  Exhibit E, which is an Appendix of Exhibits containing a copy of all papers filed

16  in the Action in the Superior Court for Alameda County which are not otherwise

17  attached as Exhibits A, B, C, or D.

18       15.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice with its

19  attachments will promptly be served on the attorneys of record in the Action and

20  notice thereof will be filed with the clerk of the Alameda County Superior Court.

21       WHEREFORE, World hereby removes Alameda County Superior Court

22  Case No. HG06295167 to the United States District Court for the Northern

23  District of California.

24  Dated:  March 18, 2008        ANGLIN, FLEWELLING, RASMUSSEN,
                                  CAMPBELL & TRYTTEN LLP
25

26

27                              By:_____
                                       Christopher A. Carr
                                       ccarr@afrct.com
28                                     Attorneys for Defendant WORLD
                                       SAVINGS BANK, FSB

EXHIBIT A

*5106544*

1  LINDA L. MALLETTE, ESQ. St. Bar #104669
   DOMINICK R. LIBONATI, ESQ. St. Bar #111738
2          Law Offices
        MALLETTE & LIBONATI
3        2046 Fairmont Drive
         San Mateo, CA 94402
4          (650) 347-5400

5  Attorneys for Plaintiffs
   Daya Nand and Shri Mati

6

7

**FILED**
ALAMEDA COUNTY

OCT 2 5 2006

CLERK OF THE SUPERIOR COURT
By _____
                          Deputy

8     COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

9          COUNTY OF ALAMEDA, HAYWARD DIVISION

10

| | |
|---|---|
| DAYA NAND and SHRI MATI, ) | NO.    H G 0 6 2 9 5 1 6 7 |
| Plaintiffs, ) | COMPLAINT FOR DAMAGES FOR FRAUD; CONSPIRACY TO COMMIT FRAUD; PROFESSIONAL NEGLIGENCE; AND FOR BREACH OF FIDUCIARY DUTY |
| vs. ) | |
| SCOTT RICHARD SMITH, dba MORTGAGENET 2000, JEFFREY JAMES TWOMEY, an individual; ANGAT SINGH, an individual, and DOES ONE through TWENTY, inclusive, ) | |
| Defendants. ) | |

21

22      Plaintiffs allege:

**FACTS APPLICABLE TO ALL CAUSES OF ACTION**

23

24      1.  Plaintiffs are, and at all times relevant to this

25  action, were residents of Hayward, Alameda County, California

26  and are husband and wife.

27      2.  Two of the three parcels of residential real property

28  that are subject of this action are located in Hayward, Alameda

County, California and those relevant contracts were executed in

1

Exhibit A
Page 5

1    Hayward, Alameda County, California.

2        3.   Defendant Scott Richard Smith is a licensed real estate

3    broker doing business under the fictitious name of MORTGAGENET

4    2000, whose principal place of business is in Gilroy,

5    California.

6        4.   Defendant Jeffrey James Twomey is a licensed real

7    estate sales agent employed by defendant Scott Richard Smith,

8    whose residence is in San Mateo County, California.

9        5.   Defendant Angat Singh is an unlicensed individual who

10   solicited the subject loans for and on behalf of defendant Scott

11   Richard Smith, whose residence is in San Mateo County,

12   California.

13       6.   Plaintiffs are ignorant of the true names and

14   capacities of defendants sued in this complaint as DOES 1-20,

15   inclusive, and therefore sue these defendants by these

16   fictitious names. Plaintiffs will amend this complaint to allege

17   their true names and capacities when ascertained. Plaintiffs are

18   informed and believe and thereon allege that each of the

19   fictitiously named defendants is responsible in some manner for

20   the occurrences herein alleged, and that plaintiffs' damages as

21   herein alleged were proximately caused by such defendants.

22       7.   Plaintiffs are informed and believe, and on the basis

23   of that information and belief allege, that at all times

24   mentioned in this complaint, defendants Jeffrey James Twomey,

25   Angat Singh and Does One through Twenty were the agents and

26   employees of each other and were the agents of defendant Scott

27   Richard Smith, and were acting within the course and scope of

28   that agency and employment in doing the acts complained of

Exhibit A
Page 6

2

1  herein.

2  8. On or about March 20, 2006, plaintiff Daya Nand was
3  informed by defendant Angat Singh, a co-worker and friend of
4  plaintiff's for seven years, that he had a mortgage brokerage
5  office of his own and offered to obtain a new loan on
6  plaintiffs' home. Defendant Singh represented to plaintiffs
7  that he could obtain a much better loan for plaintiffs,
8  particularly that the new loan would be at a fixed interest
9  rate. Plaintiffs, who were concerned because their mortgage was
10  an adjustable loan, agreed to Mr. Singh's suggestion and hired
11  him to arrange a new loan at a fixed interest rate. The address
12  is 27324 Capri Avenue, Hayward, California.

13  9. At no time during the three transactions that are the
14  subject of this lawsuit did Angat Singh inform plaintiffs that
15  he was not a real estate licensee. Plaintiff Daya Nand trusted
16  Angat Singe because of their seven year relationship and had no
17  reason not to believe Angat Singh's representation that he was
18  licensed to negotiate secured loans, that he had his own
19  brokerage office with three employees, and that he would obtain
20  a good, fixed interest loan that would save plaintiffs a lot of
21  money.

22  10. Subsequent to March 20, 2006, defendant Angat Singh
23  negotiated a new loan with World Savings, the same lender who
24  held the purchase money mortgage being paid off and replaced.
25  When loan papers were prepared, defendant Angat Singh, together
26  with defendant Jeffrey James Twomey, met with plaintiffs at
27  one of defendant Singh's businesses and signed the papers
28  before a notary public. No explanation of any of the papers

1   occurred on the day the papers were signed, by either defendant
2   Angat Singh or Jeffrey James Twomey.
3       11.   On or about May 16, 2006, escrow closed through First
4   American Title Company.  Subsequently, but not until
5   approximately August, 2006, plaintiffs learned that they could
6   have negotiated a new loan with their lender, World Savings,
7   without the benefit of a mortgage broker, so long as they were
8   willing to accept another loan of equal or greater amount, with
9   an adjustable rate and prepayment penalty and a margin equal to
10  or greater than the margin of the existing loan.
11      12.   After close of escrow on May 16, 2006, plaintiffs paid
12  their loan installments for approximately three months, at which
13  time they requested a family member to read their loan papers
14  for all three loans.  They then learned that the new loan on
15  their home was not fixed as represented to them by Angat Singh
16  Jeffrey James Twomey, but adjustable, was a greater amount than
17  the purchase money loan, had a greater margin than the purchase
18  money loan, and a new three year prepayment penalty.  The sum of
19  $11,200.87 was wired to plaintiffs' bank account representing
20  the excess proceeds over expenses, and plaintiffs had not
21  requested that any sum whatsoever be loaned to them above the
22  costs to obtain a new fixed rate loan.  Plaintiffs paid a total
23  commission to Mortgage Net the sum of $11,390.00, of which
24  $8,280.00 was in the form of a yield spread advanced by the
25  lender.  Plaintiffs paid $3,364.12 for the charges, including
26  escrow fee and title insurance, to refinance their home.
27      13.   Plaintiffs have a new loan on their home that is in
28  every way less beneficial to them than the 30 year loan

1  originally placed as a purchase money loan by the same lender.

2      14.  On or about June, 2006, defendant Angat Singh

3  solicited plaintiffs to provide them a new loan on their

4  commercial investment property in Hayward, California, 459

5  Ranker Place.  Again, Mr. Singh represented to plaintiffs that

6  they should refinance their Ranker Place property to have a

7  fixed rate loan.  Mr. Singh represented to plaintiffs that he

8  would arrange a very beneficial loan for them.  Plaintiffs

9  agreed to refinance with Mr. Singh.  At the time the refinancing

10 was agreed, plaintiffs had a first and second loan on the

11 property.  The first loan had an adjustable interest rate that

12 plaintiffs desired to pay off in favor of a fixed interest rate

13 loan.  Defendant Singh represented to plaintiffs that one loan

14 would replace the two loans that existed at the time of the

15 refinance.

16     15.  During the pendency of the loan transaction, Mr. Singh

17 informed plaintiffs that they would have to refinance their

18 Sacramento property and obtain funds from the refinance in order

19 cover the expenses of the Ranker refinance.  Plaintiffs a

20 residential duplex with Mr. Singh to refinance their Sacramento

21 property, 86-88 Del Vista Circle, Sacramento, California.

22     16.  Neither Mr. Singh nor Mr. Twomey obtained information

23 from plaintiffs to complete a loan application for any of the

24 three loans.  There was no mention at any time of The Ranker

25 Place and the Del Vista transactions that a loan application was

26 or would be submitted on behalf of plaintiffs.

27     17.  No loan disclosure was provided to plaintiffs by any

28 of the defendants for any of the three transactions.

Exhibit A
Page 9

18. On July 10, 2006, defendants Singh and Twomey came to plaintiffs' home with a notary public to sign loan documents. Mr. Singh gave no explanation to plaintiffs the content or importance of any of the documents in the stack of documents presented for signature. At the conclusion of the signing, Mr. Singh took all the documents and promised he would provide copies to plaintiffs at a later time and promised that when he later provided copies, he would explain the documents to plaintiffs.

19. Neither defendant Singh, defendant Twomey, nor defendant Smith at any time provided loan document copies to plaintiffs for either the Ranker Place refinance or the Del Vista Circle refinance.

20. Plaintiffs had no knowledge during the pendency of the three transactions that defendant Scott Richard Smith was the broker in the transactions. At times defendant Jeffrey Twomey accompanied Angat Singh when he met with plaintiffs during the transactions, but defendant Jeffrey Twomey never informed plaintiffs that defendant Angat Singh was not licensed with the Real Estate Department. Defendant Jeffrey Twomey never informed plaintiffs that defendant Scott Richard Smith was the broker who had the responsibility to supervise defendant Jeffrey Twomey as his salesman. Plaintiffs had no knowledge during the pendency of the three transactions that Jeffrey Twomey was only a licensed salesman working for defendant Scott Richard Smith or that Angat Singh had no license to arrange secured loans.

21. On July 14, 2006, and July 17, 2006 the Ranker Place and the Del Vista transactions closed. In both transactions,

Exhibit A
Page 10

1   plaintiffs had not received the documents permitting them to
2   rescind within three days of execution.
3        22.   In August, 2006, plaintiffs had to request copies of
4   the loan documents from the title company, Commonwealth Land
5   Title Company in Pacifica, California, because defendants had
6   not given copies to plaintiffs as promised by Angat Singh.
7   After requesting a family member to assist plaintiffs to read
8   the documents, plaintiffs learned the following with respect to
9   the Ranker Place transaction: There were not one, but two loans
10  with the same secondary lender, GreenPoint Mortgage funding,
11  Inc.; both loans have adjustable rate interest provisions; by
12  the time the first payment came due on the first loan on
13  September 5, 2006, the plaintiffs were notified that interest
14  would increase from 3% to 8.125% and the index rate would
15  increase from 4.43200 to 4.56333 on October 1, 2006; the second
16  loan from the same secondary lender is adjustable, began at an
17  interest rate of 9.5% with a cap of 18%; plaintiffs paid
18  commissions to defendant Scott Richard Smith, dba Mortgagenet in
19  the sum of $18,643.75, represented as $10,286.25 paid directly
20  through escrow and $6,857.50 advanced by the lender as a yield
21  spread premium (rebate of 1% charged to plaintiffs as a higher
22  interest rate); that Scott Richard Smith, dba Mortgagenet
23  charged additional fees of $1,500.00 through escrow, including
24  an "Administrative Fee"; that $70,998.43 from the equity in the
25  Del Vista Circle property was given to the Ranker Place escrow
26  to cover the costs of obtaining the new loans; that the new
27  loans added principal debt of $24,805.59 to cover the costs
28  incurred in escrow; that the additional costs of obtaining the

Exhibit A
Page 11

7

1   loans paid in escrow, exclusive of the sums paid to Scott

2   Richard Smith, dba Mortgagenet, totaled $3,617.35; that the

3   original lender charged plaintiffs $24,018.75 as a prepayment

4   penalty; in three years the payments will increase to $5,227.81,

5   double what they currently are; that plaintiffs are burdened

6   with a new prepayment penalty provision binding them for three

7   years.  The new loans in every respect were not as represented

8   by defendant Singh, but are less beneficial and more costly to

9   plaintiffs.

10      23.  When plaintiffs ultimately received and reviewed the

11   loan papers on Ranker Place, they learned that defendants Scott

12   Richard Smith, dba Mortgagenet, Jeffrey Twomey, Angat Singh and

13   Does One through Twenty, had drafted and submitted a loan

14   application for both new loans, without conducting an interview,

15   without informing plaintiffs, and without obtaining plaintiffs'

16   signatures prior to submission.  The copies provided to

17   plaintiffs show that on the same day plaintiffs signed all the

18   loan documents for both loans, included in the documents was the

19   false loan application.  Plaintiffs' initials appear on two of

20   the three pages.  Plaintiffs' signatures do not appear on page

21   two, the page that falsely represents plaintiffs' income at

22   approximately two times their actual income. By defendants'

23   fraudulent actions, plaintiffs have been placed in a perilous

24   position relative to their lender, and could be subject to fines

25   and imprisonment.

26      24.  Plaintiffs were informed by defendant Singh that in

27   order to obtain refinancing on Ranker Place, they had to

28   refinance their four unit apartment house in Sacramento in order

1    to obtain the funds required for the Ranker Place escrow.

2    Defendant Singh represented that he would obtain a fine and

3    beneficial new loan for plaintiffs and certainly the new loan

4    would bear a fixed rate of interest.

5       25.   With respect to the Del Vista Circle refinance,

6    plaintiffs were required to seek copies after close of escrow

7    from the Commonwealth Title Company in Pacifica, California.

8    Plaintiff subsequently learned the following by comparison:

9    plaintiffs' original loan was with a conventional lender, Bank

10    of America.   Its terms was 30 years fixed at 6.013%, with a

11    principal balance of $213,212.43 and had no prepayment penalty.

12    The new loan, arranged by defendants had the following

13    characteristics: the new loan was from a secondary lender,

14    GreenPoint Mortgage, Inc.; it bears an adjustable interest, with

15    negative amortization and a cap of 12%; one month after the new

16    loan was funded, plaintiffs were given notice that the 2%

17    interest rate would increase to 8.125% the following month; the

18    principal balance is $113,188.00 more than the balance on the

19    Bank of America Loan; plaintiffs paid commissions to defendant

20    Scott Richard Smith, dba Mortgage Net in the sum of $7,752.00,

21    comprised of $4,896.00 paid directly from escrow and $2,856.00

22    as a yield spread advanced by the lender; the costs associated

23    with escrow for the refinance, exclusive of the broker's

24    commission, were $2,343.00; the refinance loan bears a

25    prepayment penalty; that defendants arranged for a loan in

26    excess of what was required, and $28,532.36 was returned to

27    plaintiffs, which they had not requested of defendant Singh.

28       26.   Plaintiffs discovered in the file provided by

Commonweath Title after close of escrow that defendants, either one or all of them, without plaintiffs' knowledge or consent, had submitted a loan application to the new lender.  The application had never been presented to plaintiffs nor reviewed by them.  The loan application, with false and fraudulent information, was signed by plaintiffs at the same time plaintiffs signed all the documents for the loans on Ranker Place and Del Vista Circle.  The income page of the application does not bear the signatures of plaintiffs.  The income stated is more than twice the actual income of plaintiffs.  Plaintiffs had no knowledge that defendants drafted and submitted a false and fraudulent loan application to the lender in the refinance transactions of Ranker Place and Del Vista Circle.  Defendants' fraudulent actions have placed plaintiffs in a perilous position with their lender, possibly subjecting them to fines and imprisonment.

**FIRST CAUSE OF ACTION - Fraud**

27.  Plaintiffs incorporate all the allegations contained in paragraphs 1 through 26 as though they were set out in this first cause of action.

28.  Plaintiffs, upon information and belief, allege that defendants Scott Richard Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and Does 1 through 20, knew that fraudulent loan applications were drafted and submitted to the prospective lender on behalf of plaintiffs and knew and intended that plaintiffs not be informed that such false and fraudulent loan applications were prepared and submitted.

29.  Plaintiffs allege that all defendants, Scott Richard

Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

Does 1 through 20, knew that Angat Singh is not a licensed real

estate broker or agent, that Angat Singh and Jeffrey Twomey are

not licensed real estate brokers, and that Angat Singh and

Jeffrey Twomey are agents and employees of Scott Richard Smith,

whose identity and existence were not revealed to plaintiffs.

30.   Plaintiffs allege that all defendants, Scott Richard

Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

Does 1 through 20, knew that they could not and would not

arrange beneficial fixed interest rate loans for plaintiffs but

concealed that fact from plaintiffs and further concealed that

fact from plaintiffs at the time of close of escrow and

thereafter.

31.   Plaintiffs allege that all defendants, Scott Richard

Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

Does 1 through 20, knew that plaintiffs would not be capable of

making the monthly payments of the adjustable rate mortgages

arranged by defendants for them, but failed at all times to so

inform plaintiffs that they should not accept the loans offered

by defendants.

32.   Plaintiffs allege that all defendants, Scott Richard

Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

Does 1 through 20, knew that no explanation was given to

plaintiffs with respect to the contents of any of the four loans

arranged by defendants, knew that by not leaving copies with

plaintiffs of the Ranker Place and Del Vista loan transactions,

that plaintiffs would not and could not discover on their own

that the loans were bad for plaintiffs, and that had they known,

1  plaintiffs would have refused to accept the loans, thus

2  depriving defendants of their commissions.

3      33.  Plaintiffs allege that all defendants, Scott Richard

4  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

5  Does 1 through 20, knew that in secured transactions, such as

6  the four loans arranged by defendants, that plaintiffs were

7  entitled by law to receive instructions and a form giving them

8  the right to rescind the contracts for a period of three days

9  following execution.  Plaintiffs allege that defendants intended

10  to keep the documents and information from plaintiffs so they

11  would not cancel the transactions as they had a legal right to

12  do and which they should have done in their best interests.

13      34.  All of the acts alleged herein, particularly in

14  paragraphs 26 through 33 herein were unknown by plaintiffs

15  during the pendency of the transaction and they relied upon

16  defendants to tell them the truth and to reveal all information

17  to plaintiffs that was necessary for their decisions.

18      35.  All of the acts alleged herein, particularly in

19  paragraphs 26 through 33 constitute intentional fraud,

20  fraudulent inducement, active concealment,  misrepresentation,

21  and misrepresentation by omission on the part of defendants, and

22  all of them.

23      36.  As a consequence of the intentional fraud,

24  misrepresentation, fraudulent inducement, active concealment,

25  and misrepresentation by omission committed by defendants, and

26  all of them, plaintiffs have suffered damages, as hereinafter

27  set forth and to be proven at trial.

28      37.  As a proximate result of the wrongful acts herein

Exhibit A
Page 16

1    alleged, plaintiffs have been generally damaged, including but
2    not limited to emotional damage in an amount to be proven at
3    trial.

4         38.   As a proximate result of the wrongful acts herein
5    alleged, plaintiffs have suffered out of pocket damages in the
6    sum of $73,141.97, representing commissions paid to defendants,
7    costs connected with escrow, and a prepayment penalty.

8         39.   As a further proximate result of the wrongful acts
9    herein alleged, plaintiffs continue to suffer out of pocket
10   damages in a sum that cannot be calculated with certainty until
11   the date of trial, comprised of costs to replace the loans
12   arranged by defendants, loss on possible sales of the
13   properties, interest payment differential, and possibly loss of
14   the properties, or some of them, to foreclosure since plaintiffs
15   cannot keep up with the payments represented in the loans
16   arranged by defendants, all in sums equal to or in excess of
17   $100,000.00.

18        40.   In doing the things herein alleged, defendants acted
19   with malice, oppression, and fraud as defined under Civ. Code §
20   3294(c) , e.g., willfully and with the intent to cause injury to
21   the plaintiffs. Defendants were therefore guilty of malice,
22   oppression and fraud in conscious disregard of plaintiffs'
23   rights, thereby warranting an assessment of punitive damages in
24   an amount appropriate to punish defendants and deter others from
25   engaging in similar misconduct.

26        WHEREFORE, plaintiffs pray judgment against defendants, and
27   each of them, as hereinafter set forth:
28   **SECOND CAUSE OF ACTION - Conspiracy to Commit Fraud**

1    41.  Plaintiffs incorporate all the allegations contained

2   in paragraphs 1 through 37, as though those allegations were set

3   forth in this cause of action.

4    42. Beginning on or about March, 2006 and continuing

5   through close of escrow of the four loans arranged by defendants

6   for plaintiffs, defendants Scott Richard Smith, dba Mortgage Net

7   2000, Jeffrey Twomey, Angat Singh, and Does One through Twenty,

8   knowingly and willfully conspired and agreed among themselves to

9   commit the acts set forth specifically in paragraphs 26 through

10   33 of the fraud cause of action.

11    43.  When defendants, and each of them, committed the

12   tortious acts specified in paragraphs 26 through 33, injury was

13   caused thereby to plaintiffs.

14    44. Defendants, and each of them, did the acts and things

15   herein alleged pursuant to, and furtherance of, the conspiracy

16   and above-alleged agreement.

17    45.  Defendants, and each of them furthered the conspiracy

18   by cooperation with or lent aid and encouragement to or ratified

19   and adopted the acts of each of the other defendants, in that

20   none of the defendants corrected the wrongs by informing

21   plaintiffs of the acts, omissions, misrepresentations, or

22   concealments committed directly by each other co-conspirator.

23    46. Plaintiffs are informed and believe and thereon allege

24   that the last overt act in pursuance of the above-described

25   conspiracy occurred on or about July 10, 2006 when defendants

26   Singh and Twomey permitted plaintiffs to sign portions of the

27   fraudulent loan applications, failed to leave copies of all the

28   documents constituting the loan packages for three loans on two

Exhibit A
Page 18

properties, failed to describe and explain the documents they
requested plaintiffs to sign, failed to explain plaintiffs'
right to rescind or to provide the form plaintiffs would need in
order to rescind, and by their failure to inform plaintiffs that
defendant Singh was unlicensed, that defendant Twomey was only a
sales agent, that all the loans arranged had adjustable interest
rates and prepayment penalties, and that both Singh and Twomey
worked for an undisclosed broker, defendant Scott Richard Smith.

47. As a proximate result of the wrongful acts herein
alleged, plaintiffs have been generally damaged, including but
not limited to emotional damage, in a sum to be proven at trial.

48. As a proximate result of the wrongful acts herein
alleged, plaintiffs have suffered out of pocket damages in the
sum of $73,141.97, representing commissions paid to defendants,
costs connected with escrow, and a prepayment penalty.

49. As a further proximate result of the wrongful acts
herein alleged, plaintiffs continue to suffer out of pocket
damages in a sum that cannot be calculated with certainty until
the date of trial, comprised of costs to replace the loans
arranged by defendants, loss on possible sales of the
properties, interest payment differential, and possibly loss of
the properties, or some of them, to foreclosure since plaintiffs
cannot keep up with the payments represented in the loans
arranged by defendants, all in a sum equal to or in excess of
$100,000.00.

50. In doing the things herein alleged, defendants acted
with malice, oppression, and fraud as defined under Civ. Code §
3294(c) , e.g., willfully and with the intent to cause injury to

Exhibit A
Page 19

1  the plaintiffs. Defendants were therefore guilty of malice,

2  oppression and fraud in conscious disregard of plaintiffs'

3  rights, thereby warranting an assessment of punitive damages in

4  an amount appropriate to punish defendants and deter others from

5  engaging in similar misconduct.

6      WHEREFORE, plaintiffs pray for judgment against defendants,

7  and each of them as hereinafter set forth.

8  **THIRD CAUSE OF ACTION - Professional Negligence**

9      51.  Plaintiffs reallege and incorporate all the

10  allegations contained in paragraphs 1 through 50 as though they

11  were fully set forth in this cause of action for Professional

12  Negligence.

13      52.  Defendant Scott Richard Smith, dba Mortgage Net 2000,

14  is a licensed California real estate broker, who had a sales

15  agent Jeffrey Twomey and a non-licensee Angat Singh working as

16  his agent to solicit and negotiate mortgage loans.  As the

17  broker, defendant Scott Richard Smith had a duty to supervise

18  his employees and agents.  As a further element of duty,

19  defendant Scott Richard Smith was professionally obligated to

20  hire only licensed agents to perform the duties for which a real

21  estate license is required.

22      53.  Defendant Scott Richard Smith, dba Mortgage Net 2000,

23  violated his professional duty to plaintiffs as a licensed real

24  estate broker by hiring a non-licensed person, defendant Angat

25  Singh, to perform the duties for which a license is required.

26  As the supervising broker, defendant Scott Richard Smith is

27  responsible for the tortious and unprofessional acts of his

28  licensed agent and his unlicensed agent for harm caused to

1    plaintiffs by their acts.

2        54.    Defendant Scott Richard Smith and his licensed agent

3    Jeffrey Twomey and his unlicensed agent Angat Singh, had a

4    professional duty to disclose, in a timely and specified manner,

5    the estimated costs to procure the loan, including the fees and

6    commissions to be paid to the broker, as mandated in the Real

7    Estate Department Regulations, Title 10, Chapter 6, §2840 and

8    2840.1 and Business and Professions Code §10240.

9        55.    Defendant Scott Richard Smith and his licensed agent

10    Jeffrey Twomey and his unlicensed agent Angat Singh not only

11    failed to make timely disclosures as required as alleged in

12    paragraph 53, they failed to give disclosures to plaintiffs at

13    any time, except as specified in the closing documents but not

14    left with plaintiffs as to the loans on Ranker Place and Del

15    Vista Circle.

16        56.    By drafting and submitting fraudulent loan

17    applications for plaintiffs without the knowledge and consent of

18    plaintiffs, defendants, and all of them violated 18 USC 1001, et

19    seq.

20        57.    By charging plaintiffs fees in escrow and by charging

21    fees in excess of what was expended, which plaintiffs allege

22    upon information and belief, defendants and each of them,

23    violated Real Estate Regulations, Title 10, Chapter 6, §2843.

24        58.    By defendants' acts of failure to disclose, failure to

25    inform plaintiffs of their rescission rights, failure to inform

26    plaintiffs that all the loans arranged by defendants for

27    plaintiffs were less beneficial than their existing loans,

28    failure to inform plaintiffs that they were contracting for

1  prepayment penalties and adjustable rate mortgages contrary to

2  their promises and plaintiffs' request, failure to provide

3  copies of loan documents for the Ranker Place and Del Vista

4  transactions, and their submission of false and fraudulent loan

5  applications on behalf of plaintiffs without plaintiffs'

6  knowledge and consent, defendants breached their duty to be

7  honest and truthful as mandated by Business & Professions Code

8  10152, 10176(a)-(c), 10176(a)-(c) and Civil Code 2079.6 and

9  their duty to disclose, as mandated by Civil Code 2079-2079.6.

10     59.  In all instances of professional negligence as set

11  forth in paragraphs 52 through 58 herein, which list is not

12  inclusive, defendant caused damages to plaintiffs.

13     60.  As a proximate result of the wrongful acts herein

14  alleged, plaintiffs have been generally damaged, including but

15  not limited to emotional damage, in a sum to be proven at trial.

16     61.  As a proximate result of the wrongful acts herein

17  alleged, plaintiffs have suffered out of pocket damages in the

18  sum of $73,141.97, representing commissions paid to defendants,

19  costs connected with escrow, and a prepayment penalty.

20     62.  As a further proximate result of the wrongful acts

21  herein alleged, plaintiffs continue to suffer out of pocket

22  damages in a sum that cannot be calculated with certainty until

23  the date of trial, comprised of costs to replace the loans

24  arranged by defendants, loss on possible sales of the

25  properties, interest payment differential, and possibly loss of

26  the properties, or some of them, to foreclosure since plaintiffs

27  cannot keep up with the payments represented in the loans

28  arranged by defendants, but in no event in a sum less than

1 | $100,000.00.

2 | WHEREFORE, plaintiffs pray for judgment against defendants,

3 | and each of them, as hereinafter set forth.

4 | **FOURTH CAUSE OF ACTION - Breach of Fiduciary Duty**

5 | 63.  Plaintiffs incorporate all the allegations contained

6 | in paragraphs 1 through 62 as though they were fully set forth

7 | in this cause of action.

8 | 64.  Defendants Scott Richard Smith, dba Mortgagenet 2000,

9 | Jeffrey Twomey, Angat Singh and Does 1 through 20, accepted the

10 | responsibility to act as plaintiffs' agents to negotiate and

11 | procure a series of secured loans.  As plaintiffs' agents,

12 | defendants, and each of them, are bound to the duties of a

13 | fiduciary to his principal.  Defendants, as fiduciaries owed

14 | plaintiffs undivided service and loyalty.  Defendants had a duty

15 | to treat their principals' affairs with the same standard of

16 | care as that of a trustee; to make the fullest disclosure of all

17 | material facts concerning the transaction that might affect the

18 | principals' decision; and to use the utmost care, integrity,

19 | honesty and loyalty in dealings with their principals.

20 | 65.  Defendants Scott Richard Smith, dba Mortgagenet 2000,

21 | Jeffrey Twomey, Angat Singh and Does 1 through 20, breached

22 | their duties to plaintiffs by the following, non-inclusive, list

23 | of acts: by promising to obtain fixed interest loans and not

24 | revealing that the loans obtained were, in fact, adjustable rate

25 | mortgages with prepayment penalties; by failure to disclose the

26 | broker's fees and commissions in a timely manner, or at all; by

27 | permitting a non-licensee to negotiate the loans and perform

28 | other acts for which a license is required without disclosing

Exhibit A
Page 23

1  the identity of the broker fiduciary; by failure to discuss,

2  explain and leave plaintiff copies of the loan documents; by

3  failure to disclose to plaintiffs their right to rescind; by

4  submitting fraudulent and false loan applications without

5  plaintiffs' knowledge; by placing plaintiffs in a difficult

6  financial situation for permitting plaintiffs to give up

7  beneficial loans on good terms to obtain loans at adjustable,

8  higher interest rates and prepayment penalties.

9       67.  Plaintiffs relied on defendants Singh and Twomey's

10  fulfillment of their fiduciaries because defendant Singh was a

11  close friend and plaintiffs trusted him.

12       68.  As a proximate result of the wrongful acts herein

13  alleged, plaintiffs have been generally damaged, including but

14  not limited to emotional damage, in a sum to be proven at trial.

15       69.  As a proximate result of the wrongful acts herein

16  alleged, plaintiffs have suffered out of pocket damages in the

17  sum of $73,141.97, representing commissions paid to defendants,

18  costs connected with escrow, and a prepayment penalty.

19       70.  As a further proximate result of the wrongful acts

20  herein alleged, plaintiffs continue to suffer out of pocket

21  damages in a sum that cannot be calculated with certainty until

22  the date of trial, comprised of costs to replace the loans

23  arranged by defendants, loss on possible sales of the

24  properties, interest payment differential, and possibly loss of

25  the properties, or some of them, to foreclosure since plaintiffs

26  cannot keep up with the payments represented in the loans

27  arranged by defendants, in a sum at least equal to or in excess

28  of $100,000.00.

Exhibit A
Page 24

71. In doing the things herein alleged, defendants acted with malice, oppression, and fraud as defined under Civ. Code § 3294(c) , e.g., willfully and with the intent to cause injury to the plaintiffs. Defendants were therefore guilty of malice, oppression and fraud in conscious disregard of plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct.

WHEREFORE, plaintiffs pray for judgment against defendants, on all causes of action, as follows:

1. For general damages, including emotional damages in a sum to be proven at trial;

2. For $73,141.97, as special damages incurred to date the escrows closed, and prejudgment interest on that sum;

3. For special damages that will be incurred after close of escrow to the date of trial and beyond that cannot be ascertained at this time, but will represent interest paid on the new loans over what would have been paid on plaintiff's pre-existing loans; losses incurred on hasty sale or foreclosure of the properties, and other consequential damages according to proof, in a sum at least equal to or in excess of $100,000.00;

4. For costs of suit herein incurred; and

5. For such other and further relief as the Court deems appropriate.

ON THE FIRST, SECOND AND FOURTH CAUSES OF ACTION

6. For exemplary or punitive damages

Dated: October 20, 2006

1

*Linda L. Mallette*
Linda L. Mallette, Attorney for
Plaintiffs Daya Nand and Shri Mati
Nand

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3                          <u>VERIFICATION</u>

4

5        I, Daya Nand, am one of the the plaintiffs in the above-

6    entitled action.  I have read the foregoing Complaint for Damages,

7    and know the contents thereof.  The same is true of my own

8    knowledge, except as to those matters which are therein alleged on

9    information and belief, and as to those matters, I believe it to

10   be true.

11       I declare under penalty of perjury under the laws of the

12   State of California that the foregoing is true and correct.

13

14

15   Dated: October 19, 2006

16                                             Daya Nand

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A
Page 27

1
2
3                                VERIFICATION
4
5       I, Shri Mati, am one of the plaintiffs in the above-entitled
6  action.  I have read the foregoing Complaint for Damages, and know
7  the contents thereof.   The same is true of my own knowledge,
8  except as to those matters which are therein alleged on
9  information and belief, and as to those matters, I believe it to
10 be true.
11      I declare under penalty of perjury under the laws of the
12 State of California that the foregoing is true and correct.
13
14
15 Dated: October 19, 2006
16                                          Shri Mati
17
18
19
20
21
22
23
24
25
26
27
28

                                                   Exhibit A
                                                   Page 28

EXHIBIT B

1  LINDA L. MALLETTE, ESQ. St. Bar #104669
   DOMINICK R. LIBONATI, ESQ. St. Bar #111738
2            Law Offices
          MALLETTE & LIBONATI
3          2046 Fairmont Drive
          San Mateo, CA  94402
4            (650) 347-5400

5  Attorneys for Plaintiffs
   Daya Nand and Shri Mati
6

7

8       COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

9            COUNTY OF ALAMEDA, HAYWARD DIVISION

10

11 DAYA NAND and SHRI MATI,        )   NO.  HG006295167
                                   )
12         Plaintiffs,             )   FIRST AMENDED COMPLAINT FOR
                                   )   DAMAGES FOR   FRAUD;
12 vs.                             )   CONSPIRACY TO COMMIT FRAUD;
                                   )   PROFESSIONAL NEGLIGENCE;
13 SCOTT RICHARD SMITH, dba        )   AND FOR BREACH OF FIDUCIARY
14 MORTGAGENET 2000, JEFFREY       )   DUTY
   JAMES TWOMEY, an                )
15 individual; ANGAT SINGH,        )
   an individual, and DOES         )
16 ONE through TWENTY,             )
   inclusive,                      )
17                                 )
                                   )
18         Defendants.             )
                                   )
19                                 )
                                   )
20                                 )
                                   )
21 _____)

22       Plaintiffs allege:

23 **FACTS APPLICABLE TO ALL CAUSES OF ACTION**

24       1.  Plaintiffs are, and at all times relevant to this

25 action, were residents of Hayward, Alameda County, California

26 and are husband and wife.

27       2.  Two of the three parcels of residential real property

28 that are subject of this action are located in Hayward, Alameda

                                1

FILED
ALAMEDA COUNTY

JAN 1 9 2007

CLERK OF THE SUPERIOR COURT
By _Susan Erickson_
                    Deputy
*NO* SUMMONS ISSUED

County, California and those relevant contracts were executed in Hayward, Alameda County, California.

3. Defendant Scott Richard Smith is a licensed real estate broker doing business under the fictitious name of MORTGAGENET 2000, whose principal place of business is in Gilroy, California.

4. Defendant Jeffrey James Twomey is a licensed real estate sales agent employed by defendant Scott Richard Smith, whose residence is in San Mateo County, California.

5. Defendant Angat Singh is an unlicensed individual who solicited the subject loans for and on behalf of defendant Scott Richard Smith, whose residence is in San Mateo County, California.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued in this complaint as DOES 1-20, inclusive, and therefore sue these defendants by these fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were proximately caused by such defendants.

7. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this complaint, defendants Jeffrey James Twomey, Angat Singh and Does One through Twenty were the agents and employees of each other and were the agents of defendant Scott Richard Smith, and were acting within the course and scope of

Exhibit B
Page30

that agency and employment in doing the acts complained of
herein.

8.   On or about March 20, 2006, plaintiff Daya Nand was
informed by defendant Angat Singh, a co-worker and friend of
plaintiff's for seven years, that he had a mortgage brokerage
office of his own and offered to obtain a new loan on
plaintiffs' home.  Defendant Singh represented to plaintiffs
that he could obtain a much better loan for plaintiffs,
particularly that the new loan would be at a fixed interest
rate.  Plaintiffs, who were concerned because their mortgage was
an adjustable loan, agreed to Mr. Singh's suggestion and hired
him to arrange a new loan at a fixed interest rate.  The address
is 27324 Capri Avenue, Hayward, California.

9.   At no time during the three transactions that are the
subject of this lawsuit did Angat Singh inform plaintiffs that
he was not a real estate licensee. In fact, when plaintiff Daya
Nand asked Angat Singh if he had a real estate license, Mr.
Singh said that yes, he was licensed.  Plaintiff Daya Nand
trusted Angat Singe because of their seven year relationship and
had no reason not to believe Angat Singh's representation that
he was licensed to negotiate secured loans, that he had his own
brokerage office with three employees, and that he would obtain
a good, fixed interest loan that would save plaintiffs a lot of
money.

10.  Subsequent to March 20, 2006, defendant Angat Singh
negotiated a new loan with World Savings, the same lender who
held the purchase money mortgage being paid off and replaced.
When loan papers were prepared, defendant Angat Singh called

Exhibit B
Page31

1   Daya Nand to make an appoint for plaintiffs to sign the loan
2   documents at Mr. Singh's Baskin-Robbins store in Foster City.
3   In that conversation, Mr. Singh said "Everything is o.k.  I've
4   saved you a lot of money.  What you wanted I have gotten for
5   you."  Mr. and Mrs. Nand arrived at the meeting at Baskin-
6   Robbins and sat at a table to wait for the notary public.  When
7   the notary arrived, Mr. Singh came from behind his counter and
8   sat with them.  Mr. Singh told plaintiffs, "Just sign the papers
9   now and I will explain everything to you later."  When the
10  papers were signed and the notary departed, Mr. Nand asked Mr.
11  Singh to explain the papers they had signed.  Mr. Singh said,
12  "I'm so busy now.  People are waiting.  I will come later to
13  your home to explain everything to you.  I will save you even
14  more money by explaining how you can make payments every two
15  weeks."  Mr. Singh gave plaintiffs a copy of the loan papers
16  before they left the meeting.  All of Mr. Singh's words to
17  plaintiffs were in Hindi.

18      11.  On or about May 16, 2006, escrow closed through First
19  American Title Company.  Subsequently, but not until
20  approximately August, 2006, plaintiffs learned that they could
21  have negotiated a new loan with their lender, World Savings,
22  without the benefit of a mortgage broker, so long as they were
23  willing to accept another loan of equal or greater amount, with
24  an adjustable rate and prepayment penalty and a margin equal to
25  or greater than the margin of the existing loan.

26      12.  After close of escrow on May 16, 2006, plaintiffs paid
27  their loan installments, beginning in July, for approximately
28  three months, at which time they requested a family member to

Exhibit B
Page 32

1   read their loan papers for all three loans.  They then learned
2   that the new loan on their home was not fixed as represented to
3   them by Angat Singh, but adjustable, was a greater amount than
4   the purchase money loan, had a greater margin than the purchase
5   money loan, and a new three year prepayment penalty.  The sum of
6   $11,200.87 was wired to plaintiffs' bank account representing
7   the excess proceeds over expenses, and plaintiffs had not
8   requested that any sum whatsoever be loaned to them above the
9   costs to obtain a new fixed rate loan.  Plaintiffs paid a total
10  commission to Mortgage Net the sum of $11,390.00, of which
11  $8,280.00 was in the form of a yield spread advanced by the
12  lender.  Plaintiffs paid $3,364.12 for the charges, including
13  escrow fee and title insurance, to refinance their home.
14      13.  Plaintiffs have a new loan on their home that is in
15  every way less beneficial to them than the 30 year loan
16  originally placed as a purchase money loan by the same lender.
17      14.  On or about June, 2006, defendant Angat Singh
18  solicited plaintiffs to provide them a new loan on their
19  commercial investment property in Hayward, California, 459
20  Ranker Place.  Again, Mr. Singh represented to plaintiffs that
21  they should refinance their Ranker Place property to have a
22  fixed rate loan.  Mr. Singh represented to plaintiffs that he
23  would arrange a very beneficial loan for them.  Plaintiffs
24  agreed to refinance with Mr. Singh.  At the time the refinancing
25  was agreed, plaintiffs had a first and second loan on the
26  property.  The first loan had an adjustable interest rate that
27  plaintiffs desired to pay off in favor of a fixed interest rate
28  loan.  Defendant Singh represented to plaintiffs that one loan

Exhibit B
Page33

1    would replace the two loans that existed at the time of the

2    refinance.

3        15.  During the pendency of the loan transaction, Mr. Singh

4    informed plaintiffs that they would have to refinance their

5    Sacramento property and obtain funds from the refinance in order

6    cover the expenses of the Ranker refinance.  Plaintiffs a

7    residential duplex with Mr. Singh to refinance their Sacramento

8    property, 86-88 Del Vista Circle, Sacramento, California.

9        16.  Neither Mr. Singh nor Mr. Twomey obtained information

10   from plaintiffs to complete a loan application for any of the

11   three loans.  There was no mention at any time of The Ranker

12   Place and the Del Vista transactions that a loan application was

13   or would be submitted on behalf of plaintiffs.

14       17.  No loan disclosure was provided to plaintiffs by any

15   of the defendants for any of the three transactions.

16       18.  On July 10, 2006, defendants Singh and Twomey came to

17   plaintiffs' home by arrangement made by defendant Singh with

18   plaintiff Daya Nand.  It was arranged that a notary public would

19   arrive.  For approximately a half hour, they talked about work

20   and jobs.  Mr. Singh had a suggestion about a new job for Mr.

21   Nand and promised to help him get a new job.  The notary public

22   arrived with the loan papers.  Mr. Singh said before they signed

23   the papers that he would explain everything about the papers

24   later.  When the notary requested if they were ready to sign,

25   Mr. Singh said with a gesture of his head, "Go ahead."  The

26   notary turned the pages of both loan transactions and indicated

27   to Mr. and Mrs. Nand where they were to sign.  When they had

28   completed signing, the notary asked if Mr. and Mrs. Nand had any

1  questions.  Mr. Singh answered, "Everything's ok."  The notary

2  took the original papers and left.  He gave copies to Mr. Singh.

3  Within three minutes after the notary left, Mr. Singh indicated

4  that he and his friend had somewhere else to go.  At the door

5  Mr. Singh said his friend and he worked together and his friend

6  would help with the new job.  Mr. Twomey said he would speak to

7  his manager about the job.  Neither Mr. Twomey nor Mr. Singh

8  ever told plaintiffs that Mr. Twomey was a real estate licensee

9  who was involved with these transactions.  Mr. Singh only

10  referred to Mr. Twomey as "his friend" when they arrived at the

11  house.  Mr. Nand asked Mr. Singh to go through the papers, but

12  Mr. Singh said he did not have time to do it then.  Mr. Singh

13  took the copies with him when he left and promised that he would

14  provide copies of all the papers when he came over to explain

15  the papers to them.  Mr. and Mrs. Nand have difficulty reading

16  in the English language and because Mr. Singh urged the signing

17  without explanation, and because they trusted Mr. Singh due to

18  their longtime friendship, they did not insist on reading the

19  documents at the time they signed them before the notary public.

20  The documents were voluminous and plaintiffs would not have

21  recognized the important features to read within so much

22  material.  They relied on their belief that Mr. Singh, their

23  real estate agent as he represented himself to be, was looking

24  out for their best interests, that he had procured the loans as

25  he had represented them to be, and that his expertise in real

26  estate transactions could be relied on.  At no time did Mr.

27  Singh give an explanation to plaintiffs the content or

28  importance of any of the documents in the stack of documents

1  presented for signature.

2      19.  Neither defendant Singh, defendant Twomey, nor

3  defendant Smith at any time provided loan document copies to

4  plaintiffs for either the Ranker Place refinance or the Del

5  Vista Circle refinance.

6      20.  Plaintiffs had no knowledge during the pendency of the

7  three transactions that defendant Scott Richard Smith was the

8  broker in the transactions.  At times defendant Jeffrey Twomey

9  accompanied Angat Singh when he met with plaintiffs during the

10  transactions, but defendant Jeffrey Twomey never informed

11  plaintiffs that defendant Angat Singh was not licensed with the

12  Real Estate Department.  Defendant Jeffrey Twomey never informed

13  plaintiffs that defendant Scott Richard Smith was the broker who

14  had the responsibility to supervise defendant Jeffrey Twomey as

15  his salesman.  Plaintiffs had no knowledge during the pendency

16  of the three transactions that Jeffrey Twomey was only a

17  licensed salesman working for defendant Scott Richard Smith or

18  that Angat Singh had no license to arrange secured loans.

19      21.  On July 14, 2006, and July 17, 2006 the Ranker Place

20  and the Del Vista transactions closed.  In both transactions,

21  plaintiffs had not received the documents permitting them to

22  rescind within three days of execution.

23      22.  In August, 2006, plaintiffs had to request copies of

24  the loan documents from the title company, Commonwealth Land

25  Title Company in Pacifica, California, because defendants had

26  not given copies to plaintiffs as promised by Angat Singh.

27  After requesting a family member to assist plaintiffs to read

28  the documents, plaintiffs learned the following with respect to

Exhibit B
Page36

1   the Ranker Place transaction: There were not one, but two loans
2   with the same secondary lender, GreenPoint Mortgage funding,
3   Inc.; both loans have adjustable rate interest provisions; by
4   the time the first payment came due on the first loan on
5   September 5, 2006, the plaintiffs were notified that interest
6   would increase from 3% to 8.125% and the index rate would
7   increase from 4.43200 to 4.56333 on October 1, 2006; the second
8   loan from the same secondary lender is adjustable, began at an
9   interest rate of 9.5% with a cap of 18%; plaintiffs paid
10  commissions to defendant Scott Richard Smith, dba Mortgagenet in
11  the sum of $18,643.75, represented as $10,286.25 paid directly
12  through escrow and $6,857.50 advanced by the lender as a yield
13  spread premium (rebate of 1% charged to plaintiffs as a higher
14  interest rate); that Scott Richard Smith, dba Mortgagenet
15  charged additional fees of $1,500.00 through escrow, including
16  an "Administrative Fee"; that $70,998.43 from the equity in the
17  Del Vista Circle property was given to the Ranker Place escrow
18  to cover the costs of obtaining the new loans; that the new
19  loans added principal debt of $24,805.59 to cover the costs
20  incurred in escrow; that the additional costs of obtaining the
21  loans paid in escrow, exclusive of the sums paid to Scott
22  Richard Smith, dba Mortgagenet, totaled $3,617.35; that the
23  original lender charged plaintiffs $24,018.75 as a prepayment
24  penalty; in three years the payments will increase to $5,227.81,
25  double what they currently are; that plaintiffs are burdened
26  with a new prepayment penalty provision binding them for three
27  years.   The new loans in every respect were not as represented
28  by defendant Singh, but are less beneficial and more costly to

Exhibit B
Page37

1  plaintiffs.

2      23.  When plaintiffs ultimately received and reviewed the

3  loan papers on Ranker Place, they learned that defendants Scott

4  Richard Smith, dba Mortgagenet, Jeffrey Twomey, Angat Singh and

5  Does One through Twenty, had drafted and submitted a loan

6  application for both new loans, without conducting an interview,

7  without informing plaintiffs, and without obtaining plaintiffs'

8  signatures prior to submission.  The copies provided to

9  plaintiffs show that on the same day plaintiffs signed all the

10  loan documents for both loans, included in the documents was the

11  false loan application.  Plaintiffs' initials appear on two of

12  the three pages.  Plaintiffs' signatures do not appear on page

13  two, the page that falsely represents plaintiffs' income at

14  approximately two times their actual income. By defendants'

15  fraudulent actions, plaintiffs have been placed in a perilous

16  position relative to their lender, and could be subject to fines

17  and imprisonment.

18      24.  Plaintiffs were informed by defendant Singh that in

19  order to obtain refinancing on Ranker Place, they had to

20  refinance their four unit apartment house in Sacramento in order

21  to obtain the funds required for the Ranker Place escrow.

22  Defendant Singh represented that he would obtain a fine and

23  beneficial new loan for plaintiffs and certainly the new loan

24  would bear a fixed rate of interest.

25      25.  With respect to the Del Vista Circle refinance,

26  plaintiffs were required to seek copies after close of escrow

27  from the Commonwealth Title Company in Pacifica, California.

28  Plaintiff subsequently learned the following by comparison:

10

1   plaintiffs' original loan was with a conventional lender, Bank
2   of America.  Its terms was 30 years fixed at 6.013%, with a
3   principal balance of $213,212.43 and had no prepayment penalty.
4   The new loan, arranged by defendants had the following
5   characteristics: the new loan was from a secondary lender,
6   GreenPoint Mortgage, Inc.; it bears an adjustable interest, with
7   negative amortization and a cap of 12%; one month after the new
8   loan was funded, plaintiffs were given notice that the 2%
9   interest rate would increase to 8.125% the following month; the
10  principal balance is $113,188.00 more than the balance on the
11  Bank of America Loan; plaintiffs paid commissions to defendant
12  Scott Richard Smith, dba Mortgage Net in the sum of $7,752.00,
13  comprised of $4,896.00 paid directly from escrow and $2,856.00
14  as a yield spread advanced by the lender; the costs associated
15  with escrow for the refinance, exclusive of the broker's
16  commission, were $2,343.00; the refinance loan bears a
17  prepayment penalty; that defendants arranged for a loan in
18  excess of what was required, and $28,532.36 was returned to
19  plaintiffs, which they had not requested of defendant Singh.
20      26.  Plaintiffs discovered in the file provided by
21  Commonweath Title after close of escrow that defendants, either
22  one or all of them, without plaintiffs' knowledge or consent,
23  had submitted a loan application to the new lender.  The
24  application had never been presented to plaintiffs nor reviewed
25  by them.  The loan application, with false and fraudulent
26  information, was signed by plaintiffs at the same time
27  plaintiffs signed all the documents for the loans on Ranker
28  Place and Del Vista Circle.  The income page of the application

1   does not bear the signatures of plaintiffs.  The income stated

2   is more than twice the actual income of plaintiffs.  Plaintiffs

3   had no knowledge that defendants drafted and submitted a false

4   and fraudulent loan application to the lender in the refinance

5   transactions of Ranker Place and Del Vista Circle.  Defendants'

6   fraudulent actions have placed plaintiffs in a perilous position

7   with their lender, possibly subjecting them to fines and

8   imprisonment.

9   **FIRST CAUSE OF ACTION - Fraud**

10      27.  Plaintiffs incorporate all the allegations contained

11  in paragraphs 1 through 26 as though they were set out in this

12  first cause of action.

13      28.  Plaintiffs, upon information and belief, allege that

14  defendants Scott Richard Smith, dba Mortgage Net 2000, Angat

15  Singh, Jeffrey Twomey and Does 1 through 20, knew that

16  fraudulent loan applications were drafted and submitted to the

17  prospective lender on behalf of plaintiffs and knew and intended

18  that plaintiffs not be informed that such false and fraudulent

19  loan applications were prepared and submitted.

20      29.  Plaintiffs allege that all defendants, Scott Richard

21  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

22  Does 1 through 20, knew that Angat Singh is not a licensed real

23  estate broker or agent, that Angat Singh and Jeffrey Twomey are

24  not licensed real estate brokers, and that Angat Singh and

25  Jeffrey Twomey are agents and employees of Scott Richard Smith,

26  whose identity and existence were not revealed to plaintiffs.

27      30.  Plaintiffs allege that all defendants, Scott Richard

28  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

12

1  does not bear the signatures of plaintiffs.  The income stated

2  is more than twice the actual income of plaintiffs.  Plaintiffs

3  had no knowledge that defendants drafted and submitted a false

4  and fraudulent loan application to the lender in the refinance

5  transactions of Ranker Place and Del Vista Circle.  Defendants'

6  fraudulent actions have placed plaintiffs in a perilous position

7  with their lender, possibly subjecting them to fines and

8  imprisonment.

9  **FIRST CAUSE OF ACTION - Fraud**

10      27.  Plaintiffs incorporate all the allegations contained

11  in paragraphs 1 through 26 as though they were set out in this

12  first cause of action.

13      28.  Plaintiffs, upon information and belief, allege that

14  defendants Scott Richard Smith, dba Mortgage Net 2000, Angat

15  Singh, Jeffrey Twomey and Does 1 through 20, knew that

16  fraudulent loan applications were drafted and submitted to the

17  prospective lender on behalf of plaintiffs and knew and intended

18  that plaintiffs not be informed that such false and fraudulent

19  loan applications were prepared and submitted.

20      29.  Plaintiffs allege that all defendants, Scott Richard

21  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

22  Does 1 through 20, knew that Angat Singh is not a licensed real

23  estate broker or agent, that Angat Singh and Jeffrey Twomey are

24  not licensed real estate brokers, and that Angat Singh and

25  Jeffrey Twomey are agents and employees of Scott Richard Smith,

26  whose identity and existence were not revealed to plaintiffs.

27      30.  Plaintiffs allege that all defendants, Scott Richard

28  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

12

1  Does 1 through 20, knew that they could not and would not

2  arrange beneficial fixed interest rate loans for plaintiffs but

3  concealed that fact from plaintiffs and further concealed that

4  fact from plaintiffs at the time of close of escrow and

5  thereafter.

6      31.  Plaintiffs allege that all defendants, Scott Richard

7  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

8  Does 1 through 20, knew that plaintiffs would not be capable of

9  making the monthly payments of the adjustable rate mortgages

10  arranged by defendants for them, but failed at all times to so

11  inform plaintiffs that they should not accept the loans offered

12  by defendants.

13      32.  Plaintiffs allege that all defendants, Scott Richard

14  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

15  Does 1 through 20, knew that no explanation was given to

16  plaintiffs with respect to the contents of any of the four loans

17  arranged by defendants, knew that by not leaving copies with

18  plaintiffs of the Ranker Place and Del Vista loan transactions,

19  that plaintiffs would not and could not discover on their own

20  that the loans were bad for plaintiffs, and that had they known,

21  plaintiffs would have refused to accept the loans, thus

22  depriving defendants of their commissions.

23      33.  Plaintiffs allege that all defendants, Scott Richard

24  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

25  Does 1 through 20, knew that in secured transactions, such as

26  the four loans arranged by defendants, that plaintiffs were

27  entitled by law to receive instructions and a form giving them

28  the right to rescind the contracts for a period of three days

Exhibit B
Page42

1  following execution.  Plaintiffs allege that defendants intended
2  to keep the documents and information from plaintiffs so they
3  would not cancel the transactions as they had a legal right to
4  do and which they should have done in their best interests.

5      34.  All of the acts alleged herein, particularly in
6  paragraphs 26 through 33 herein were unknown by plaintiffs
7  during the pendency of the transaction and they relied upon
8  defendants to tell them the truth and to reveal all information
9  to plaintiffs that was necessary for their decisions.

10      35.  All of the acts alleged herein, particularly in
11  paragraphs 26 through 33 constitute intentional fraud,
12  fraudulent inducement, active concealment,  misrepresentation,
13  and misrepresentation by omission on the part of defendants, and
14  all of them.

15      36.  As a consequence of the intentional fraud,
16  misrepresentation, fraudulent inducement, active concealment,
17  and misrepresentation by omission committed by defendants, and
18  all of them, plaintiffs have suffered damages, as hereinafter
19  set forth and to be proven at trial.

20      37.  As a proximate result of the wrongful acts herein
21  alleged, plaintiffs have been generally damaged, including but
22  not limited to emotional damage in an amount to be proven at
23  trial.

24      38.  As a proximate result of the wrongful acts herein
25  alleged, plaintiffs have suffered out of pocket damages in the
26  sum of $73,141.97, representing commissions paid to defendants,
27  costs connected with escrow, and a prepayment penalty.

28      39.  As a further proximate result of the wrongful acts

1   herein alleged, plaintiffs continue to suffer out of pocket

2   damages in a sum that cannot be calculated with certainty until

3   the date of trial, comprised of costs to replace the loans

4   arranged by defendants, loss on possible sales of the

5   properties, interest payment differential, and possibly loss of

6   the properties, or some of them, to foreclosure since plaintiffs

7   cannot keep up with the payments represented in the loans

8   arranged by defendants, all in sums equal to or in excess of

9   $100,000.00.

10      40.  In doing the things herein alleged, defendants acted

11  with malice, oppression, and fraud as defined under Civ. Code §

12  3294(c) , e.g., willfully and with the intent to cause injury to

13  the plaintiffs. Defendants were therefore guilty of malice,

14  oppression and fraud in conscious disregard of plaintiffs'

15  rights, thereby warranting an assessment of punitive damages in

16  an amount appropriate to punish defendants and deter others from

17  engaging in similar misconduct.

18      WHEREFORE, plaintiffs pray judgment against defendants, and

19  each of them, as hereinafter set forth:

20  **SECOND CAUSE OF ACTION - Conspiracy to Commit Fraud**

21      41.  Plaintiffs incorporate all the allegations contained

22  in paragraphs 1 through 37, as though those allegations were set

23  forth in this cause of action.

24      42. Beginning on or about March, 2006 and continuing

25  through close of escrow of the four loans arranged by defendants

26  for plaintiffs, defendants Scott Richard Smith, dba Mortgage Net

27  2000, Jeffrey Twomey, Angat Singh, and Does One through Twenty,

28  knowingly and willfully conspired and agreed among themselves to

Exhibit B
Page44

1   commit the acts set forth specifically in paragraphs 26 through
2   33 of the fraud cause of action.
3       43.  When defendants, and each of them, committed the
4   tortious acts specified in paragraphs 26 through 33, injury was
5   caused thereby to plaintiffs.
6       44. Defendants, and each of them, did the acts and things
7   herein alleged pursuant to, and furtherance of, the conspiracy
8   and above-alleged agreement.
9       45.  Defendants, and each of them furthered the conspiracy
10  by cooperation with or lent aid and encouragement to or ratified
11  and adopted the acts of each of the other defendants, in that
12  none of the defendants corrected the wrongs by informing
13  plaintiffs of the acts, omissions, misrepresentations, or
14  concealments committed directly by each other co-conspirator.
15      46. Plaintiffs are informed and believe and thereon allege
16  that the last overt act in pursuance of the above-described
17  conspiracy occurred on or about July 10, 2006 when defendants
18  Singh and Twomey permitted plaintiffs to sign portions of the
19  fraudulent loan applications, failed to leave copies of all the
20  documents constituting the loan packages for three loans on two
21  properties, failed to describe and explain the documents they
22  requested plaintiffs to sign, failed to explain plaintiffs'
23  right to rescind or to provide the form plaintiffs would need in
24  order to rescind, and by their failure to inform plaintiffs that
25  defendant Singh was unlicensed, that defendant Twomey was only a
26  sales agent, that all the loans arranged had adjustable interest
27  rates and prepayment penalties, and that both Singh and Twomey
28  worked for an undisclosed broker, defendant Scott Richard Smith.

**Exhibit B**
**Page45**

47. As a proximate result of the wrongful acts herein alleged, plaintiffs have been generally damaged, including but not limited to emotional damage, in a sum to be proven at trial.

48. As a proximate result of the wrongful acts herein alleged, plaintiffs have suffered out of pocket damages in the sum of $73,141.97, representing commissions paid to defendants, costs connected with escrow, and a prepayment penalty.

49. As a further proximate result of the wrongful acts herein alleged, plaintiffs continue to suffer out of pocket damages in a sum that cannot be calculated with certainty until the date of trial, comprised of costs to replace the loans arranged by defendants, loss on possible sales of the properties, interest payment differential, and possibly loss of the properties, or some of them, to foreclosure since plaintiffs cannot keep up with the payments represented in the loans arranged by defendants, all in a sum equal to or in excess of $100,000.00.

50. In doing the things herein alleged, defendants acted with malice, oppression, and fraud as defined under Civ. Code § 3294(c) , e.g., willfully and with the intent to cause injury to the plaintiffs. Defendants were therefore guilty of malice, oppression and fraud in conscious disregard of plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them as hereinafter set forth.

**THIRD CAUSE OF ACTION - Professional Negligence**

Exhibit B
Page46

51.  Plaintiffs reallege and incorporate all the
allegations contained in paragraphs 1 through 50 as though they
were fully set forth in this cause of action for Professional
Negligence.

52.  Defendant Scott Richard Smith, dba Mortgage Net 2000,
is a licensed California real estate broker, who had a sales
agent Jeffrey Twomey and a non-licensee Angat Singh working as
his agent to solicit and negotiate mortgage loans.  As the
broker, defendant Scott Richard Smith had a duty to supervise
his employees and agents.  As a further element of duty,
defendant Scott Richard Smith was professionally obligated to
hire only licensed agents to perform the duties for which a real
estate license is required.

53.  Defendant Scott Richard Smith, dba Mortgage Net 2000,
violated his professional duty to plaintiffs as a licensed real
estate broker by hiring a non-licensed person, defendant Angat
Singh, to perform the duties for which a license is required.
As the supervising broker, defendant Scott Richard Smith is
responsible for the tortious and unprofessional acts of his
licensed agent and his unlicensed agent for harm caused to
plaintiffs by their acts.

54.  Defendant Scott Richard Smith and his licensed agent
Jeffrey Twomey and his unlicensed agent Angat Singh, had a
professional duty to disclose, in a timely and specified manner,
the estimated costs to procure the loan, including the fees and
commissions to be paid to the broker, as mandated in the Real
Estate Department Regulations, Title 10, Chapter 6, §2840 and
2840.1 and Business and Professions Code §10240.

Exhibit B
Page47

55.    Defendant Scott Richard Smith and his licensed agent Jeffrey Twomey and his unlicensed agent Angat Singh not only failed to make timely disclosures as required as alleged in paragraph 53, they failed to give disclosures to plaintiffs at any time, except as specified in the closing documents but not left with plaintiffs as to the loans on Ranker Place and Del Vista Circle.

56.    By drafting and submitting fraudulent loan applications for plaintiffs without the knowledge and consent of plaintiffs, defendants, and all of them violated 18 USC 1001, et seq.

57.    By charging plaintiffs fees in escrow and by charging fees in excess of what was expended, which plaintiffs allege upon information and belief, defendants and each of them, violated Real Estate Regulations, Title 10, Chapter 6, §2843.

58.    By defendants' acts of failure to disclose, failure to inform plaintiffs of their rescission rights, failure to inform plaintiffs that all the loans arranged by defendants for plaintiffs were less beneficial than their existing loans, failure to inform plaintiffs that they were contracting for prepayment penalties and adjustable rate mortgages contrary to their promises and plaintiffs' request, failure to provide copies of loan documents for the Ranker Place and Del Vista transactions, and their submission of false and fraudulent loan applications on behalf of plaintiffs without plaintiffs' knowledge and consent, defendants breached their duty to be honest and truthful as mandated by Business & Professions Code 10152, 10176(a)-(c), 10176(a)-(c) and Civil Code 2079.6 and

Exhibit B
Page48

1    their duty to disclose, as mandated by Civil Code 2079-2079.6.

2        59.  In all instances of professional negligence as set

3    forth in paragraphs 52 through 58 herein, which list is not

4    inclusive, defendant caused damages to plaintiffs.

5        60.  As a proximate result of the wrongful acts herein

6    alleged, plaintiffs have been generally damaged, including but

7    not limited to emotional damage, in a sum to be proven at trial.

8        61.  As a proximate result of the wrongful acts herein

9    alleged, plaintiffs have suffered out of pocket damages in the

10   sum of $73,141.97, representing commissions paid to defendants,

11   costs connected with escrow, and a prepayment penalty.

12       62.  As a further proximate result of the wrongful acts

13   herein alleged, plaintiffs continue to suffer out of pocket

14   damages in a sum that cannot be calculated with certainty until

15   the date of trial, comprised of costs to replace the loans

16   arranged by defendants, loss on possible sales of the

17   properties, interest payment differential, and possibly loss of

18   the properties, or some of them, to foreclosure since plaintiffs

19   cannot keep up with the payments represented in the loans

20   arranged by defendants, but in no event in a sum less than

21   $100,000.00.

22       WHEREFORE, plaintiffs pray for judgment against defendants,

23   and each of them, as hereinafter set forth.

24   **FOURTH CAUSE OF ACTION - Breach of Fiduciary Duty**

25       63.  Plaintiffs incorporate all the allegations contained

26   in paragraphs 1 through 62 as though they were fully set forth

27   in this cause of action.

28       64.  Defendants Scott Richard Smith, dba Mortgagenet 2000,

Exhibit B
Page49

1  Jeffrey Twomey, Angat Singh and Does 1 through 20, accepted the

2  responsibility to act as plaintiffs' agents to negotiate and

3  procure a series of secured loans.  As plaintiffs' agents,

4  defendants, and each of them, are bound to the duties of a

5  fiduciary to his principal.  Defendants, as fiduciaries owed

6  plaintiffs undivided service and loyalty.  Defendants had a duty

7  to treat their principals' affairs with the same standard of

8  care as that of a trustee; to make the fullest disclosure of all

9  material facts concerning the transaction that might affect the

10  principals' decision; and to use the utmost care, integrity,

11  honesty and loyalty in dealings with their principals.

12      65.  Defendants Scott Richard Smith, dba Mortgagenet 2000,

13  Jeffrey Twomey, Angat Singh and Does 1 through 20, breached

14  their duties to plaintiffs by the following, non-inclusive, list

15  of acts: by promising to obtain fixed interest loans and not

16  revealing that the loans obtained were, in fact, adjustable rate

17  mortgages with prepayment penalties; by failure to disclose the

18  broker's fees and commissions in a timely manner, or at all; by

19  permitting a non-licensee to negotiate the loans and perform

20  other acts for which a license is required without disclosing

21  the identity of the broker fiduciary; by failure to discuss,

22  explain and leave plaintiff copies of the loan documents; by

23  failure to disclose to plaintiffs their right to rescind; by

24  submitting fraudulent and false loan applications without

25  plaintiffs' knowledge; by placing plaintiffs in a difficult

26  financial situation for permitting plaintiffs to give up

27  beneficial loans on good terms to obtain loans at adjustable,

28  higher interest rates and prepayment penalties.

Exhibit B
Page50

67.  Plaintiffs relied on defendants Singh and Twomey's fulfillment of their fiduciaries because defendant Singh was a close friend and plaintiffs trusted him.

68.  As a proximate result of the wrongful acts herein alleged, plaintiffs have been generally damaged, including but not limited to emotional damage, in a sum to be proven at trial.

69.  As a proximate result of the wrongful acts herein alleged, plaintiffs have suffered out of pocket damages in the sum of $73,141.97, representing commissions paid to defendants, costs connected with escrow, and a prepayment penalty.

70.  As a further proximate result of the wrongful acts herein alleged, plaintiffs continue to suffer out of pocket damages in a sum that cannot be calculated with certainty until the date of trial, comprised of costs to replace the loans arranged by defendants, loss on possible sales of the properties, interest payment differential, and possibly loss of the properties, or some of them, to foreclosure since plaintiffs cannot keep up with the payments represented in the loans arranged by defendants, in a sum at least equal to or in excess of $100,000.00.

71.  In doing the things herein alleged, defendants acted with malice, oppression, and fraud as defined under Civ. Code § 3294(c) , e.g., willfully and with the intent to cause injury to the plaintiffs. Defendants were therefore guilty of malice, oppression and fraud in conscious disregard of plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct.

1    WHEREFORE, plaintiffs pray for judgment against defendants,

2  on all causes of action, as follows:

3    1.   For general damages, including emotional damages in a

4  sum to be proven at trial;

5    2.   For $73,141.97, as special damages incurred to date the

6  escrows closed, and prejudgment interest on that sum;

7    3.   For special damages that will be incurred after close

8  of escrow to the date of trial and beyond that cannot be

9  ascertained at this time, but will represent interest paid on

10  the new loans over what would have been paid on plaintiff's pre-

11  existing loans; losses incurred on hasty sale or foreclosure of

12  the properties, and other consequential damages according to

13  proof, in a sum at least equal to or in excess of $100,000.00;

14    4.   For costs of suit herein incurred; and

15    5.   For such other and further relief as the Court deems

16  appropriate.

17  ON THE FIRST, SECOND AND FOURTH CAUSES OF ACTION

18    6.   For exemplary or punitive damages

19  Dated: January 16, 2007

20

21

22  Linda L. Mallette, Attorney for
    Plaintiffs Daya Nand and Shri Mati
23  Nand

24

25

26

27

28

Exhibit B
Page52

1
2
3                    <u>VERIFICATION</u>
4
5        I, Daya Nand, am one of the plaintiffs in the above-entitled
6    action.   I have read the foregoing First Amended Complaint for
7    Damages, and know the contents thereof.   The same is true of my
8    own knowledge, except as to those matters which are therein
9    alleged on information and belief, and as to those matters, I
10   believe it to be true.
11        I declare under penalty of perjury under the laws of the
12   State of California that the foregoing is true and correct.
13
14
15   Dated: January 10, 2007
16                                          _____
                                            Daya Nand
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3                              VERIFICATION

4

5        I, Shri Mati, am one of the plaintiffs in the above-entitled

6   action.   I have read the foregoing First Amended Complaint for

7   Damages, and know the contents thereof.   The same is true of my

8   own knowledge, except as to those matters which are therein

9   alleged on information and belief, and as to those matters, I

10  believe it to be true.

11       I declare under penalty of perjury under the laws of the

12  State of California that the foregoing is true and correct.

13

14

15  Dated: January 10, 2007

16                                       Shri Mati

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

1

2       I am over the age of eighteen years and not a party to the
within entitled action.  I reside in the County of San Mateo,
3   California.  My business address is 2046 Fairmont Drive, San
Mateo, California.

4
        I served a true copy of the attached document(s) on the
5   person(s) listed below by:

6       [  ]   Personally delivering a true copy thereof.

7       [  ]   Telecopied via facsimile.

8       [  ]   Served by courier service.

9       [  ]   Sent via overnight delivery.

10      [ X ]  Placing a true copy, enclosed in a sealed envelope
with postage fully prepaid, in the United States mail at San
11  Mateo, California.

12  A.  Date of mailing: January 16, 2007

13  B.  Exact Title of Document(s) Served: FIRST AMENDED COMPLAINT
FOR DAMAGES FOR FRAUD; CONSPIRACY TO COMMIT FRAUD;
14  PROFESSIONAL NEGLIGENCE; AND FOR BREACH OF FIDUCIATY DUTY

15  C.  Addressed as Follows:

16  PAUL J. SMOOT, ESQ.
ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
17  400 South El Camino Real, Suite 700
San Mateo, California 94402

18
        I declare under penalty of perjury, under the laws of the
19  State of California that the foregoing is true and correct.
This declaration is executed on January 16, 2007, at San Mateo,
20  CA.

21

22                              _Linda L. Mallette_
                                LINDA L. MALLETTE

23

24

25

26

27

28

EXHIBIT C

LINDA L. MALLETTE, ESQ. St. Bar #104669
DOMINICK R. LIBONATI, ESQ. St. Bar #111738
Law Offices
MALLETTE & LIBONATI
2046 Fairmont Drive
San Mateo, CA  94402
(650) 347-5400

Attorneys for Plaintiffs
Daya Nand and Shri Mati

F I L E D
ALAMEDA COUNTY

MAR 0 5 2008

CLERK OF THE SUPERIOR COURT
By_____
Deputy

COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA, HAYWARD DIVISION

DAYA NAND and SHRI MATI,

   Plaintiffs,

vs.

SCOTT RICHARD SMITH, dba
MORTGAGENET 2000, JEFFREY
JAMES TWOMEY, an
individual; ANGAD SINGH,
an individual, GREENPOINT
MORTGAGE FUNDING, INC.;
WORLD SAVINGS, aka
WACHOVIA; GMAC MORTGAGE
CORPORATION, and DOES
FOUR through TWENTY,
inclusive,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO.  HG006295167

SECOND AMENDED COMPLAINT
FOR DAMAGES FOR FRAUD
AGAINST SCOTT RICHARD
SMITH, JEFFREY JAMES TWOMEY
AND ANGAD SINGH; CONSPIRACY
TO COMMIT FRAUD AGAINST ALL
DEFENDANTS; PROFESSIONAL
NEGLIGENCE; AND FOR BREACH
OF FIDUCIARY DUTY AGAINST
SCOTT RICHARD SMITH, dba
MORTGAGENET 2000, JEFFREY
JAMES TWOMEY and ANGAD
SINGH; AND FOR DAMAGES FOR
GROSS NEGLIGENCE, FRAUD AND
RESCISSION AGAINST
GREENPOINT MORTGAGE
LENDING, INC., WORLD
SAVINGS, AND GMAC MORTGAGE
CORPORATION; AND FOR
ACCOUNTING AND BREACH OF
CONTRACT AGAINST GMAC
MORTGAGE CORPORATION

1

Exhibit C
Page 56

Plaintiffs allege:

**FACTS APPLICABLE TO ALL CAUSES OF ACTION**

1.   Plaintiffs are, and at all times relevant to this action, were residents of Hayward, Alameda County, California and are husband and wife.

2.   Two of the three parcels of residential real property that are subject of this action are located in Hayward, Alameda County, California and those relevant contracts were executed in Hayward, Alameda County, California.

3.   Defendant Scott Richard Smith is a licensed real estate broker doing business under the fictitious name of MORTGAGENET 2000, whose principal place of business is in Gilroy, California.

4.   Defendant Jeffrey James Twomey is a licensed real estate sales agent employed by defendant Scott Richard Smith, whose residence is in San Mateo County, California.

5.   Defendant Angat Singh is an unlicensed individual who solicited the subject loans for and on behalf of defendant Scott Richard Smith, whose residence is in San Mateo County, California.

6.   Plaintiffs are ignorant of the true names and capacities of defendants sued in this complaint as DOES 1-20, inclusive, and therefore sue these defendants by these fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages as

2

Exhibit C
Page 57

1    herein alleged were proximately caused by such defendants.

2          7.  Plaintiffs are informed and believe, and on the basis

3    of that information and belief allege, that at all times

4    mentioned in this complaint, defendants Jeffrey James Twomey,

5    Angad Singh and Does One through Twenty were the agents and

6    employees of each other and were the agents of defendant Scott

7    Richard Smith, and were acting within the course and scope of

8    that agency and employment in doing the acts complained of

9    herein.  Moreover, defendants World Savings, GreenPoint Mortgage

10   and GMAC Mortgage Corporation, as assignee of two of the loans

11   that are the subject of this complaint, appointed defendants

12   Scott Richard Smith and Jeffrey James Twomey as their agents to

13   perform required duties to plaintiffs as borrowers and

14   principals.

15         8.  On or about March 20, 2006, plaintiff Daya Nand was

16   informed by defendant Angat Singh, a co-worker and friend of

17   plaintiff's for seven years, that he had a mortgage brokerage

18   office of his own and offered to obtain a new loan on

19   plaintiffs' home.  Defendant Singh represented to plaintiffs

20   that he could obtain a much better loan for plaintiffs,

21   particularly that the new loan would be at a fixed interest

22   rate.  Plaintiffs, who were concerned because their mortgage was

23   an adjustable loan, agreed to Mr. Singh's suggestion and hired

24   him to arrange a new loan at a fixed interest rate.  The address

25   is 27324 Capri Avenue, Hayward, California.

26         9.  At no time during the three transactions that are the

27   subject of this lawsuit did Angat Singh inform plaintiffs that

28   he was not a real estate licensee.  In fact, when plaintiff Daya

Exhibit C
Page 58

1  Nand asked Angat Singh if he had a real estate license, Mr.

2  Singh said that yes, he was licensed.  Plaintiff Daya Nand

3  trusted Angat Singe because of their seven year relationship and

4  had no reason not to believe Angat Singh's representation that

5  he was licensed to negotiate secured loans, that he had his own

6  brokerage office with three employees, and that he would obtain

7  a good, fixed interest loan that would save plaintiffs a lot of

8  money.

9       10.  Subsequent to March 20, 2006, defendant Angat Singh

10 negotiated a new loan with World Savings, the same lender who

11 held the purchase money mortgage being paid off and replaced.

12 When loan papers were prepared, defendant Angat Singh called

13 Daya Nand to make an appoint for plaintiffs to sign the loan

14 documents at Mr. Singh's Baskin-Robbins store in Foster City.

15 In that conversation, Mr. Singh said "Everything is o.k.  I've

16 saved you a lot of money.  What you wanted I have gotten for

17 you."  Mr. and Mrs. Nand arrived at the meeting at Baskin-

18 Robbins and sat at a table to wait for the notary public.  When

19 the notary arrived, Mr. Singh came from behind his counter and

20 sat with them.  Mr. Singh told plaintiffs, "Just sign the papers

21 now and I will explain everything to you later."  When the

22 papers were signed and the notary departed, Mr. Nand asked Mr.

23 Singh to explain the papers they had signed.  Mr. Singh said,

24 "I'm so busy now.  People are waiting.  I will come later to

25 your home to explain everything to you.  I will save you even

26 more money by explaining how you can make payments every two

27 weeks."  Mr. Singh gave plaintiffs a copy of the loan papers

28 before they left the meeting.  All of Mr. Singh's words to

Exhibit C
Page 59

4

1 plaintiffs were in Hindi.

2   11.  On or about May 16, 2006, escrow closed through First

3 American Title Company.  Subsequently, but not until

4 approximately August, 2006, plaintiffs learned that they could

5 have negotiated a new loan with their lender, World Savings,

6 without the benefit of a mortgage broker, so long as they were

7 willing to accept another loan of equal or greater amount, with

8 an adjustable rate and prepayment penalty and a margin equal to

9 or greater than the margin of the existing loan.

10   12.  After close of escrow on May 16, 2006, plaintiffs paid

11 their loan installments, beginning in July, for approximately

12 three months, at which time they requested a family member to

13 read their loan papers for all three loans.  They then learned

14 that the new loan on their home was not fixed as represented to

15 them by Angat Singh, but adjustable, was a greater amount than

16 the purchase money loan, had a greater margin than the purchase

17 money loan, and a new three year prepayment penalty.  The sum of

18 $11,200.87 was wired to plaintiffs' bank account representing

19 the excess proceeds over expenses, and plaintiffs had not

20 requested that any sum whatsoever be loaned to them above the

21 costs to obtain a new fixed rate loan.  Plaintiffs paid a total

22 commission to Mortgage Net the sum of $11,390.00, of which

23 $8,280.00 was in the form of a yield spread advanced by the

24 lender.  Plaintiffs paid $3,364.12 for the charges, including

25 escrow fee and title insurance, to refinance their home.

26   13.  Plaintiffs have a new loan on their home that is in

27 every way less beneficial to them than the 30 year loan

28 originally placed as a purchase money loan by the same lender.

Exhibit C
Page 60

14.   On or about June, 2006, defendant Angat Singh
solicited plaintiffs to provide them a new loan on their
commercial investment property in Hayward, California, 459
Ranker Place.   Again, Mr. Singh represented to plaintiffs that
they should refinance their Ranker Place property to have a
fixed rate loan.   Mr. Singh represented to plaintiffs that he
would arrange a very beneficial loan for them.   Plaintiffs
agreed to refinance with Mr. Singh.   At the time the refinancing
was agreed, plaintiffs had a first and second loan on the
property.   The first loan had an adjustable interest rate that
plaintiffs desired to pay off in favor of a fixed interest rate
loan.   Defendant Singh represented to plaintiffs that one loan
would replace the two loans that existed at the time of the
refinance.

15.   During the pendency of the loan transaction, Mr. Singh
informed plaintiffs that they would have to refinance their
Sacramento property and obtain funds from the refinance in order
cover the expenses of the Ranker refinance.   Plaintiffs a
residential duplex with Mr. Singh to refinance their Sacramento
property, 86-88 Del Vista Circle, Sacramento, California.

16.   Neither Mr. Singh nor Mr. Twomey obtained information
from plaintiffs to complete a loan application for any of the
three loans.   There was no mention at any time of The Ranker
Place and the Del Vista transactions that a loan application was
or would be submitted on behalf of plaintiffs.

17.   No loan disclosure was provided to plaintiffs by any
of the defendants for any of the three transactions.

18.   On July 10, 2006, defendants Singh and Twomey came to

Exhibit C
Page 61

1    plaintiffs' home by arrangement made by defendant Singh with
2    plaintiff Daya Nand.  It was arranged that a notary public would
3    arrive.  For approximately a half hour, they talked about work
4    and jobs.  Mr. Singh had a suggestion about a new job for Mr.
5    Nand and promised to help him get a new job.  The notary public
6    arrived with the loan papers.  Mr. Singh said before they signed
7    the papers that he would explain everything about the papers
8    later.  When the notary requested if they were ready to sign,
9    Mr. Singh said with a gesture of his head, "Go ahead."  The
10   notary turned the pages of both loan transactions and indicated
11   to Mr. and Mrs. Nand where they were to sign.  When they had
12   completed signing, the notary asked if Mr. and Mrs. Nand had any
13   questions.  Mr. Singh answered, "Everything's ok."  The notary
14   took the original papers and left.  He gave copies to Mr. Singh.
15   Within three minutes after the notary left, Mr. Singh indicated
16   that he and his friend had somewhere else to go.  At the door
17   Mr. Singh said his friend and he worked together and his friend
18   would help with the new job.  Mr. Twomey said he would speak to
19   his manager about the job.  Neither Mr. Twomey nor Mr. Singh
20   ever told plaintiffs that Mr. Twomey was a real estate licensee
21   who was involved with these transactions.  Mr. Singh only
22   referred to Mr. Twomey as "his friend" when they arrived at the
23   house.  Mr. Nand asked Mr. Singh to go through the papers, but
24   Mr. Singh said he did not have time to do it then.  Mr. Singh
25   took the copies with him when he left and promised that he would
26   provide copies of all the papers when he came over to explain
27   the papers to them.  Mr. and Mrs. Nand have difficulty reading
28   in the English language and because Mr. Singh urged the signing

Exhibit C
Page 62

1   without explanation, and because they trusted Mr. Singh due to
2   their longtime friendship, they did not insist on reading the
3   documents at the time they signed them before the notary public.
4   The documents were voluminous and plaintiffs would not have
5   recognized the important features to read within so much
6   material.  They relied on their belief that Mr. Singh, their
7   real estate agent as he represented himself to be, was looking
8   out for their best interests, that he had procured the loans as
9   he had represented them to be, and that his expertise in real
10  estate transactions could be relied on.  At no time did Mr.
11  Singh give an explanation to plaintiffs the content or
12  importance of any of the documents in the stack of documents
13  presented for signature.
14      19.  Neither defendant Singh, defendant Twomey, nor
15  defendant Smith at any time provided loan document copies to
16  plaintiffs for either the Ranker Place refinance or the Del
17  Vista Circle refinance.
18      20.  Plaintiffs had no knowledge during the pendency of the
19  three transactions that defendant Scott Richard Smith was the
20  broker in the transactions.  At times defendant Jeffrey Twomey
21  accompanied Angat Singh when he met with plaintiffs during the
22  transactions, but defendant Jeffrey Twomey never informed
23  plaintiffs that defendant Angat Singh was not licensed with the
24  Real Estate Department.  Defendant Jeffrey Twomey never informed
25  plaintiffs that defendant Scott Richard Smith was the broker who
26  had the responsibility to supervise defendant Jeffrey Twomey as
27  his salesman.  Plaintiffs had no knowledge during the pendency
28  of the three transactions that Jeffrey Twomey was only a

Exhibit C
Page 63

8

1  licensed salesman working for defendant Scott Richard Smith or

2  that Angat Singh had no license to arrange secured loans.

3      21.  On July 14, 2006, and July 17, 2006 the Ranker Place

4  and the Del Vista transactions closed.  In both transactions,

5  plaintiffs had not received the documents permitting them to

6  rescind within three days of execution.

7      22.  In August, 2006, plaintiffs had to request copies of

8  the loan documents from the title company, Commonwealth Land

9  Title Company in Pacifica, California, because defendants had

10 not given copies to plaintiffs as promised by Angat Singh.

11 After requesting a family member to assist plaintiffs to read

12 the documents, plaintiffs learned the following with respect to

13 the Ranker Place transaction: There were not one, but two loans

14 with the same secondary lender, GreenPoint Mortgage funding,

15 Inc.; both loans have adjustable rate interest provisions; by

16 the time the first payment came due on the first loan on

17 September 5, 2006, the plaintiffs were notified that interest

18 would increase from 3% to 8.125% and the index rate would

19 increase from 4.43200 to 4.56333 on October 1, 2006; the second

20 loan from the same secondary lender is adjustable, began at an

21 interest rate of 9.5% with a cap of 18%; plaintiffs paid

22 commissions to defendant Scott Richard Smith, dba Mortgagenet in

23 the sum of $18,643.75, represented as $10,286.25 paid directly

24 through escrow and $6,857.50 advanced by the lender as a yield

25 spread premium (rebate of 1% charged to plaintiffs as a higher

26 interest rate); that Scott Richard Smith, dba Mortgagenet

27 charged additional fees of $1,500.00 through escrow, including

28 an "Administrative Fee"; that $70,998.43 from the equity in the

9

Exhibit C
Page 64

1   Del Vista Circle property was given to the Ranker Place escrow

2   to cover the costs of obtaining the new loans; that the new

3   loans added principal debt of $24,805.59 to cover the costs

4   incurred in escrow; that the additional costs of obtaining the

5   loans paid in escrow, exclusive of the sums paid to Scott

6   Richard Smith, dba Mortgagenet, totaled $3,617.35; that the

7   original lender charged plaintiffs $24,018.75 as a prepayment

8   penalty; in three years the payments will increase to $5,227.81,

9   double what they currently are; that plaintiffs are burdened

10  with a new prepayment penalty provision binding them for three

11  years.  The new loans in every respect were not as represented

12  by defendant Singh, but are less beneficial and more costly to

13  plaintiffs.

14        23.  When plaintiffs ultimately received and reviewed the

15  loan papers on Ranker Place, they learned that defendants Scott

16  Richard Smith, dba Mortgagenet, Jeffrey Twomey, Angat Singh and

17  Does One through Twenty, had drafted and submitted a loan

18  application for both new loans, without conducting an interview,

19  without informing plaintiffs, and without obtaining plaintiffs'

20  signatures prior to submission.  The copies provided to

21  plaintiffs show that on the same day plaintiffs signed all the

22  loan documents for both loans, included in the documents was the

23  false loan application.  Plaintiffs' initials appear on two of

24  the three pages.  Plaintiffs' signatures do not appear on page

25  two, the page that falsely represents plaintiffs' income at

26  approximately two times their actual income. By defendants'

27  fraudulent actions, plaintiffs have been placed in a perilous

28  position relative to their lender, and could be subject to fines

Exhibit C
Page 65

10

1  and imprisonment.

2     24.  Plaintiffs were informed by defendant Singh that in

3  order to obtain refinancing on Ranker Place, they had to

4  refinance their four unit apartment house in Sacramento in order

5  to obtain the funds required for the Ranker Place escrow.

6  Defendant Singh represented that he would obtain a fine and

7  beneficial new loan for plaintiffs and certainly the new loan

8  would bear a fixed rate of interest.

9     25.  With respect to the Del Vista Circle refinance,

10  plaintiffs were required to seek copies after close of escrow

11  from the Commonwealth Title Company in Pacifica, California.

12  Plaintiff subsequently learned the following by comparison:

13  plaintiffs' original loan was with a conventional lender, Bank

14  of America.  Its terms was 30 years fixed at 6.013%, with a

15  principal balance of $213,212.43 and had no prepayment penalty.

16  The new loan, arranged by defendants had the following

17  characteristics: the new loan was from a secondary lender,

18  GreenPoint Mortgage, Inc.; it bears an adjustable interest, with

19  negative amortization and a cap of 12%; one month after the new

20  loan was funded, plaintiffs were given notice that the 2%

21  interest rate would increase to 8.125% the following month; the

22  principal balance is $113,188.00 more than the balance on the

23  Bank of America Loan; plaintiffs paid commissions to defendant

24  Scott Richard Smith, dba Mortgage Net in the sum of $7,752.00,

25  comprised of $4,896.00 paid directly from escrow and $2,856.00

26  as a yield spread advanced by the lender; the costs associated

27  with escrow for the refinance, exclusive of the broker's

28  commission, were $2,343.00; the refinance loan bears a

Exhibit C
Page 66

11

1  prepayment penalty; that defendants arranged for a loan in
2  excess of what was required, and $28,532.36 was returned to
3  plaintiffs, which they had not requested of defendant Singh.
4      26.  Plaintiffs discovered in the file provided by
5  Commonweath Title after close of escrow that defendants, either
6  one or all of them, without plaintiffs' knowledge or consent,
7  had submitted a loan application to the new lender.  The
8  application had never been presented to plaintiffs nor reviewed
9  by them.  The loan application, with false and fraudulent
10 information, was signed by plaintiffs at the same time
11 plaintiffs signed all the documents for the loans on Ranker
12 Place and Del Vista Circle.  The income page of the application
13 does not bear the signatures of plaintiffs.  The income stated
14 is more than twice the actual income of plaintiffs.  Plaintiffs
15 had no knowledge that defendants drafted and submitted a false
16 and fraudulent loan application to the lender in the refinance
17 transactions of Ranker Place and Del Vista Circle.  Defendants'
18 fraudulent actions have placed plaintiffs in a perilous position
19 with their lender, possibly subjecting them to fines and
20 imprisonment.
21 **FIRST CAUSE OF ACTION - FRAUD AGAINST DEFENDANTS SMITH, TWOMEY**
22 **AND SINGH**
23     27.  Plaintiffs incorporate all the allegations contained
24 in paragraphs 1 through 26 as though they were set out in this
25 first cause of action.
26     28.  Plaintiffs, upon information and belief, allege that
27 defendants Scott Richard Smith, dba Mortgage Net 2000, Angat
28 Singh, Jeffrey Twomey and Does 1 through 20, knew that

Exhibit C
Page 67

12

1  fraudulent loan applications were drafted and submitted to the

2  prospective lender on behalf of plaintiffs and knew and intended

3  that plaintiffs not be informed that such false and fraudulent

4  loan applications were prepared and submitted.

5      29.  Plaintiffs allege that all defendants, Scott Richard

6  Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

7  Does 1 through 20, knew that Angat Singh is not a licensed real

8  estate broker or agent, that Angat Singh and Jeffrey Twomey are

9  not licensed real estate brokers, and that Angat Singh and

10 Jeffrey Twomey are agents and employees of Scott Richard Smith,

11 whose identity and existence were not revealed to plaintiffs.

12     30.  Plaintiffs allege that all defendants, Scott Richard

13 Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

14 Does 1 through 20, knew that they could not and would not

15 arrange beneficial fixed interest rate loans for plaintiffs but

16 concealed that fact from plaintiffs and further concealed that

17 fact from plaintiffs at the time of close of escrow and

18 thereafter.

19     31.  Plaintiffs allege that all defendants, Scott Richard

20 Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

21 Does 1 through 20, knew that plaintiffs would not be capable of

22 making the monthly payments of the adjustable rate mortgages

23 arranged by defendants for them, but failed at all times to so

24 inform plaintiffs that they should not accept the loans offered

25 by defendants.

26     32.  Plaintiffs allege that all defendants, Scott Richard

27 Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

28 Does 1 through 20, knew that no explanation was given to

Exhibit C
Page 68

13

1    plaintiffs with respect to the contents of any of the four loans

2    arranged by defendants, knew that by not leaving copies with

3    plaintiffs of the Ranker Place and Del Vista loan transactions,

4    that plaintiffs would not and could not discover on their own

5    that the loans were bad for plaintiffs, and that had they known,

6    plaintiffs would have refused to accept the loans, thus

7    depriving defendants of their commissions.

8         33.  Plaintiffs allege that all defendants, Scott Richard

9    Smith, dba Mortgage Net 2000, Angat Singh, Jeffrey Twomey and

10   Does 1 through 20, knew that in secured transactions, such as

11   the four loans arranged by defendants, that plaintiffs were

12   entitled by law to receive instructions and a form giving them

13   the right to rescind the contracts for a period of three days

14   following execution.  Plaintiffs allege that defendants intended

15   to keep the documents and information from plaintiffs so they

16   would not cancel the transactions as they had a legal right to

17   do and which they should have done in their best interests.

18        34.  All of the acts alleged herein, particularly in

19   paragraphs 26 through 33 herein were unknown by plaintiffs

20   during the pendency of the transaction and they relied upon

21   defendants to tell them the truth and to reveal all information

22   to plaintiffs that was necessary for their decisions.

23        35.  All of the acts alleged herein, particularly in

24   paragraphs 26 through 33 constitute intentional fraud,

25   fraudulent inducement, active concealment,  misrepresentation,

26   and misrepresentation by omission on the part of defendants, and

27   all of them.

28        36.  As a consequence of the intentional fraud,

Exhibit C
Page 69

14

misrepresentation, fraudulent inducement, active concealment, and misrepresentation by omission committed by defendants, and all of them, plaintiffs have suffered damages, as hereinafter set forth and to be proven at trial.

37. As a proximate result of the wrongful acts herein alleged, plaintiffs have been generally damaged, including but not limited to emotional damage in an amount to be proven at trial.

38. As a proximate result of the wrongful acts herein alleged, plaintiffs have suffered out of pocket damages in the sum of $73,141.97, representing commissions paid to defendants, costs connected with escrow, and a prepayment penalty.

39. As a further proximate result of the wrongful acts herein alleged, plaintiffs continue to suffer out of pocket damages in a sum that cannot be calculated with certainty until the date of trial, comprised of costs to replace the loans arranged by defendants, loss on possible sales of the properties, interest payment differential, and possibly loss of the properties, or some of them, to foreclosure since plaintiffs cannot keep up with the payments represented in the loans arranged by defendants, all in sums equal to or in excess of $100,000.00.

40. In doing the things herein alleged, defendants acted with malice, oppression, and fraud as defined under Civ. Code § 3294(c), e.g., willfully and with the intent to cause injury to the plaintiffs. Defendants were therefore guilty of malice, oppression and fraud in conscious disregard of plaintiffs' rights, thereby warranting an assessment of punitive damages in

Exhibit C
Page 70

1   an amount appropriate to punish defendants and deter others from

2   engaging in similar misconduct.

3       WHEREFORE, plaintiffs pray judgment against defendants, and

4   each of them, as hereinafter set forth:

5   **SECOND CAUSE OF ACTION - CONSPIRACY TO COMMIT FRAUD AGAINST ALL**

6   **DEFENDANTS BASED UPON THE FIRST AND SEVENTH CAUSES OF ACTION**

7       41.  Plaintiffs incorporate all the allegations contained

8   in paragraphs 1 through 37, as though those allegations were set

9   forth in this cause of action.

10      42. Beginning on or about March, 2006 and continuing

11  through close of escrow of the four loans arranged by defendants

12  for plaintiffs, defendants Scott Richard Smith, dba Mortgage Net

13  2000, Jeffrey Twomey, Angat Singh, and Does One through Twenty,

14  knowingly and willfully conspired and agreed among themselves to

15  commit the acts set forth specifically in paragraphs 26 through

16  33 of the fraud cause of action.  The fraud committed by

17  defendants Smith, Twomey and Singh were done in concert with

18  defendants Greenpoint Mortgage Lending, GMAC Mortgage

19  Corporation, and World Savings, as a conspiracy to push through

20  loans for which all defendants knew plaintiffs were not

21  qualified nor able to repay in accordance with the terms.

22      43.  When defendants, and each of them, committed the

23  tortious acts specified in paragraphs 26 through 33, injury was

24  caused thereby to plaintiffs.

25      44. Defendants, and each of them, did the acts and things

26  herein alleged pursuant to, and furtherance of, the conspiracy

27  and above-alleged agreement.

28      45.  Defendants, and each of them furthered the conspiracy

Exhibit C
Page 71

16

1  by cooperation with or lent aid and encouragement to or ratified

2  and adopted the acts of each of the other defendants, in that

3  none of the defendants corrected the wrongs by informing

4  plaintiffs of the acts, omissions, misrepresentations, or

5  concealments committed directly by each other co-conspirator.

6     46. Plaintiffs are informed and believe and thereon allege

7  that the last overt act in pursuance of the above-described

8  conspiracy occurred on or about July 10, 2006 when defendants

9  Singh and Twomey permitted plaintiffs to sign portions of the

10  fraudulent loan applications, failed to leave copies of all the

11  documents constituting the loan packages for three loans on two

12  properties, failed to describe and explain the documents they

13  requested plaintiffs to sign, failed to explain plaintiffs'

14  right to rescind or to provide the form plaintiffs would need in

15  order to rescind, and by their failure to inform plaintiffs that

16  defendant Singh was unlicensed, that defendant Twomey was only a

17  sales agent, that all the loans arranged had adjustable interest

18  rates and prepayment penalties, and that both Singh and Twomey

19  worked for an undisclosed broker, defendant Scott Richard Smith.

20     47.  As a proximate result of the wrongful acts herein

21  alleged, plaintiffs have been generally damaged, including but

22  not limited to emotional damage, in a sum to be proven at trial.

23     48.  As a proximate result of the wrongful acts herein

24  alleged, plaintiffs have suffered out of pocket damages in the

25  sum of $73,141.97, representing commissions paid to defendants,

26  costs connected with escrow, and a prepayment penalty.

27     49.  As a further proximate result of the wrongful acts

28  herein alleged, plaintiffs continue to suffer out of pocket

Exhibit C
Page 72

1    damages in a sum that cannot be calculated with certainty until

2    the date of trial, comprised of costs to replace the loans

3    arranged by defendants, loss on possible sales of the

4    properties, interest payment differential, and possibly loss of

5    the properties, or some of them, to foreclosure since plaintiffs

6    cannot keep up with the payments represented in the loans

7    arranged by defendants, all in a sum equal to or in excess of

8    $500,000.00.

9        50.   In doing the things herein alleged, defendants acted

10   with malice, oppression, and fraud as defined under Civ. Code §

11   3294(c) , e.g., willfully and with the intent to cause injury to

12   the plaintiffs. Defendants were therefore guilty of malice,

13   oppression and fraud in conscious disregard of plaintiffs'

14   rights, thereby warranting an assessment of punitive damages in

15   an amount appropriate to punish defendants and deter others from

16   engaging in similar misconduct.

17       WHEREFORE, plaintiffs pray for judgment against defendants,

18   and each of them as hereinafter set forth.

19   **THIRD CAUSE OF ACTION - PROFESSIONAL NEGLIGENCE AGAINST SMITH,**

20   **TWOMEY AND SINGH**

21       51.   Plaintiffs reallege and incorporate all the

22   allegations contained in paragraphs 1 through 50 as though they

23   were fully set forth in this cause of action for Professional

24   Negligence.

25       52.   Defendant Scott Richard Smith, dba Mortgage Net 2000,

26   is a licensed California real estate broker, who had a sales

27   agent Jeffrey Twomey and a non-licensee Angat Singh working as

28   his agent to solicit and negotiate mortgage loans.  As the

Exhibit C
Page 73

18

1   broker, defendant Scott Richard Smith had a duty to supervise

2   his employees and agents. As a further element of duty,

3   defendant Scott Richard Smith was professionally obligated to

4   hire only licensed agents to perform the duties for which a real

5   estate license is required.

6        53. Defendant Scott Richard Smith, dba Mortgage Net 2000,

7   violated his professional duty to plaintiffs as a licensed real

8   estate broker by hiring a non-licensed person, defendant Angat

9   Singh, to perform the duties for which a license is required.

10   As the supervising broker, defendant Scott Richard Smith is

11   responsible for the tortious and unprofessional acts of his

12   licensed agent and his unlicensed agent for harm caused to

13   plaintiffs by their acts.

14        54. Defendant Scott Richard Smith and his licensed agent

15   Jeffrey Twomey and his unlicensed agent Angat Singh, had a

16   professional duty to disclose, in a timely and specified manner,

17   the estimated costs to procure the loan, including the fees and

18   commissions to be paid to the broker, as mandated in the Real

19   Estate Department Regulations, Title 10, Chapter 6, §2840 and

20   2840.1 and Business and Professions Code §10240.

21        55. Defendant Scott Richard Smith and his licensed agent

22   Jeffrey Twomey and his unlicensed agent Angat Singh not only

23   failed to make timely disclosures as required as alleged in

24   paragraph 53, they failed to give disclosures to plaintiffs at

25   any time, except as specified in the closing documents but not

26   left with plaintiffs as to the loans on Ranker Place and Del

27   Vista Circle.

28        56. By drafting and submitting fraudulent loan

Exhibit C
Page 74

19

1    applications for plaintiffs without the knowledge and consent of

2    plaintiffs, defendants, and all of them violated 18 USC 1001, et

3    seq.

4       57. By charging plaintiffs fees in escrow and by charging

5    fees in excess of what was expended, which plaintiffs allege

6    upon information and belief, defendants and each of them,

7    violated Real Estate Regulations, Title 10, Chapter 6, §2843.

8       58. By defendants' acts of failure to disclose, failure to

9    inform plaintiffs of their rescission rights, failure to inform

10    plaintiffs that all the loans arranged by defendants for

11    plaintiffs were less beneficial than their existing loans,

12    failure to inform plaintiffs that they were contracting for

13    prepayment penalties and adjustable rate mortgages contrary to

14    their promises and plaintiffs' request, failure to provide

15    copies of loan documents for the Ranker Place and Del Vista

16    transactions, and their submission of false and fraudulent loan

17    applications on behalf of plaintiffs without plaintiffs'

18    knowledge and consent, defendants breached their duty to be

19    honest and truthful as mandated by Business & Professions Code

20    10152, 10176(a)-(c), 10176(a)-(c) and Civil Code 2079.6 and

21    their duty to disclose, as mandated by Civil Code 2079-2079.6.

22       59. In all instances of professional negligence as set

23    forth in paragraphs 52 through 58 herein, which list is not

24    inclusive, defendant caused damages to plaintiffs.

25       60. As a proximate result of the wrongful acts herein

26    alleged, plaintiffs have been generally damaged, including but

27    not limited to emotional damage, in a sum to be proven at trial.

28       61. As a proximate result of the wrongful acts herein

Exhibit C
Page 75

20

1    alleged, plaintiffs have suffered out of pocket damages in the

2    sum of $73,141.97, representing commissions paid to defendants,

3    costs connected with escrow, and a prepayment penalty.

4         62.   As a further proximate result of the wrongful acts

5    herein alleged, plaintiffs continue to suffer out of pocket

6    damages in a sum that cannot be calculated with certainty until

7    the date of trial, comprised of costs to replace the loans

8    arranged by defendants, loss on possible sales of the

9    properties, interest payment differential, and possibly loss of

10   the properties, or some of them, to foreclosure since plaintiffs

11   cannot keep up with the payments represented in the loans

12   arranged by defendants, but in no event in a sum less than

13   $100,000.00.

14        WHEREFORE, plaintiffs pray for judgment against defendants,

15   and each of them, as hereinafter set forth.

16   **FOURTH CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY**

17        63.   Plaintiffs incorporate all the allegations contained

18   in paragraphs 1 through 62 as though they were fully set forth

19   in this cause of action.

20        64.   Defendants Scott Richard Smith, dba Mortgagenet 2000,

21   Jeffrey Twomey, Angad Singh and Does 1 through 20, accepted the

22   responsibility to act as plaintiffs' agents to negotiate and

23   procure a series of secured loans.  As plaintiffs' agents,

24   defendants, and each of them, are bound to the duties of a

25   fiduciary to his principal.  Defendants, as fiduciaries owed

26   plaintiffs undivided service and loyalty.  Defendants had a duty

27   to treat their principals' affairs with the same standard of

28   care as that of a trustee; to make the fullest disclosure of all

Exhibit C
Page 76

21

1  material facts concerning the transaction that might affect the

2  principals' decision; and to use the utmost care, integrity,

3  honesty and loyalty in dealings with their principals.

4       65.  Defendants Scott Richard Smith, dba Mortgagenet 2000,

5  Jeffrey Twomey, Angat Singh and Does 1 through 20, breached

6  their duties to plaintiffs by the following, non-inclusive, list

7  of acts: by promising to obtain fixed interest loans and not

8  revealing that the loans obtained were, in fact, adjustable rate

9  mortgages with prepayment penalties; by failure to disclose the

10  broker's fees and commissions in a timely manner, or at all; by

11  permitting a non-licensee to negotiate the loans and perform

12  other acts for which a license is required without disclosing

13  the identity of the broker fiduciary; by failure to discuss,

14  explain and leave plaintiff copies of the loan documents; by

15  failure to disclose to plaintiffs their right to rescind; by

16  submitting fraudulent and false loan applications without

17  plaintiffs' knowledge; by placing plaintiffs in a difficult

18  financial situation for permitting plaintiffs to give up

19  beneficial loans on good terms to obtain loans at adjustable,

20  higher interest rates and prepayment penalties.

21       67.  Plaintiffs relied on defendants Singh and Twomey's

22  fulfillment of their fiduciaries because defendant Singh was a

23  close friend and plaintiffs trusted him.

24       68.  As a proximate result of the wrongful acts herein

25  alleged, plaintiffs have been generally damaged, including but

26  not limited to emotional damage, in a sum to be proven at trial.

27       69.  As a proximate result of the wrongful acts herein

28  alleged, plaintiffs have suffered out of pocket damages in the

Exhibit C
Page 77

22

1    sum of $73,141.97, representing commissions paid to defendants,
2    costs connected with escrow, and a prepayment penalty.
3       70.  As a further proximate result of the wrongful acts
4    herein alleged, plaintiffs continue to suffer out of pocket
5    damages in a sum that cannot be calculated with certainty until
6    the date of trial, comprised of costs to replace the loans
7    arranged by defendants, loss on possible sales of the
8    properties, interest payment differential, and possibly loss of
9    the properties, or some of them, to foreclosure since plaintiffs
10   cannot keep up with the payments represented in the loans
11   arranged by defendants, in a sum at least equal to or in excess
12   of $100,000.00.
13      71.  In doing the things herein alleged, defendants acted
14   with malice, oppression, and fraud as defined under Civ. Code §
15   3294(c), e.g., willfully and with the intent to cause injury to
16   the plaintiffs. Defendants were therefore guilty of malice,
17   oppression and fraud in conscious disregard of plaintiffs'
18   rights, thereby warranting an assessment of punitive damages in
19   an amount appropriate to punish defendants and deter others from
20   engaging in similar misconduct.
21   **FIFTH CAUSE OF ACTION AGAINST DEFENDANTS GREENPOINT MORTGAGE
     LENDING, WORLD SAVINGS AND LOAN, aka WACHOVIA, AND GMAC MORTGAGE**
22   **CORPORATION, AS ASSIGNEE OF TWO OF THE THREE GREENPOINT MORTGAGE
     LENDING LOANS - FOR GROSS NEGLIGENCE**
23
24      72.  Defendants Greenpoint, World and by assignment GMAC,
25   designated and appointed defendants Scott Richard Smith and
26   Jeffrey James Twomey to act as their agents in dealing with the
27   principals, plaintiffs herein, by permitting them to assist
28   plaintiffs in filling out loan applications in place and instead

1  of defendant lenders, as required.

2      73. As a consequence of the agency created between the

3  lenders and brokers, the defendant lenders accepted fraudulent

4  and forged loan applications, authorization to verify income

5  forms, and Good Faith Estimate forms from defendant agent and

6  broker.

7      74. In addition to the forged and fraudulent forms

8  accepted by defendant lenders as alleged in paragraph 73,

9  defendant lenders had sufficient information in their file to

10 prove that the purported and forged stated income of plaintiffs

11 was untrue and that plaintiffs were not capable of repaying the

12 loans as offered and closed by defendant lenders, in violation

13 at the very least of 10 California Code of Regulations 1452. By

14 lending to plaintiffs while approving contradictory supporting

15 information, lenders thereby ratified and accepted the fraud and

16 forgery committed by their own designated agents.

17     75. At the time plaintiffs were approved and issued the

18 loans, they had no knowledge that their applications were based

19 upon false information entered and forged by defendant lenders'

20 agents.

21     76. As a proximate result of the defendant lenders

22 approving and funding inappropriate loans to plaintiffs,

23 plaintiffs have been damaged because they cannot maintain the

24 payments and are in danger of losing their property. Also as a

25 proximate result of the fraud and forgery committed by lenders'

26 agents, which acts were ratified and approved by lenders,

27 plaintiffs have expended unnecessary funds by way of application

28 and closing costs, highly inappropriate and outrageously high

Exhibit C
Page 79

1 interest rates, prepayment penalties, loss of equity, loss of

2 creditworthiness, all in excess of $750,000.00.

3     77. In order to pursue their remedies, plaintiffs have

4 expended and will continue to expend attorney's fees in sums to

5 be proven after trial.

6 **SIXTH CAUSE OF ACTION AGAINST GREENPOINT MORTGAGE FUNDING, INC.,**
**WORLD SAVINGS AND LOAN, AND GMAC MORTGAGE CORPORATION FOR**

7 **RESCISSION**

8

9     78. Plaintiffs incorporate all of the allegations of

10 paragraphs 72-77 as though they were repeated here.

11     79. Plaintiffs were not provided their Notice of Right to

12 Rescind as required under 15 U.S.C. 1641, because lenders'

13 agents took all the loan papers from plaintiffs immediately upon

14 their signing them. Moreover, plaintiffs did not receive the

15 Good Faith Estimate required by 15 USC section 1639, because

16 their acknowledged receipt of the Good Faith Estimate was forged

17 by lenders' appointed agent, either Scott Richard Smith or

18 Jeffrey James Twomey. The fact of the forgery can readily be

19 recognized by a lay person.

20     80. As a consequence of the fraud and forgery of lenders'

21 agents, as ratified and approved by lenders, plaintiffs seek

22 rescission of all the subject loans, including discharge of the

23 mortgages (deeds of trust) and cancellation of the promissory

24 notes. Plaintiffs have been damaged as a result of the

25 fraudulent and ratified acts of lenders' agents, because they

26 were not informed of the existence of variable interest rates

27 and prepayment penalties that are conditions of the loans

28 because defendant agents informed and assured plaintiffs that

Exhibit C
Page 80

1  they had arranged favorable fixed-rate of interest loans for

2  them.  Plaintiffs are not financially able to maintain the loan

3  payments and are in danger of losing their property.

4      81.  As a result of the fraud and forgery committed by

5  defendants and their agents Smith Twomey and Singh, plaintiffs

6  seek to void the fraudulent transactions, seek cancellation of

7  the promissory notes and expungement of the deeds of trust, and

8  consequential damages according to proof.

9  **SEVENTH CAUSE OF ACTION AGAINST GREENPOINT MORTGAGE LENDING,**
   **INC., WORLD SAVINGS AND LOAN, AND GMAC - FRAUD AND FORGERY**
10 **COMMITTED BY DESIGNATED AGENTS**

11

12
       82.  Plaintiffs reallege all the allegations of paragraphs
13
   72 through 80 as though those allegations were set forth here.
14
       83.  The designated agents of defendants, Richard Scott
15
   Smith and Jeffrey James Twomey, committed fraud and forgery in
16
   their commission of duties under their agency agreements with
17
   defendant lenders.  Lenders' own files contain sufficient
18
   information for lenders to know that the loan applications
19
   overstated plaintiffs' income, that the loan applications were
20
   forged, and that plaintiffs were not qualified for the loans
21
   approved and given.  Such knowledge on the part of the lenders
22
   constitutes fraud on their own part, as well as ratification of
23
   the fraudulent acts of their designated agents.
24
       84.  The form of the fraud and forgery prevented plaintiffs
25
   from gaining knowledge that fraud had been committed because
26
   plaintiffs were not provided copies of any of the forged
27
   documents, and plaintiffs were not provided the loan documents
28
   they were required to sign.  Plaintiffs relied upon their agents

Exhibit C
Page 81

1 to conduct their business honestly and professionally. As

2 alleged elsewhere herein, defendant Angad Singh represented

3 himself as a real estate licensee who involved himself in every

4 aspect of the loan transactions.

5       85. As a direct consequence of the fraud, forgery and

6 concealments committed upon plaintiffs by the lenders and their

7 agents, plaintiffs have been damaged by holding loans for which

8 they are not qualified to maintain, and have been deprived of

9 their rights to exercise rescission had they known of the fraud

10 and inappropriate loans, and have expended extraordinary sums of

11 money by way of commissions, additional interest on the loans to

12 pay the lenders' agents, closing costs, variable interest rates,

13 and prepayment penalties, in sums to be proven, but in excess of

14 $750,000.00.

15       86. In doing the things herein alleged, defendants acted

16 with malice, oppression, and fraud as defined under Civ. Code §

17 3294(c), e.g., willfully and with the intent to cause injury to

18 the plaintiffs. Defendant lenders were therefore guilty of

19 malice, oppression and fraud in conscious disregard of

20 plaintiffs' rights, thereby warranting an assessment of punitive

21 damages in an amount appropriate to punish defendants and deter

22 others from engaging in similar misconduct.

23 **EIGHTH CAUSE OF ACTION AGAINST GMAC MORTGAGE CORPORATION FOR AN**
**ACCOUNTING**

24

25       87. GMAC held the mortgage on the real property known as

26 459 Ranker Place, Hayward, California, which was paid in escrow

27 upon the initiation of a GreenPoint Mortgage loan which is one

28 of the loans the subject of this suit. The demand in escrow

Exhibit C
Page 82

1  made by GMAC included, among other things, a demand for the sum

2  of $9,679.27 interest for a period of thirty-two (32) days, i.e.

3  June 16, 2006-July 18, 2006.  Projected to a full year, it

4  constitutes interest in the sum of $110,401.55 for a principal

5  balance of $709,825.59.

6      88.  When plaintiffs discovered what appears to be a

7  billing error as an overcharge of interest due, plaintiffs sent

8  GMAC notice of the billing dispute as provided under 15 USCS §

9  1666, on January 18, 2007.  Defendant GMAC has refused to

10 respond to the inquiry and dispute given in writing over a year

11 ago.

12     89.  Plaintiffs request that defendant GMAC be ordered to

13 account to plaintiffs for the overpayment made to defendant as

14 demanded by defendant in escrow No. 56100589-500 RST, at

15 Commonwealth Land Title Company, Pacifica, for payment of loan

16 0359184832, secured by 459 Ranker Place, Hayward, California in

17 the names of plaintiffs.

18 **NINTH CAUSE OF ACTION AGAINST GMAC MORTGAGE CORPORATION FOR
   BREACH OF CONTRACT**

19

20     90.  Plaintiffs incorporate all the allegations of

21 paragraphs 83 through 85 as though they were set forth hereat.

22     91.  Defendant GMAC Mortgage Corporation's right to

23 calculate and submit a demand for payoff to an escrow is based

24 upon the contractual relationship between plaintiffs and

25 defendant.  The contract is manifested by a deed of trust and

26 promissory note that specify what interest on the loan is owed

27 by plaintiffs.  Defendant GMAC Mortgage Corporation breached the

28 written agreement with plaintiffs by demanding money in excess

Exhibit C
Page 83

28

of the amount owed under the contract.

92.   Plaintiffs pray for a refund of the excessive interest charged by GMAC Mortgage Corporation, together with prejudgment interest from the date of taking, i.e. July 18, 2006 to the date the excess is restored to plaintiffs.

WHEREFORE, plaintiffs pray for judgment against defendants, on all causes of action, as follows:

1.   For general damages, including emotional damages in a sum to be proven at trial;

2.   For $73,141.97, as special damages incurred to date the escrows closed, and prejudgment interest on that sum;

3.   For special damages that will be incurred after close of escrow to the date of trial and beyond that cannot be ascertained at this time, but will represent interest paid on the new loans over what would have been paid on plaintiff's pre-existing loans; losses incurred on hasty sale or foreclosure of the properties, and other consequential damages according to proof, in a sum at least equal to or in excess of $100,000.00;

4.   For costs of suit herein incurred; and

5.   For such other and further relief as the Court deems appropriate.

ON THE FIRST, SECOND AND FOURTH CAUSES OF ACTION

6.   For exemplary or punitive damages

ON THE FIFTH CAUSE OF ACTION AGAINST THE LENDERS GREENPOINT MORTGAGE LENDING, WORLD SAVINGS AND LOAN, AND GMAC MORTGAGE CORPORATION, ASSIGNEE OF TWO GREENPOINT MORTGAGE LENDING, INC. LOANS

Exhibit C
Page 84

29

7.   For all damages caused by defendants for gross
negligence in a sum in excess of $750,000.00;

8.   For attorney fees in accordance with the contract;

9.   For costs of suit; and

10.  For such other and further relief as the Court deems
appropriate.

ON THE SIXTH CAUSE OF ACTION AGAINST THE LENDERS

11.  For rescission of the secured loans, including
cancellation of the promissory notes, expungement of the deeds
of trust, and consequential damages.

12.  For attorney fees in accordance with the contract;

13.  For costs of suit; and

14.  For such other and further relief as the Court deems
appropriate.

ON THE SEVENTH CAUSE OF ACTION AGAINST THE LENDERS GREENPOINT
MORTGAGE LENDING, INC., WORLD SAVINGS, AND GMAC, AS ASSIGNEE OF
TWO OF THE GREENPOINT LOANS

15.  For damages in the sum of $750,000.00 according to
proof;

16.  For costs of suit; and

17.  For exemplary damages

18.  For such other and further relief as the Court deems
appropriate.

ON THE EIGHTH CAUSE OF ACTION AGAINST GMAC MORTGAGE CORPORATION

19.  For an accounting for the sums representing interest
demanded and taken from plaintiffs;

20.  For a refund of the excess interest paid by
plaintiffs;

Exhibit C
Page 85

30

1    21.   For prejudgment interest;

2    22.   For costs of suit; and

3    23.   For such other and further relief as the Court deems

4    appropriate.

5    ON THE NINTH CAUSE OF ACTION AGAINST GMAC MORTGAGE CORPORATION

6    24.   For a refund of the excess interest paid by

7    plaintiffs;

8    25.   For prejudgment interest;

9    26.   For costs of suit; and

10    27.   For such other and further relief as the Court deems

11    appropriate.

12

13    Dated: March 3, 2008

14

15    *Linda L. Mallette*
      Linda L. Mallette, Attorney for
16    Plaintiffs Daya Nand and Shri Mati
      Nand

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit C
Page 86

EXHIBIT D

MAR-07-2008 FRI 04:59 PM WACHOVIA OAKLAND        FAX NO. 510 763 5237    *Nob1*    P. 02

**SUM-100**

# SUMMONS *ON SECOND*
## (CITACION JUDICIAL) *AMENDED complaint*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> SCOTT RICHARD SMITH, dba MORTGAGENET 2000, JEFFREY <br> JAMES TWOMEY, an individual, ANGAT SINGH, an individual, <br><br> Additional Parties Attachment form is attached. <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> DAYA NAND and and SHRI MATI | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **E N D O R S E D** <br> **F I L E D** <br> **ALAMEDA COUNTY** <br><br> MAR 0 5 2008 <br><br> CLERK OF THE SUPERIOR COURT <br> By Cecilia Anchundo, Deputy |

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA <br> Hayward District <br> 24405 Amador Street, Hayward, California, CA 94544 | **CASE NUMBER:** <br> *(Número del Caso):*    HG006295167 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Linda L. Mallette (Bar # 104669)                Phone No.: (650) 347-5400
Law Offices of Mallette & Libonati              Fax No.: (650) 347-5660
2046 Fairmont Drive, San Mateo CA 94402

| DATE **MAR 0 5 2008** | PAT SWEETEN | Clerk, by | CECILIA ANCHUNDO | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | EXECUTIVE OFFICER/CLERK | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served <br> 1. ☐ as an individual defendant. <br> 2. ☐ as the person sued under the fictitious name of *(specify):* <br><br> 3. ☐ on behalf of *(specify):* <br><br> under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor) <br> ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) <br> ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) <br> ☐ other *(specify):* <br> 4. ☒ by personal delivery on *(date):*   3 - 7 - 08 |
|---|---|

|  |  |
|---|---|
| | Page 1 of 1 |

Form Adopted for Mandatory Use                                    Code of Civil Procedure §§ 412.20, 465
Judicial Council of California
SUM-100 [Rev. January 1, 2004]       **SUMMONS**       *LexisNexis® Automated California Judicial Council Forms*

**Exhibit D**
**Page 87**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| NAND V SMITH | HG006295167 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff    [X] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

GREENPOINT MORTGAGE FUNDING, INC., WORLD SAVINGS, aka WACHOVIA; GMAC MORTGAGE CORPORATION, and DOES FOUR through TWENTY, inclusive

Page  1  of  1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

*LexisNexis® Automated California Judicial Council Forms*

Exhibit D
Page 88

**EXHIBIT E  -  Part 1**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SCOTT RICHARD SMITH, dba MORTGAGENET 2000, JEFFREY
JAMES TWOMEY, an individual, ANGAT SINGH, an individual,, and
and DOES ONE through TWENTY, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAYA NAND, and SHRI MATI

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> # FILED
> ALAMEDA COUNTY
>
> OCT 2 5 2006
>
> CLERK OF THE SUPERIOR COURT
> By _Lisa Davidson_
> Deputy

> You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
>   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.
>
> *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
>   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):* 6 2 9 5 1 6 7 |

SUPERIOUR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
24405 Amador Street, Hayward, California, CA 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Linda L. Mallette (Bar # 104669)          Phone No. (650) 347-5400
Law Offices of Mallette & Libonati          Fax No. (650) 347-5660
2046 Fairmont Drive, San Mateo, CA 94402

| DATE: | PAT SWEETEN | Clerk, by _D Davidson_ | , Deputy |
|---|---|---|---|
| *(Fecha)* OCT 2 5 2006 EXECUTIVE OFFICER/CLERK | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

Page 1 of 1

[SEAL] SUPERIOR COURT OF CALIFORNIA · COUNTY OF ALAMEDA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

**Exhibit E, Part 1**
**Page 89**

Superior Court of California, County of Alameda
Hayward Hall of Justice
Civil Division
24405 Amador Street
Hayward, CA  94544

To:   Law Offices of Mallette & Libonati                Date:  10/25/2006
      Attn:  Mallette, Linda L
      2046 Fairmont Drive
      San Mateo, CA   94402

Re:  No. HG06295167 - Nand   VS.  Smith

Your request to file Civil Case Cover Sheet has been rejected for the following
reason:

  In addition to the civil case cover sheet addendum, you must file the Civil Case
  Cover Sheet.

Executive Officer / Clerk of the Superior Court

By   *Gigi Davidson*
                                                Digital

_____

                                                Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Nand VS Smith | HG06295167 |

ADDITIONAL ADDRESSEES

Law Offices of Mallette & Libonati
Attn:  Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA    94402

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Nand v. Smith | HG06295167 |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[x] Hayward Hall of Justice (447)

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)     [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD /<br>WD Tort | Asbestos (04)<br>Product liability (24)<br>Medical malpractice (45)<br>Other PI/PD/WD tort (23) | [ ] 75 Asbestos (D)<br>[ ] 89 Product liability (not asbestos or toxic tort/environmental) (G)<br>[ ] 97 Medical malpractice (G)<br>[ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD /<br>WD - Tort | Bus tort / unfair bus. practice (07)<br>Civil rights (08)<br>Defamation (13)<br>Fraud (16)<br>Intellectual property (19)<br>Professional negligence (25)<br>Other non-PI/PD/WD tort (35) | [ ] 79 Bus tort / unfair bus. practice (G)<br>[ ] 80 Civil rights (G)<br>[ ] 84 Defamation (G)<br>[X] 24 Fraud (G)<br>[ ] 87 Intellectual property (G)<br>[ ] 59 Professional negligence - non-medical (G)<br>[ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36)<br>Other employment (15) | [ ] 38 Wrongful termination (G)<br>[ ] 85 Other employment (G)<br>[ ] 53 Labor comm award confirmation<br>[ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06)<br>Collections (09)<br>Insurance coverage (18)<br>Other contract (37) | [ ] 04 Breach contract / Wrnty (G)<br>[ ] 81 Collections (G)<br>[ ] 86 Ins. coverage - non-complex (G)<br>[ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14)<br>Wrongful eviction (33)<br>Other real property (26) | [ ] 18 Eminent domain / Inv Cdm (G)<br>[ ] 17 Wrongful eviction (G)<br>[ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31)<br>Residential (32)<br>Drugs (38) | [ ] 94 Unlawful Detainer - commercial   Is the deft. in possession<br>[ ] 47 Unlawful Detainer - residential   of the property?<br>[ ] 21 Unlawful detainer - drugs    [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05)<br>Petition re: arbitration award (11)<br>Writ of Mandate (02)<br><br>Other judicial review (39) | [ ] 41 Asset forfeiture<br>[ ] 62 Pet. re: arbitration award<br>[ ] 49 Writ of mandate<br>Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No<br>[ ] 64 Other judicial review |
| Provisionally<br>Complex | Antitrust / Trade regulation (03)<br>Construction defect (10)<br>Claims involving mass tort (40)<br>Securities litigation (28)<br>Toxic tort / Environmental (30)<br>Ins covrg from cmplx case type (41) | [ ] 77 Antitrust / Trade regulation<br>[ ] 82 Construction defect<br>[ ] 78 Claims involving mass tort<br>[ ] 91 Securities litigation<br>[ ] 93 Toxic tort / Environmental<br>[ ] 95 Ins covrg from complex case type |
| Enforcement of<br>Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment<br>[ ] 08 Confession of judgment |
| Misc Complaint | RICO (27)<br>Partnership / Corp. governance (21)<br>Other complaint (42) | [ ] 90 RICO (G)<br>[ ] 88 Partnership / Corp. governance (G)<br>[ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name<br>[ ] 69 Other petition |

FILED
ALAMEDA COUNTY

OCT 25 2006

CLERK OF THE SUPERIOR COURT
By _____
Deputy

202-19 (5/1/00)

LexisNexis® Automated California County Forms

**Exhibit E, Part 1**
**Page 92**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Linda L. Mallette (State Bar # 104669)
Law Offices of Mallette & Libonati
2046 Fairmont Drive, San Mateo, CA 94402
TELEPHONE NO.: (650) 347-5400    FAX NO.: (650) 347-5660
ATTORNEY FOR *(Name):*

**FOR COURT USE ONLY**

**FILED**
ALAMEDA COUNTY

OCT 3 0 2006

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, California 94544
BRANCH NAME: Hayward

CASE NAME:
Nand v. Smith

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: HG06295167 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder — Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* FOUR (4)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 26, 2006

Linda L. Mallette
(TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 1800–1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Page 2 of 2

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address):
LINDA L. MALLETTE, ESQ. SB # 144699
MALLETTE & LIBONATI
2046 FAIRMONT DRIVE
SAN MATEO CA 94402-3926
TELEPHONE NO.: (650) 347-5400   FAX NO.: (650) 347-5660
ATTORNEY FOR (Name): PLAINTIFF

# FILED
ALAMEDA COUNTY

DEC 2 9 2006

CLERK OF THE SUPERIOR COURT
By _Cecilia Omehundo_
                                    Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:  24405 AMADOR STREET
MAILING ADDRESS:  P.O. BOX 3038
CITY AND ZIP CODE:  HAYWARD CA 94540-3038
BRANCH NAME:  SAN LEANDRO - HAYWARD

| PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI | CASE NUMBER: |
| DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, et al. | HG06295167 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>NAND |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2   I served copies of:

   a. ☐  summons

   b. ☐  complaint

   c. ☐  Alternative Dispute Resolution (ADR) package

   d. ☐  Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐  cross-complaint

   f. ☒  other *(specify documents):*
     SUMMONS; COMPLAINT; ADR PACKAGE

3.  a. Party served *(specify name of party as shown on the documents served)* :
   SCOTT RICHARD SMITH dba MORTGAGENET 2000

   b. Person served: ☒ party in item 3a: ☐ other *(specify name and title or relationship to the party named in item 3a)* :

4.  Address where the party was served:
   MORGAGENET 2000 - 752 FIRST STREET, GILROY, CALIFORNIA

5.  I served the party *(check proper box)*

   a. ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
     receive service of process for the party (1) on *(date):* 12/6/2006   (2) at *(time):* 2:06 PM

   b. ☐  **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or
     in the presence of *(name and title or relationship to the party named in item 3b):*

     (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
       of the person served. I informed him or her of the general nature of the papers .

     (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
       place of abode of the person I served. I informed him or her of the general nature of the papers .

     (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
       address of the person to be served, other than a United States Postal Service post office box. I informed
       him or her of the general nature of the papers.

     (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
       at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed documents on
       *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

     (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

PP#: 14503

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev July 1, 2004)

**PROOF OF SERVICE OF SUMMONS**

Code Civil Procedure, § 4117.10

NAND v SMITH

**Exhibit E, Part 1**
**Page 95**

PLAINTIFF/PETITIONER: BAYA NAND and SHRI MATI

DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, et al.

CASE NUMBER:

HG06295167

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:                (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt*  (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed*  Notice and Acknowledgement of Receipt  *(form 982(a)(4).)* (Code Civ. Proc., § 415.30)

   (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☒ as the person sued under the fictitious name of (specify): MORTGAGENET 2000

  c. ☐ on behalf of (specify):

    under the following Code of Civil Procedure Section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name:                 GERARDO SERRA

  b. Address:           G&H LEGAL SERVICES

  c. Telephone number:     969-G EDGEWATER BLVD., #232

  d. The fee for service was: $    FOSTER CITY, CA 94404

  e. I am:             (650) 261-9852 SAN MATEO 4/7/2007

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server.

      (i) ☐ owner  ☐ employee  ☒ independent contractor.

      (ii) Registration No.:  MONTEREY #55

      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: 12/11/2006

GERARDO SERRA

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

PP#: 14503

Superior Court of California, County of Alameda
Hayward Hall of Justice
Civil Division
24405 Amador Street
Hayward, CA   94544

To:   Law Offices of Mallette & Libonati               Date:  12/29/2006
      Attn:  Mallette, Linda L
      2046 Fairmont Drive
      San Mateo, CA    94402

Re:  No. HG06295167 - Nand   VS.  Smith

Your request to file Proof of Service  on Complaint has been rejected for the
following reason:

    Date/original signature of process server missing.

Executive Officer / Clerk of the Superior Court

By _____
                                                    Deputy Clerk

| SHORT TITLE: Nand VS Smith | CASE NUMBER: HG06295167 |
| --- | --- |

ADDITIONAL ADDRESSEES

Law Offices of Mallette & Libonati
Attn:  Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA   94402

*5400999*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
LINDA L. MALLETTE, ESQ. SB # 1699
MALLETTE & LIBONATI
2046 FAIRMONT DRIVE
SAN MATEO CA 94402-3926
TELEPHONE NO.: (650) 347-5400    FAX NO.: (650) 347-5660
ATTORNEY FOR *(Name)*: PLAINTIFF

# FILED
## ALAMEDA COUNTY

### JAN 0 9 2007

CLERK OF THE SUPERIOR COURT
By_____*Cecilia Imchundo*_____
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 AMADOR STREET
MAILING ADDRESS: P.O. BOX 3038
CITY AND ZIP CODE: HAYWARD CA 94540-3038
BRANCH NAME: SAN LEANDRO - HAYWARD

PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI

DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, et al.

CASE NUMBER:
HG06295167

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>NAND |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☐ summons

   b. ☐ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☒ other *(specify documents):*
   SUMMONS; COMPLAINT; ADR PACKAGE

3. a. Party served *(specify name of party as shown on the documents served)* :
   JEFFREY JAMES TWOMEY, an individual

   b. Person served: ☒ party in item 3a.    ☐ other *(specify name and title or relationship to the party named in item 3a)* :

4. Address where the party was served:
   121 LAURIE MEADOWS DRIVE #557, SAN MATEO, CALIFORNIA 94403

5. I served the party *(check proper box)*

   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/31/2006    (2) at *(time):*  6:55 PM

   b. ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of  *(name and title or relationship to the party named in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person served. I informed him or her of the general nature of the papers .

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person I served. I informed him or her of the general nature of the papers .

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed documents on
   *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev July 1, 2004)

**PROOF OF SERVICE OF SUMMONS**

Code Civil Procedure, § 4117.10

NAND v. SMITH
**Exhibit E, Part 1**
**Page 99**

| PLAINTIFFF/PETITIONER: DAYA NAND and SHRI MATI | CASE NUMBER: |
|---|---|
| DEFENDANT/ RESPONDENT: SCOTT RICHARD SMITH, et al. | HG06295167 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) ☐ on *(date):*             (2) ☐ from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt (form 982(a)(4).)* (Code Civ. Proc., § 415.30)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☒ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of (specify):
    c. ☐ on behalf of (specify):
        under the following Code of Civil Procedure Section:

| | | |
|---|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
    a. Name:              Joey S. Moss
    b. Address:          G&H LEGAL SERVICES
                          969-G EDGEWATER BLVD., #232
    c. Telephone number:    FOSTER CITY, CA 94404
    d. The fee for service was: $   (650) 261-9852 SAN MATEO 4/7/2007
    e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ registered California process server.
         (i) ☐ owner ☐ employee ☒ independent contractor.
         (ii) Registration No.:   San Joaquin #206
         (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: 11/7/2006

    Joey S. Moss                           *Joey S. Moss*
  _____      _____
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE)

PP#: 14504

POS-010 (New July 1, 2004)         **PROOF OF SERVICE OF SUMMONS**         Page 2 of 2

NAND v SMITH

**Exhibit E, Part 1**
**Page 100**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:

LINDA L. MALLETTE, ESQ. SB # 104699
MALLETTE & LIBONATI
2046 FAIRMONT DRIVE
SAN MATEO CA 94402-3926
TELEPHONE NO.: (650) 347-5400   FAX NO.: (650) 347-5660
ATTORNEY FOR *(Name)* : PLAINTIFF

**F I L E D**
ALAMEDA COUNTY

JAN 0 9 2007

CLERK OF THE SUPERIOR COURT
By _Cecilia Amchundo_
Deputy

*5400979*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 AMADOR STREET
MAILING ADDRESS: P.O. BOX 3038
CITY AND ZIP CODE: HAYWARD CA 94540-3038
BRANCH NAME: SAN LEANDRO - HAYWARD

| PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, et al. | HG06295167 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: NAND |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*
      SUMMONS; COMPLAINT; ADR PACKAGE

3. a. Party served *(specify name of party as shown on the documents served)* :
   ANGAT SINGH, an individual

   b. Person served: ☒ party in item 3a:   ☐ other *(specify name and title or relationship to the party named in item 3a)* :

4. Address where the party was served:
   BASKIN-ROBBINS - 901 EDGEWATER BLVD., FOSTER CITY, CALIFORNIA 94404

5. I served the party *(check proper box)*

   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/1/2006   (2) at *(time):* 6:15 PM

   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the party named in item 3b):*

      (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person served. I informed him or her of the general nature of the papers.

      (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person I served. I informed him or her of the general nature of the papers.

      (3) ☐   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

PP#: 14505

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev July 1, 2004)   **PROOF OF SERVICE OF SUMMONS**   Code Civil Procedure, § 4117.10

NAND v SMITH
**Exhibit E, Part 1
Page 101**

PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI

CASE NUMBER:

DEFENDANT/ RESPONDENT: SCOTT RICHARD SMITH, et al.

HG06295167

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                  (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of (specify):

  c. ☐ on behalf of (specify):

      under the following Code of Civil Procedure Section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

  a.  Name:               Joey S. Moss

  b.  Address:           G&H LEGAL SERVICES

                         969-G EDGEWATER BLVD., #232

  c.  Telephone number:    FOSTER CITY, CA 94404

  d.  The fee for service was: $    (650) 261-9852 SAN MATEO 4/7/2007

  e.  I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server.

      (i) ☐ owner ☐ employee ☒ independent contractor.

      (ii) Registration No.: San Joaquin #206

      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: 11/7/2006

Joey S. Moss

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

PP#: 14505

*POS-010 (New July 1, 2004)*        **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2

NAND v SMITH

**Exhibit E, Part 1**
**Page 102**

1  PAUL J. SMOOT, ESQ. (SBN: 160787)
2  ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
   400 South El Camino Real, Suite 700
3  San Mateo, California 94402
   Telephone (650) 348-0102
4  Facsimile (650) 348-0962

5  Attorneys for Plaintiffs
6  SCOTT SMITH dba MORTGAGENET 2000,
   JEFFREY JAMES TWOMEY,
7  and ANGAT SINGH

F I L E D
ALAMEDA COUNTY

JAN 1 7 2007

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

10                    UNLIMITED JURISDICTION

11

12  DAYA NAND and SHRI MATI,           )    Case No.: HG06295167
                                       )
13        Plaintiffs,                  )
                                       )
14        v.                           )    DEMURRER TO COMPLAINT FOR
                                       )    FRAUD; CONSPIRACY TO COMMIT
15                                     )    FRAUD; PROFESSIONAL
    SCOTT RICHARD SMITH, dba           )    NEGLIGENCE; AND FOR BREACH
16  MORTGAGENET 2000, JEFFREY JAMES    )    OF FIDUCIARY DUTY
    TWOMEY, an individual; ANGAT SINGH,)
17  an individual, and DOES 1-20, inclusive, )  Date: Feb. 2, 2007
                                       )    Time: 9:00 a.m.      BY FAX
18        Defendants.                  )    Dept. 31.
                                       )
19

20        Defendants SMITH, TWOMEY and SINGH, and each of them, come now and demur to

21  plaintiffs complete on the following grounds:

22        Pursuant to Code of Civil Procedure § 430.10(e), defendants demur to the first cause of

23  action on the ground that the pleading does not state the facts sufficient to constitute a cause of

24  action for fraud against each of the defendants in that plaintiffs cannot plead the requisite elements

25  of fraud, i.e., reliance, thereby providing defendants a complete defense to plaintiffs' cause of

26  action.

27

28

- 1 -

| 1 | **MATTER:** | **Nand & Mati vs Smith et al** |
|---|---|---|
| 2 | **CASE:** | **Superior Court of California, Alameda County, Hayward Division** |
|  | | **Case No.: HG06295167** |

3

### PROOF OF SERVICE

4

5    I, Katherine M. Zurawski, declare as follows:

6    I am over eighteen years of age and not a party to the within action. My business address is 400
El Camino Real, Suite 700, San Mateo, CA 94402. I am employed in San Mateo County,
7    California.

8    On January 5, 2007, I served a copy of

9
10   1.    NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT FOR FRAUD;
             AND CONSPIRACY TO COMMIT FRAUD; AND SUPPORTING
             MEMORANDUM OF POINTS AND AUTHORITIES;
11   2.    DEMURRER TO COMPLAINT FOR FRAUD; CONSPIRACY TO COMMIT
12            FRAUD; PROFESSIONAL NEGLIGENCE; AND FOR BREACH OF
             FIDUCIARY DUTY
13   3.    [PROPOSED] ORDER

14   on the parties named below as follows:

15
16   [ XX ] BY U.S. MAIL: I am readily familiar with my employer's practice for collection and
processing of correspondence for mailing with the United States Postal Service. I served said
17   document(s) by following ordinary business practice and placing said document(s) in a sealed
envelope for collection and mailing. In the ordinary course of business, said document(s) would
18   have been deposited for first-class delivery with the United States Postal Service, with postage fully
prepaid, the same day as placed for deposit. Each envelope bore the name and address of the person
19   served as follows:

20   Linda L. Mallette, Esq.
21   Law Offices of Mallette & Libonati
     2046 Fairmont Drive
22   San Mateo, CA 94402
     Tel: 650-347-5400
23   Fax: 650 347-5660

24

25   [ ]    BY FACSIMILE: By transmission by facsimile machine telephone number (650) 348-
26   0962 to the following:

27   Name:

28   Facsimile number:

PROOF OF SERVICE

The facsimile machine I used complied with California Rules of Court, and no error was reported by the machine. Pursuant to California Rules of Court, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

[ ]    **BY PERSONAL SERVICE:** By personally delivering said document(s) to the following:

[ ]    **BY CERTIFIED U.S. MAIL – RETURN RECEIPT REQUESTED:** I am readily familiar with my employer's practice for collection and processing correspondence for mailing with the United States Postal Service. I served said document(s) by following ordinary business practice and placing said document(s) in a sealed envelope marked Certified Mail-Return Receipt Requested for collection and mailing. In the ordinary course of business, said document(s) would have been deposited for delivery with the United States Postal Service, with postage fully prepaid, the same day as placed for deposit. Each envelope bore the name and address of the person served as follows:

[ ]    **BY OVERNIGHT DELIVERY.** Said document(s) were served by depositing said document(s) in a box or other facility regularly maintained by Federal Express, in a sealed envelope or package designated by the Federal Express, with delivery fees paid or provided for. Each envelope or package bore the name and address of the person served as follows:

[ ]    **BY OVERNIGHT DELIVERY.** Said document(s) were served by depositing said document(s) in the United States mail for Express Mail delivery at **INSERT ADDRESS OF NEAREST POST OFFICE LOCATION** in a sealed envelope with Express Mail postage thereon fully prepaid. Each envelope bore the name and address of the person served as follows:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **January 5, 2006**, at San Mateo, California.

Katherine M. Zurawski

1 | PAUL J. SMOOT, ESQ. (SBN: 160787)
ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
2 | 400 South El Camino Real, Suite 700
San Mateo, California 94402
3 | Telephone (650) 348-0102
4 | Facsimile (650) 348-0962

5 | Attorneys for Plaintiffs
6 | SCOTT SMITH dba MORTGAGENET 2000,
JEFFREY JAMES TWOMEY,
7 | and ANGAT SINGH

**F I L E D**
ALAMEDA COUNTY

JAN 1 7 2007

CLERK OF THE SUPERIOR COURT
By _____
Deputy

8 |  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |  IN AND FOR THE COUNTY OF ALAMEDA, HAYWARD DIVISION

10 |  UNLIMITED JURISDICTION

11 |

12 | DAYA NAND and SHRI MATI,  )  Case No.: HG 06295167
13 |          Plaintiffs,  )  **NOTICE OF DEMURRER AND**
          )  **DEMURRER TO COMPLAINT FOR**
14 |       v.  )  **FRAUD AND CONSPIRACY TO COMMIT**
          )  **FRAUD AND SUPPORTING**
15 |          )  **MEMORANDUM OF POINTS AND**
SCOTT RICHARD SMITH, dba  )  **AUTHORITIES**
16 | MORTGAGENET 2000, JEFFREY JAMES  )
TWOMEY, an individual; ANGAT SINGH,  )  Date: Feb. 2, 2007
17 | an individual, and DOES 1-20, inclusive,  )  Time: 9:00 a.m.
18 |          )  Dept: 31          **BY FAX**
          Defendants.  )
19 |

20 |    Please take notice that on February 2 2007, at 9:00 a.m., or as soon thereafter as counsel

21 | may be heard in Department 31, Law and Motion of the above entitled Court located at 24405

22 | Amador Street, Hayward, California 94544, defendants Scott Smith, Jeff Twomey and Angat Singh

23 | will move this Court for an order sustaining their demur of the plaintiff's complaint in this action.

24 | Defendants and each of them demurs on the ground that plaintiffs first cause of action for fraud and

25 | second cause of action for conspiracy to commit fraud fail because plaintiffs' complaint as pled

26 | demonstrates an inability to plead one of the elements of fraud, justifiable reliance, in that there

27 | exists a presumption that plaintiffs reviewed the documents they signed before they read them.

28 |

- 1 -

1    <u>Memorandum of Points and Authorities In Support of Defendants' Demurrer</u>

2    <u>Introduction</u>

3    Defendants demur to plaintiffs' complaint in this action on the grounds that plaintiffs'

4    detailed verified complaint demonstrates a complete inability to establish the necessary elements

5    for fraud, particularly reliance. As a matter of law, defendants have a complete defense to

6    plaintiffs' verified complaint because there can be no fraud based upon failure to provide copies of

7    executed documents because California, as well as 48 other states in the Union, holds there exists a

8    presumption that plaintiffs' knew the contents of the documents they executed at the time of

9    executed. Therefore plaintiffs' inability to plead coercion or duress in signed the documents – the

10   basis for their claims for fraud and conspiracy to commit fraud -- negates plaintiffs' assertion of

11   justifiable reliance, a necessary element of fraud. As such, defendants have a complete defense to

12   plaintiffs' first and second causes of action, as a matter of law.

13   Defendants request this court sustain their demur without leave to amend.

14   <u>Statement of Facts</u>

15   <u>Plaintiffs' Complaint</u>

16   "On July 10, 2006, defendants Singh and Twomey came to plaintiffs' home with a notary

17   public to sign loan documents. Mr. Singh gave no explanation to plaintiffs to the content or

18   importance of any of the documents in the stack of documents presented for signature. At the

19   conclusion of signing, Mr. Singh took all the documents and promised he would provide copies…"

20   Plaintiffs' Complaint, ¶18, page 6.

21   / /

22   / /

23

24

25

26

27

28

- 3 -

1

<u>Law and Discussion</u>

2  THERE IS NO BASIS FOR IMPOSING ANY FRAUD LIABILITY ON DEFENDANTS

3  BECAUSE THERE IS NO RELIANCE AS A RESULT OF PLAINTIFFS' FAILURE TO
READ THE PERTINENT CONTRACTS.

4     <u>Fraud</u>

5       The elements of fraud, which give rise to the court action for deceit, are (a)

6  misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity;

7  (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.

8  *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.

9      In California, fraud must be plead with specificity; general and conclusory allegations do

10  not suffice. *Id.* at 645. Thus the policy of liberal construction of pleading ... will not ordinarily be

11  invoked to sustain a pleading defective in any material respect. Id.. This particularity requirement

12  necessitates pleading facts which show how, when, where, to whom, and by what means the fraud

13  was perpetrated. *Id.*

14      The California Supreme Court discussed the standard eloquently when it wrote:

15  "Fraud actions... are subject to strict requirements of particularity and pleading. The idea seems to

16  be allegations of fraud involve serious attack on character, in fairness to the defendant demands

17  that he should receive the fullest possible details of the charge in order to prepare his defense.

18  Accordingly the rule is everywhere followed the fraud must be specifically pleaded. The effect of

19  this rule is twofold: (a) General pleading of the legal conclusion of "fraud" is insufficient; the facts

20  constituting the fraud must be alleged, and (b) every element of the cause of action for fraud must

21  be alleged in the proper manner (i.e., factually and specifically), and the policy of liberal

22  construction of the pleadings ... will not ordinarily be invoked to sustain a pleading defective in

23  any material respect." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35

24  Cal.3d 197.

25      The specificity requirement serves two purposes. The first is to give notice to the defendant

26  to "furnish the defendant with certain definite charges that can be intelligently met." *Id.* at 216-

27  217. The second is "the last remaining habitat of common-law notion that a complaint should be

28

- 4 -

NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT FOR FRAUD; CONSPIRACY TO
COMMIT FRAUD; PROFESSIONAL NEGLIGENCE; AND FOR BREACH OF FIDUCIARY DUTY AND
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit E, Part I
Page 108

1   sufficiently specific that the court can weed out non-meritorious actions on the basis of the

2   pleading. *Id.*

3   ## Presumption Plaintiffs' Read documents Signed

4        The general California law of contracts is similar regarding unexcused failure to read a

5   contract. As explained in *Randas v. YMCA of Metropolitan Los Angeles* (1993) 17 Cal.App.4th

6   158, 163: "It is well established, in the absence of fraud, overreaching or excusable neglect, that

7   one who signs an instrument may not avoid the impact of its terms on the ground that he failed to

8   read the instrument before signing it. (Citations.)" As Mr. Witkin states: "Ordinarily, one who

9   accepts or signs an instrument, which on its face is a contract, is deemed to assent to all its terms,

10  and cannot escape liability on the ground that he has not read it. If he cannot read, he should have it

11  read or explained to him" (1 Witkin, Summary of Cal. Law (9th ed. 1987) §120, p. 145.) This is not

12  only the California but the general rule. (3 Corbin, Contracts (1960) §607, pp. 687-669, fn. omitted

13  ["One who signs an instrument when for some reason, such as illiteracy or blindness, he can not

14  read it, will be bound by its terms in case the other party acts in good faith without trick or

15  misrepresentation. The signer should have had the instrument read to him."].)

16       In other words, if there is a reasonable opportunity to read a contract before signing it, there

17  is a starting presumption that it was read. An inexcusable failure to read is insufficient, as a matter

18  of substantive law, to rebut that starting presumption (i.e., without a foundational showing that a

19  failure to read was non-negligent/excusable, testimony that one did not actually read a contract

20  before objectively manifesting assent to its terms by signing it is legally irrelevant). Legally

21  irrelevant evidence, even if admitted without objection, cannot support a judgment *Tahoe National*

22  *Bank v. Phillips* (1971) 4 Cal.3d 11, 23.

23  ## Reliance As A Defense

24       To state a cause of action for fraud, a plaintiff must plead and prove that he e actually relied

25  on the misrepresentation or concealment. *Bay Summit Community Assn. v. Shell Oil Co.* (1996) 51

26  Cal.App.4th 762, 767. Lack of justifiable reliance is a defense to a fraud claim. *Hartong v Partake*

27  (1968) 266 Cal.App.2d 942, 964- 965, and a plaintiff has the burden of proof on the issue of

28  justifiable reliance. *American v. Pacific* (1974) 37 Cal.App.3d 322.

- 5 -

NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT FOR FRAUD; CONSPIRACY TO
COMMIT FRAUD; PROFESSIONAL NEGLIGENCE; AND FOR BREACH OF FIDUCIARY DUTY AND
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES        Exhibit E, Part 1

Page 109

1    California law requires that the plaintiff acquaint himself with the contents of a written

2    agreement before signing it. One party's misrepresentations as to the nature or character of the

3    writing do not negate the other party's apparent manifestation of assent, if the second party had

4    "reasonable opportunity to know of the character or essential terms of the proposed contract."

5    Rest.2d Contracts, Section 163, p. 443.

6        If a party, with such reasonable opportunity, fails to learn the nature of the document he or

7    she signs, such "negligence" precludes a finding that the contract is void for fraud in the execution.

8    *CIT Corporation v. Panac* (1944) 25 Cal.2d 547. The average reasonable man is expected to

9    exercise greater caution before he signs a contract or legal instrument if he knew that he was

10   signing what purported to be a legal document; particularly if he intended to become a party

11   thereto. *Id.* at 549. One who has signed a written instrument is presumed to have read it. *Hadland v.*

12   *Investors' Tife ns. Co.* (1994) 24 Cal.App.4th 1578, 1587-1589.

13       Here plaintiffs refer to the fact that they were defrauded by defendants in that defendant

14   secured loans that were not as beneficial as a plaintiff's existing loans and that defendants did not

15   provide plaintiffs with copies of their executed documents once the traveling notary at the plaintiff

16   signed the documents.

17       Plaintiffs are presumed to read and reviewed the documents they execute. Plaintiffs set forth

18   the facts in excruciating detail. There exists no mention of duress or coercion in execution of the

19   loan documents produced by the notary. There is only the allegation that Mr. Singh did not make

20   any statements to them about the documents they signed. The detailed complaint omitting any

21   allegations of coercion by defendants in plaintiffs' signing and the statement regarding Mr. Singh's

22   silence supports the inference that plaintiffs signed documents without coercion or duress, knowing

23   the contents thereof.

24       As a result, plaintiffs' cannot plead, let alone establish, justifiable reliance. As such, as a

25   matter of law, plaintiffs' inability to plead reliance is a complete defense to fraud and conspiracy to

26   commit fraud.

27   //

28   //

-6-

1 <u>**CONCLUSION**</u>

2     Plaintiffs' cannot plead justifiable reliance based upon their own verified complaint. As

3 such, as a matter of law, plaintiffs' inability to plead reliance is a complete defense to fraud and

4 conspiracy to commit fraud.

5

6

7 Dated: __1/5/07__            ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

8

9                       By: _____

10                          PAUL F. SMOOT, Attorneys for

11                          SCOTT SMITH dba MORTGAGENET 2000,
                         JEFFREY JAMES TWOMEY, and ANGAT SINGH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT FOR FRAUD; CONSPIRACY TO
COMMIT FRAUD; PROFESSIONAL NEGLIGENCE; AND FOR BREACH OF FIDUCIARY DUTY AND
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1   PAUL J. SMOOT, ESQ. (SBN: 160787)
2   **ANDERLINI, FINKELSTEIN, EMERICK & SMOOT**
   400 South El Camino Real, Suite 700
3   San Mateo, California 94402
   Telephone (650) 348-0102
4   Facsimile (650) 348-0962

5   Attorneys for Plaintiffs
6   **SCOTT SMITH dba MORTGAGENET 2000,**
   **JEFFREY JAMES TWOMEY,**
7   **and ANGAT SINGH**

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       IN AND FOR THE COUNTY OF ALAMEDA, HAYWARD DIVISION

10                   UNLIMITED JURISDICTION

11

12   DAYA NAND and SHRI MATI,     )   Case No.:  HG 06295167
                         )
13         Plaintiffs,        )
                         )   **[PROPOSED] ORDER**
14        v.             )
                         )
15                         )
   SCOTT RICHARD SMITH, dba     )   Date:  **February 2, 2007**
16   MORTGAGENET 2000, JEFFREY JAMES   )   Time:  **9:00 a.m.**
   TWOMEY, an individual; ANGAT SINGH,   )   Dept:  **31**
17   an individual, and DOES 1-20, inclusive,   )
                         )             **BY FAX**
18        Defendants.       )
19

20       On February 2, 2007, at 9:00 a.m., in Department 31 of Alameda Superior Court in
21
   Hayward, California, the Demurrer to Complaint was heard before the Honorable
22
   _____. Linda L. Mallette, counsel for plaintiffs, and Paul J. Smoot, counsel for
23
   defendants were present, the court having read the papers and heard oral argument.
24
25   //

26   //

27   //

28

1    FOR GOOD CAUSE SHOWING defendants' demurrer is sustained without leave to amend.

2

3                                                    ALAMEDA COUNTY SUPERIOR COURT

4

5    Date: _____          _____

6                                    Honorable

7    Approved as to form:

8

9
     Law Offices of Mallette & Libonati
10

11

12   _____
     Linda L. Mallette, Esq.
13   Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit E, Part 1
Page 113

Law Offices of Mallette & Libonati
Attn: Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA   94402

Anderlini Finkelstein & Emerick
Attn:  Smoot, Paul J
400 S.  El Camino Real
Ste. 700
San Mateo, CA   94402

## Superior Court of California, County of Alameda

| Nand | |
|---|---|
| | **Plaintiff/Petitioner(s)** |
| VS. | |
| Smith | |
| | **Defendant/Respondent(s)** |
| (Abbreviated Title) | |

No. HG06295167

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **03/12/2007**<br>Time: **09:00 AM** | Department: **512**<br>Location: **Hayward Hall of Justice**<br>    **2nd Floor**<br>    **24405 Amador Street, Hayward  CA 94544**<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Barbara J. Miller**<br>Clerk: **Jean Linzmeier**<br>Clerk telephone: **(510) 690-2721**<br>E-mail:<br>**Dept.512@alameda.courts.ca.gov**<br>Fax: **(510) 267-1529** |
|---|---|---|

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above.  You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Case Management judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

5.  The Case Management judge may be the trial judge in this case.

*Telephonic appearances at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1 (888) 527-7327, or faxing a service request to 1(800) 833-5133.  This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/25/2007.

By   *Carrie Simmons*    Digital
_____
Deputy Clerk

**Exhibit E, Part 1
Page 114**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA



Date: 01/25/2007

To Whom It May Concern:

Case no.: HG06295167
Date of filing:  10/25/2006

Plaintiff:  Nand
Defendant:  Smith

**Your case is hereby assigned for all purposes to the Hon. Barbara J. Miller, Dept. 512 of the Alameda County Superior Court, Southern Division (Hayward) as part of Alameda County's pilot program in "direct calendaring." Department 512's phone number is (510) 690-2721.  The fax number is (510) 267-1529 or (510) 690-2824.**

Under direct calendaring, your case is assigned to a single judge for all purposes including trial.

**Please note: In cases assigned for all purposes, <u>any challenges brought under Code of Civil Procedure § 170.6 must be exercised within 15 days of the challenging party's first appearance  (See Gov. Code § 68616(i)) or the date of this letter, whichever is later.</u>**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE ON ANY PARTY ADDED TO THE ACTION AFTER THE DATE OF THIS LETTER WITH THE COMPLAINT (AND CROSS-COMPLAINT).

## General Procedures

All documents filed in Judge Miller's department, with the exception of the original summons and the original civil complaint, shall have clearly

typed on the face page of each document, under the case number, the following:

Page 2

ASSIGNED FOR ALL PURPOSES TO
JUDGE BARBARA J. MILLER
DEPARTMENT 512

Counsel are expected to be familiar with the Local Rules of this Court, which are available on the Court's website at: <http://www.alameda.courts.ca.gov/courts/rules/index.shtml>

The Court requires that a bench copy be provided for all briefs filed on matters pending in Dept. 512. This courtesy copy is to be delivered directly or faxed to Dept. 512. The fax number is (510) 267-1529.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Case Management Conference. The Court may refer parties to ADR resources.

**The courtroom schedule for Department 512 is as follows:**

- Trials are held Monday through Thursday between 10:00 a.m. – 4:30 p.m.
- Case Management Conferences are held Mondays, Tuesdays and Fridays at 9:00 a.m., or as otherwise scheduled by Judge Miller in coordination with the parties.
- Law and Motion matters are heard on Wednesdays and Thursdays at 9:00 a.m. (see below)
- Settlement Conferences and trial call are held on Fridays.
- Ex Parte matters will be heard Monday through Friday as space is available.

**Law and Motion Procedures:**

To obtain a hearing date for a Law and Motion matter, parties shall contact the Courtroom Clerk by faxing ((510) 267-1529) or e-mailing (Dept512@alameda.courts.ca.gov) the request directly to the department.

Motions for summary judgment/summary adjudication, demurrers, judgment on the pleadings, motions to strike, motions regarding class actions and writs or any motions regarding a writ are heard Thursday at 9:00 a.m. All other law and motion matters are heard Wednesday at 9:00 a.m. Ex parte matters are heard as needed. Counsel seeking ex parte relief shall contact the Court Attendant at (510) 690-2856 to schedule a hearing.

In accordance with the Local Rules, the Court issues Tentative Rulings two Court days before the hearing. Tentative rulings will be available on the Court's webpage, as well as by phone at (510) 690-2709.
Page 3

The tentative rulings will become orders of the court unless contested according to the following instructions. To arrange an appearance to contest a tentative ruling, you must notify the Court and opposing counsel before 4:00 p.m. on the court day before the hearing. You may leave a message for the court, stating you wish to contest, by calling (510) 690-2709. When you leave your message, state the case name, name of attorney, including phone number and area code and the issues to be contested. Parties may arrange a telephone appearance by leaving a message at that number and notifying opposing counsel of said telephonic appearance

If you have questions about the direct calendaring process, you may contact the department by phone at (510) 690-2721 or via email at Dept512@alameda.courts.ca.gov.

BARBARA J. MILLER, JUDGE

By _____
Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/25/07

By _____
Deputy Clerk

---

Smoot, Paul J
Anderlini Finkelstein & Emerick
400 S. El Camino Real
Ste. 700
San Mateo, CA 94402

Mallette, Linda L
Law Offices of Mallette & Libonati
2046 Fairmont Drive
San Mateo, CA 94402

## ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

<table>
<tr><td>

† P. TERRY ANDERLINI
' DAVID G. FINKELSTEIN
** MERRILL G. EMERICK
  PAUL J. SMOOT


† PAST PRESIDENT STATE BAR
' ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN OREGON

</td><td>

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

400 SOUTH EL CAMINO REAL
SUITE 700
SAN MATEO, CALIFORNIA 94402


TELEPHONE (650) 348-0102
TELECOPIER (650) 348-0962
INFO@AFESLAW.COM
WWW.AFESLAW.COM

</td><td>

OF COUNSEL
DANIEL J. MONACO (RET)
ROBERT M. DESKY
THOMAS J. BARGER
BRUCE M. LUBARSKY

LEGAL ASSISTANT
G. CHRIS ANDERSEN
ALEXANDRIA N. NGUYEN

</td></tr>
</table>

January 29, 2007

FILED
ALAMEDA COUNTY

JAN 2 9 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

Clerk Lavon
Law and Motion Dept 31
Hayward Hall of Justice
24405 Amador Street
Hayward, CA 94544

      Re:   Nand and Mati vs Smith et al
           Alameda Superior Court Case No.: HG06295167

Dear Lavon:

      Please take off calendar the Demurrer to the Complaint Hearing which is scheduled for February 5, 2007, at 9:00 a.m., as there has been a First Amended Complaint filed on January 19, 2007, by opposing counsel in this matter. Thank you for your assistance in this matter.

      If you have any questions, please do not hesitate to contact the undersigned.

                Very truly yours,

                ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

                Katherine M. Zurawski

                Katherine M. Zurawski
                Secretary to
                PAUL J. SMOOT, ESQ.

/kmz

1  LINDA L. MALLETTE, ESQ. St. Bar #104669
   DOMINICK R. LIBONATI, ESQ. St. Bar #111738
2         Law Offices
        MALLETTE & LIBONATI
3         2046 Fairmont Drive
        San Mateo, CA  94402
4         (650) 347-5400

5  Attorneys for Plaintiffs
   Daya Nand and Shri Mati

6

7

FILED
ALAMEDA COUNTY

FEB 1 3 2007

CLERK OF THE SUPERIOR COURT
By_____
                    Deputy

8       COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

9              COUNTY OF ALAMEDA, HAYWARD DIVISION

10
   DAYA NAND and SHRI MATI,          )    NO.  HG006295167
11                                    )
             Plaintiffs,             )    MOTION TO DISQUALIFY JUDGE
12                                    )    [CCP §170.6]; DECLARATION
   vs.                               )    OF LINDA L. MALLETTE IN
13                                    )    SUPPORT OF MOTION TO
   SCOTT RICHARD SMITH, dba          )    DISQUALIFY JUDGE
14 MORTGAGENET 2000, JEFFREY         )
   JAMES TWOMEY, an                   )
15 individual; ANGAT SINGH,          )
   an individual, and DOES           )
16 ONE through TWENTY,               )
   inclusive,                         )
17                                    )
                                     )
18           Defendants.             )
                                     )
19                                    )
                                     )
20 _____)

21       TO THE PRESIDING JUDGE OF THE ABOVE-ENTITLED COURT:

22       PLAINTIFFS DAYA NAND and SHRI MATI, hereby move to

23  disqualify Hon. Barbara J. Miller under the provisions of CCP §

24  170.6.  Judge Miller was assigned this case for all purposes and

25  notice was mailed to plaintiffs' counsel by letter from the

26  court dated January 25, 2007.  Other than to file the complaint

27  and a first amended complaint with the court, plaintiffs have

28  made no other appearances in the action.  No answer is on file

1

Exhibit E, Part 1
Page 120

1    as yet and no trial date has been set.

2         § 170.6 provides the authority for this motion, which

3    states in part:

4         (a)(1) No judge, court commissioner, or referee of any
         superior court of the State of California shall try any
5         civil or criminal action or special proceeding of any kind
         or character nor hear any matter therein that involves a
6         contested issue of law or fact when it shall be established
         as hereinafter provided that the judge or court
7         commissioner is prejudiced against any party or attorney or
         the interest of any party or attorney appearing in the
8         action or proceeding.

9         (2) Any party to or any attorney appearing in any action or
         proceeding may establish this prejudice by an oral or
10        written motion without notice supported by affidavit or
         declaration under penalty of perjury or an oral statement
11        under oath that the judge, court commissioner, or referee
         before whom the action or proceeding is pending or to whom
12        it is assigned is prejudiced against any party or attorney
         or the interest of the party or attorney so that the party
13        or attorney cannot or believes that he or she cannot have a
         fair and impartial trial or hearing before the judge, court
14        commissioner, or referee. Where the judge, other than a
         judge assigned to the case for all purposes, court
15        commissioner, or referee assigned to or who is scheduled to
         try the cause or hear the matter is known at least 10 days
16        before the date set for trial or hearing, the motion shall
         be made at least 5 days before that date. If directed to
17        the trial of a cause where there is a master calendar, the
         motion shall be made to the judge supervising the master
18        calendar not later than the time the cause is assigned for
         trial. If directed to the trial of a cause that has been
19        assigned to a judge for all purposes, the motion shall be
         made to the assigned judge or to the presiding judge by a
20        party within 10 days after notice of the all purpose
         assignment, or if the party has not yet appeared in the
21        action, then within 10 days after the appearance. . .

22   Dated: February 5, 2007

23                           Respectfully submitted,

24                           *Linda L. Mallette*

                             Linda L. Mallette, Attorney for
25                           Plaintiffs

26              DECLARATION OF LINDA L. MALLETTE

27   Linda L. Mallette, under penalty of perjury, declares:

28        1.  I am plaintiffs' attorney.  The following facts are

Exhibit E, Part 1
Page 121

2

1  known to me personally.  If called to testify, I can and will

2  testify as follows:

3      2.  Hon. Barbara J. Miller, the judge to whom this case has

4  been assigned for all purposes, is prejudiced against my clients

5  or me so that the plaintiffs and I cannot or I believe we cannot

6  have a fair and impartial trial or hearing before Judge Miller.

7      I declare under penalty of perjury that the foregoing is

8  true and correct.

9      Executed on February 5, 2007, at San Mateo, California.

10

11                    *Linda L. Mallette*
                      Linda L. Mallette

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within entitled action. I reside in the County of San Mateo, California. My business address is 2046 Fairmont Drive, San Mateo, California 94402.

I served a true copy of the attached document(s) on the person(s) listed below by:

[ ]    Personally delivering a true copy thereof.

[ ]    Telecopied via facsimile.

[ ]    Served by courier service.

[ ]    Sent via overnight delivery.

[ x ]    Placing a true copy, enclosed in a sealed envelope with postage fully prepaid, in the United States mail at San Mateo, California.

[ ]    Mailing by certified mail, return receipt requested

A.  Date of mailing: February 5, 2007

B.  Exact Title of Document(s): MOTION TO DISQUALIFY JUDGE [CCP §170.6]; DECLARATION OF LINDA L. MALLETTE IN SUPPORT OF MOTION TO DISQUALIFY JUDGE

Paul Smoot, Esq.
Anderlini, Finkelstein, Emerick & Smoot
400 South El Camino Real
San Mateo, CA 94402


I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. This declaration is executed on February 5, 2007, at San Mateo, California.

*Linda L. Mallette*
Linda L. Mallette

Law Offices of Mallette & Libonati
Attn:  Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA   94402

Anderlini Finkelstein & Emerick
Attn:  Smoot, Paul J
400 S.  El Camino Real
Ste. 700
San Mateo, CA   94402

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Nand | No. HG06295167 |
| Plaintiff/Petitioner(s) | |
| VS. | Declaration Re: Challenge for Cause as to Judge Barbara J. Miller Granted |
| Smith | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

IT IS ORDERED that the Motion of Plaintiffs Daya Nand and Shri Mati to Disqualify Judge Barbara J. Miller pursuant to Code Civ. Proc. section 170.6 is GRANTED.

This case is hereby assigned for case management purposes to Judge David Hunter, presiding in Dept. 520 of this Court, located at the Hayward Hall of Justice, 24405 Amador Street, Hayward, California 94544.

The Initial Case Management Conference, previously scheduled for March 12, 2007, is hereby CONTINUED to May 24, 2007, at 9:00 a.m. in Dept. 520.

Law and motion matters in this case will be heard in Department 31 on the 9:00 a.m. calendar, and ex parte applications will be heard in Department 31 at 1:30 p.m.  The parties shall calendar law and motion matters according to this schedule.

Dated:  02/14/2007

Judge Harry R. Sheppard

Law Offices of Mallette & Libonati
Attn: Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA   94402

Anderlini Finkelstein & Emerick
Attn: Smoot, Paul J
400 S. El Camino Real
Ste. 700
San Mateo, CA   94402

## Superior Court of California, County of Alameda

Nand
                          Plaintiff/Petitioner(s)
              VS.

Smith

                          Defendant/Respondent(s)
              (Abbreviated Title)

No. HG06295167

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER (AMENDED)**
Unlimited Jurisdiction

Initial Case Management Conference on
03/12/2007 has been vacated and rescheduled.

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 05/24/2007<br>Time: 09:00 AM | Department: 520<br>Location: **Hayward Hall of Justice**<br>**3rd Floor**<br>**24405 Amador Street, Hayward CA 94544**<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **David Hunter**<br>Clerk: **Lindnell Williams**<br>Clerk telephone: **(510) 690-2729**<br>E-mail:<br>**Dept.520@alameda.courts.ca.gov**<br>Fax: **(510) 267-1531** |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Case Management judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

5.  The Case Management judge may be the trial judge in this case.

*Telephonic appearances at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1 (888) 527-7327, or faxing a service request to 1(800) 833-5133. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/15/2007.

By  *Lindnell Williams*  digital

Deputy Clerk

**Exhibit E, Part 1
Page 125**

1  PAUL J. SMOOT, SBN 160787
   **ANDERLINI, FINKELSTEIN, EMERICK & SMOOT**
2  400 South El Camino Real, Suite 700
   San Mateo, California 94402
3  Telephone (650) 348-0102
   Facsimile  (650) 348-0962
4

5  Attorneys for Defendants
   **SCOTT SMITH dba MORTGAGENET 2000,**
6  **JEFFREY JAMES TWOMEY,**
   **and ANGAT SINGH**
7

8

FILED
ALAMEDA COUNTY

MAR 0 9 2007

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

9          SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

10             HAYWARD DIVISION - UNLIMITED JURISDICTION

11  DAYA NAND and SHRI MATI,            )   Case No. HG06295167
                                        )
12                          Plaintiffs, )
                                        )   **DEFENDANTS' ANSWER TO**
13       v.                             )   **PLAINTIFFS' FIRST AMENDED**
                                        )   **COMPLAINT**
14  SCOTT RICHARD SMITH,  dba)
    MORTGAGENET 2000, JEFFREY JAMES)
15  TWOMAY, an individual; ANGAT SINGH, an)
    individual, and DOES ONE through TWENTY,)    **BY FAX**
16  inclusive,                          )
                                        )
17                          Defendants. )
                                        )
18

19          Defendants SMITH, TWOMEY and SINGH, and each of them, come now to answer

20  plaintiffs' first amended complaint on the following grounds:

21  1.       These answering defendants do not have sufficient information to either admit or deny

    allegations set forth in this paragraph and therefore deny.

22  2.       These answering defendants do not have sufficient information to either admit or deny

23  allegations set forth in this paragraph and therefore deny.

24  3.       These answering defendants do not have sufficient information to either admit or deny

25  allegations set forth in this paragraph and therefore deny.

26  4.       These answering defendants do not have sufficient information to either admit or deny

27  allegations set forth in this paragraph and therefore deny.

28

                                        1

1  5.    These answering defendants do not have sufficient information to either admit or deny

2  allegations set forth in this paragraph and therefore deny.

3  6.    These answering defendants do not have sufficient information to either admit or deny

4  allegations set forth in this paragraph and therefore deny.

5  7.    These answering defendants deny each and every allegation herein as false and therefore deny.

6  8.    These answering defendants deny each and every allegation herein as false and therefore deny.

7  9.    These answering defendants deny each and every allegation herein as false and therefore deny.

8  10.    These answering defendants deny each and every allegation herein as false and therefore deny,

9  save and except that SINGH and NAND spoke by telephone and NAND requested a meeting at

10  SINGH's business.

11  11.    These answering defendants do not have sufficient information to either admit or deny

12  allegations set forth in this paragraph and therefore deny.

13  12.    These answering defendants do not have sufficient information to either admit or deny

14  allegations set forth in this paragraph and therefore deny.

15  13.    These answering defendants do not have sufficient information to either admit or deny

16  allegations set forth in this paragraph and therefore deny.

17  14.    These answering defendants do not have sufficient information to either admit or deny

18  allegations set forth in this paragraph and therefore deny, save and except plaintiffs approached

19  Twomey to lower the payments of the Ranker 4plex and the Del Vista property as soon as possible

20  because of an immediate need for fast cash due to an impending family emergency, time was of the

21  essence.

22  15.    These answering defendants do not have sufficient information to either admit or deny

23  allegations set forth in this paragraph and therefore deny, save and except to the extent that NAND

24  requested TWOMEY to immediately refinances to lower payments and pull out as much cash as

25  possible; plaintiffs presented themselves as experienced investors who knew the markets, real estate

26  and financial, and were seeking to gain quick cask at lower overall payments to assist a family

27  member in matter of dire emergency.

28  16.    These answering defendants do not have sufficient information to either admit or deny

---

2                                                    **Exhibit E, Part 1**

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT          10560078.tif - 3/9/2009 3:27 PM

1 allegations set forth in this paragraph and therefore deny, save and except that TWOMEY provided

2 plaintiffs with multiple copies of the loan packages and disclosures on numerous occasions because

3 plaintiffs asserted they lost or misplaced the documents.

4 17.    These answering defendants deny each and every allegation herein as false and therefore deny.

5 18.    These answering defendants deny each and every allegation herein as false and therefore deny,

6 save and except that (1) there was casual conversation, (2) notary signing at plaintiffs; all paper work

7 was brought by the notary, defendants did not bring any documents to the signing because the bank

8 documents are in the sole custody and control of the notary, an agent of the lender; defendants further

9 assert plaintiffs English was excellent, plaintiffs use and apparent understanding of English was

10 excellent, and plaintiffs boasted of their knowledge of real estate and financials transaction, stating

11 they were very familiar with the loan process and had executed numerous loan packages; at the

12 conclusion of the meeting plaintiffs outwardly appeared very happy, almost joyous because of the

13 work TWOMEY had performed for such a difficult transaction in such a short period of time and

14 gleefully singed the papers.

15 19.    These answering defendants do not have sufficient information to either admit or deny

16 allegations set forth in this paragraph and therefore deny; however, as a point of clarification,

17 defendants assert that they never had the completed documents in their possession, and all legal,

18 executed copies were left with the plaintiffs and originals with the notary.

19 20.    These answering defendants deny each and every allegation herein as false and therefore deny.

20 21.    These answering defendants do not have sufficient information or understanding of plaintiffs'

21 assertion to either admit or deny allegations set forth in this paragraph and therefore deny; as a point

22 of clarification, these properties were non-owner occupied properties.

23 22.    These answering defendants do not have sufficient information to either admit or deny

24 allegations set forth in this paragraph and therefore deny; save and except, defendants witnessed all

25 paperwork and documentation was delivered to NAND by the notary, and all elements of the loan

26 were disclosed, and NAND acknowledged these costs to the notary and then executed the documents

27 in the presence of the notary.

28 23.    These answering defendants deny each and every allegation herein as false and therefore deny;

---

**3**

**Exhibit E, Part 1**

10560078.tif - 3/9/2007 2:35:29 PM

1    TWOMEY gather all necessary information from NAND in their very first telephone conversation.

2    24.     These answering defendants deny each and every allegation herein as false and therefore deny;

3    TWOMEY was requested to refinance all NAND's properties to drop their payments as much as

4    possible and to accomplish same as fast as possible.

5    25.     These answering defendants deny each and every allegation herein as false and therefore deny;

6    notary delivered all the documents to NAND.

7    26.     These answering defendants do not have sufficient information to either admit or deny

8    allegations set forth in this paragraph and therefore deny.

9    27.     These answering defendants do not have sufficient information to either admit or deny

10    allegations set forth in this paragraph and therefore deny.

11    28.     These answering defendants do not have sufficient information to either admit or deny

12    allegations set forth in this paragraph and therefore deny.

13    29.     These answering defendants do not have sufficient information to either admit or deny

14    allegations set forth in this paragraph and therefore deny.

15    30.     These answering defendants do not have sufficient information to either admit or deny

16    allegations set forth in this paragraph and therefore deny.

17    31.     These answering defendants do not have sufficient information to either admit or deny

18    allegations set forth in this paragraph and therefore deny.

19    32.     These answering defendants do not have sufficient information to either admit or deny

20    allegations set forth in this paragraph and therefore deny.

21    33.     These answering defendants do not have sufficient information to either admit or deny

22    allegations set forth in this paragraph and therefore deny.

23    34.     These answering defendants do not have sufficient information to either admit or deny

24    allegations set forth in this paragraph and therefore deny.

25    35.     These answering defendants do not have sufficient information to either admit or deny

26    allegations set forth in this paragraph and therefore deny.

27    36.     These answering defendants do not have sufficient information to either admit or deny

28    allegations set forth in this paragraph and therefore deny.

4

**Exhibit E, Part 1**

1   37.    These answering defendants do not have sufficient information to either admit or deny

2   allegations set forth in this paragraph and therefore deny.

3   38.    These answering defendants do not have sufficient information to either admit or deny

4   allegations set forth in this paragraph and therefore deny.

5   39.    These answering defendants do not have sufficient information to either admit or deny

6   allegations set forth in this paragraph and therefore deny.

7   40.    These answering defendants do not have sufficient information to either admit or deny

8   allegations set forth in this paragraph and therefore deny.

9   41.    These answering defendants do not have sufficient information to either admit or deny

10   allegations set forth in this paragraph and therefore deny.

11   42.    These answering defendants do not have sufficient information to either admit or deny

12   allegations set forth in this paragraph and therefore deny.

13   43.    These answering defendants do not have sufficient information to either admit or deny

14   allegations set forth in this paragraph and therefore deny.

15   44.    These answering defendants do not have sufficient information to either admit or deny

16   allegations set forth in this paragraph and therefore deny.

17   45.    These answering defendants do not have sufficient information to either admit or deny

18   allegations set forth in this paragraph and therefore deny.

19   46.    These answering defendants do not have sufficient information to either admit or deny

20   allegations set forth in this paragraph and therefore deny.

21   47.    These answering defendants do not have sufficient information to either admit or deny

22   allegations set forth in this paragraph and therefore deny.

23   48.    These answering defendants do not have sufficient information to either admit or deny

24   allegations set forth in this paragraph and therefore deny.

25   49.    These answering defendants do not have sufficient information to either admit or deny

26   allegations set forth in this paragraph and therefore deny.

27   50.    These answering defendants do not have sufficient information to either admit or deny

28   allegations set forth in this paragraph and therefore deny.

**Exhibit E, Part 1**

1   51.     These answering defendants do not have sufficient information to either admit or deny

2   allegations set forth in this paragraph and therefore deny.

3   52.     These answering defendants do not have sufficient information to either admit or deny

4   allegations set forth in this paragraph and therefore deny.

5   53.     These answering defendants do not have sufficient information to either admit or deny

6   allegations set forth in this paragraph and therefore deny.

7   54.     These answering defendants do not have sufficient information to either admit or deny

8   allegations set forth in this paragraph and therefore deny.

9   55.     These answering defendants do not have sufficient information to either admit or deny

10  allegations set forth in this paragraph and therefore deny.

11  56.     These answering defendants do not have sufficient information to either admit or deny

12  allegations set forth in this paragraph and therefore deny.

13  57.     These answering defendants do not have sufficient information to either admit or deny

14  allegations set forth in this paragraph and therefore deny.

15  58.     These answering defendants do not have sufficient information to either admit or deny

16  allegations set forth in this paragraph and therefore deny.

17  59.     These answering defendants do not have sufficient information to either admit or deny

18  allegations set forth in this paragraph and therefore deny.

19  60.     These answering defendants do not have sufficient information to either admit or deny

20  allegations set forth in this paragraph and therefore deny.

21  61.     These answering defendants do not have sufficient information to either admit or deny

22  allegations set forth in this paragraph and therefore deny.

23  62.     These answering defendants do not have sufficient information to either admit or deny

24  allegations set forth in this paragraph and therefore deny.

25  63.     These answering defendants do not have sufficient information to either admit or deny

26  allegations set forth in this paragraph and therefore deny.

27  64.     These answering defendants do not have sufficient information to either admit or deny

28  allegations set forth in this paragraph and therefore deny.

**Exhibit E, Part 1**

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT                    **Page 131**

10560078.tif - 3/9/2007 2:35:25 PM

1  65.    These answering defendants do not have sufficient information to either admit or deny

2  allegations set forth in this paragraph and therefore deny.

3  66.    These answering defendants do not have sufficient information to either admit or deny

4  allegations set forth in this paragraph and therefore deny.

5  67.    These answering defendants do not have sufficient information to either admit or deny

6  allegations set forth in this paragraph and therefore deny.

7  68.    These answering defendants do not have sufficient information to either admit or deny

8  allegations set forth in this paragraph and therefore deny.

9  69.    These answering defendants do not have sufficient information to either admit or deny

10  allegations set forth in this paragraph and therefore deny.

11  70.    These answering defendants do not have sufficient information to either admit or deny

12  allegations set forth in this paragraph and therefore deny.

13  71.    These answering defendants do not have sufficient information to either admit or deny

14  allegations set forth in this paragraph and therefore deny.

15  **AFFIRMATIVE DEFENSES**

16  AS AND FOR AFFIRMATIVE DEFENSES, DEFENDANTS, AND EACH OF THEM,

17  ALLEGE AS FOLLOWS:

18  **FIRST AFFIRMATIVE DEFENSE**

19  **(Failure to State Facts Sufficient to Constitute a Cause of Action)**

20  Neither Plaintiff's Complaint nor any alleged cause of action thereof, states facts sufficient

21  to constitute a cause of action.

22  **SECOND AFFIRMATIVE DEFENSE**

23  **(Misjoinder by Failure to Join Necessary Parties)**

24  Plaintiff has failed to state a cause of action for the reason that there is a misjoinder of parties

25  arising from Plaintiff's failure to join a necessary party as a party defendant.

26  **THIRD AFFIRMATIVE DEFENSE**

27  **(Bar by Other Statutes of Limitations)**

28  Plaintiff is barred from pursuing the present action, and each and every cause of action

---

7                                              **Exhibit E, Part 1**

1  thereof, by one or more of the following statutes, consisting statutes of limitation under the Code of

2  Civil Procedure, to wit, Sections 312, 335, 331.1, 337-1, 2 and 3; 338(a)(c)(d), 339-1 and 3;

3  340(a)(b)(c), 341-3, 343, 344, 359, and other applicable Code of Civil Procedure Sections.

4  ### FOURTH AFFIRMATIVE DEFENSE

5  **(Equitable Estoppel by Prior Dismissal of the Fourth or RICO Cause of Action)**

6  Plaintiff is barred by the doctrine of equitable estoppel.

7  ### FIFTH AFFIRMATIVE DEFENSE

8  **(Bar by Laches)**

9  Plaintiff is barred by his laches in his failure to make any timely claim or timely file suit, or

10  otherwise take timely steps to enforce alleged rights under the Complaint or any alleged cause of

11  action thereof, the existence of which is otherwise denied.

12  ### SIXTH AFFIRMATIVE DEFENSE

13  **(Bar by Waiver)**

14  Plaintiff to the prejudice of Defendants has waived any and all rights to claim any relief in

15  connection with the subject matter of the Third Amended Complaint or any alleged cause of action

16  thereof.

17  ### SEVENTH AFFIRMATIVE DEFENSE

18  **(Bar by Estoppel)**

19  Plaintiff is estopped by reason of his inequitable conduct to the prejudice of Defendants so

20  as to be barred from the prosecution of the Complaint or any alleged cause of action or relief under

21  the same.

22  ### EIGHTH AFFIRMATIVE DEFENSE

23  **(Unclean Hands)**

24  Plaintiff has engaged in inequitable conduct with reference to the subject alleged in the

25  Complaint which bars Plaintiff by the doctrine of unclean hands and forfeits his right to pursue the

26  Complaint or any cause of action thereof or any relief under the same.

27

28

NINTH AFFIRMATIVE DEFENSE

(Bar by Acceptance of Benefits)

Plaintiff has accepted benefits by reason of accepting distribution of proceeds.

TENTH AFFIRMATIVE DEFENSE

(Bar by General Release)

Plaintiff is barred from pursuing the present action and each and every cause of action thereof in that Plaintiff has released any and all claims, demands and liabilities by entering into a general release.

ELEVENTH AFFIRMATIVE DEFENSE

(Bar by Accord and Satisfaction)

Plaintiff is barred in that mutual consent of Plaintiff and the defendants constitutes an accord and satisfaction barring any and all claims which are the subject to the same.

TWELFTH AFFIRMATIVE DEFENSE

(Fraud)

Plaintiff is barred in that Plaintiff's conduct constitutes fraud, and therefore is barred from recovery.

THIRTEENTH AFFIRMATIVE DEFENSE

(Breach of Fiduciary Duty)

Plaintiff is barred from any relief in that Plaintiff breached their fiduciary duties; concomitantly, defendant SIGNH does not have a fiduciary duty due to his status as a non-agent or person not required to have a license.

FOURTEENTH AFFIRMATIVE DEFENSE

(Breach of Loyalty and Confidential Relationship)

Plaintiff is guilty of unclean hands in seeking to utilize oral and written confidences, fraud, forgery, deceit, threats of violence, threats of murder and other acts of intimidation, in order to pursue and prosecute the present claim, and is barred from pursuing any cause of action or seeking any relief under the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

Plaintiff is guilty of misfeasance, and is at fault in the matters alleged in the various causes of action; and the fault of defendants, if any, should be compared as against and evaluated along with that of Plaintiff, and Plaintiff's recovery, if any, eliminated or diminished accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Offset)

Defendants have claims derived from plaintiffs that offset, in whole or in part, and/or that in fact exceed those urged by Plaintiff in the Complaint, none of which are admitted, and which have been denied; and, therefore, the claims of Defendants should be offset against the alleged claims of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Fault of Third Parties)

Plaintiff is barred from pursuing any of the alleged causes of action in that the conduct complained of was the conduct of third parties, for which Defendants were and are not responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (No Liability of Individual for Corporate Acts)

Plaintiff is unable to maintain or pursue any cause of action in that the acts were, to a substantial extent, if not entirely, those of a corporate defendant, named or unnamed, its officers and employees, including Defendant; and, therefore, Plaintiff cannot assert or maintain any individual liability of Plaintiff for any such alleged act or acts.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate any damages he has alleged to have suffered.

### TWENTY AFFIRMATIVE DEFENSE

#### (Declaratory Relief)

Plaintiff and defendant have a dispute as to the legal right of plaintiff and plaintiff's family members to be filing actions in the United States based upon their immigration status, resulting from

1  criminal and non-criminal matters. Defendants ask for a judicial determination that the basis of

2  plaintiff's claims arises their fraud based upon the improper immigration status, resulting from

3  criminal and non-criminal matters.

4                                        **PRAYER**

5         WHEREFORE, Defendants pray for judgment as follows:

6      1.      Plaintiffs take nothing by their complaint;

7      2.      For an order from the court declaring plaintiffs are not citizens nor do they have any

8  basis for remaining in the United States as a result of their activity;

9      3.      For costs of suit herein; and

10     4.      For such other and further relief as the Court may deem proper.

11 Dated: March 8, 2007                  ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

12

13

14                                        DAVID G. FINKELSTEIN
                                          PAUL J. SMOOT
15                                        Attorney for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2    VERIFICATION

3      I, Paul J. Smoot, on behalf of Scott Smith the defendant in this action, have read the foregoing

4    answer and know the contents thereof.  The same is true of my own knowledge, except as to those

5    matters which are therein stated on information and belief, and, as to those matters, I believe it to be

6    true.  This Verification is made by counsel of record due to Mr. Smith living outside of the county.

7      I declare under penalty of perjury under the laws of the State of California that the foregoing

8    is true and correct.

9

10   Dated: March 8, 2007

                                     Scott Smith

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

Exhibit E, Part 1

10560078.tif - 3/9/2008 2:36:35PM

VERIFICATION

I, Paul J. Smoot, on behalf of Jeffrey Twomey the defendant in this action, have read the foregoing answer and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. This Verification is made by counsel of record due to Mr. Twomey living outside of the county. 

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 8, 2007

_____
Jeffrey Twomey

# VERIFICATION

I, Paul J. Smoot, on behalf of Angat Singh the defendant in this action, have read the foregoing answer and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. This Verification is made by counsel of record due to Mr. Singh ~~living~~ outside of the county.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Dated: March 8, 2007

_____
Angat Singh

1  **MATTER:**  Nand & Mati vs Smith et al
2  **CASE:**    Superior Court of California, Alameda County, Hayward Division
            Case No.: HG06295167

3

                              **PROOF OF SERVICE**
4

5  I, Katherine M. Zurawski, declare as follows:

6  I am over eighteen years of age and not a party to the within action. My business address is 400
   El Camino Real, Suite 700, San Mateo, CA 94402. I am employed in San Mateo County,
7  California.

8  On **March 9, 2007**, I served a copy of

9
                 ~~DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT~~
10

11 on the parties named below as follows:

12 **[ XX ]  BY U.S. MAIL:** I am readily familiar with my employer's practice for collection and
   processing of correspondence for mailing with the United States Postal Service.  I served said
13 document(s) by following ordinary business practice and placing said document(s) in a sealed
   envelope for collection and mailing. In the ordinary course of business, said document(s) would
14 have been deposited for first-class delivery with the United States Postal Service, with postage fully
15 prepaid, the same day as placed for deposit. Each envelope bore the name and address of the person
   served as follows:
16

17 Linda L. Mallette, Esq.
   Law Offices of Mallette & Libonati
18 2046 Fairmont Drive
   San Mateo, CA 94402
19 Tel: 650-347-5400
20 Fax: 650 347-5660
   *Attorneys for Plaintiffs Nand & Mati*
21

22      I declare under penalty of perjury under the laws of the State of California that the foregoing
   is true and correct and that this declaration was executed on **March 9, 2007**, at San Mateo,
23 California.

24.

25                               Katherine M. Zurawski

26

27

28

                                                      **Exhibit E, Part 1**   1

**EXHIBIT E  -  Part 2**

*5681618*

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Linda L. Mallette    (State Bar # 104669)<br>Law Offices of Mallette & Libonati<br>2046 Fairmont Drive<br>San Mateo, CA 94402<br>TELEPHONE NO.: (650) 347-5400    FAX NO. *(Optional):* (650) 347-5660<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Daya Nand and Shri Mati | **FILED**<br>ALAMEDA COUNTY<br><br>MAY 0 8 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS: 24405 Amador Street<br>CITY AND ZIP CODE: Hayward, California 94544<br>BRANCH NAME: Hayward | |

| PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI |
|---|
| DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, et al |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):   [X] **UNLIMITED CASE**        [ ] **LIMITED CASE**<br>(Amount demanded                (Amount demanded is $25,000<br>exceeds $25,000)                or less) | HG06295167 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:        May 24, 2007        Time:    9:00 a.m.    Dept.:    520        Div.:        Room:

Address of court *(if different from the address above):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X]  This statement is submitted by party *(name):* Plaintiff
   b. [ ]  This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):* October 25, 2006
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X]  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*

      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ]  have had a default entered against them *(specify names):*

   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a.  Type of case in  [X] complaint        [ ] cross-complaint    *(describe, including causes of action):*
   Fraud, conspiracy to commit fraud; professional negligence and breach of fiduciary duty against a real estate broker, his agent and his unlicensed agent for leading plaintiffs to unacceptable loans, adjustable and with prepayment penalties, while representing to plaintiffs the loans (3) were fixed and more beneficial than the loans being refinanced. The representations were untrue.

Page 1 of 4

**Exhibit E, Part 2**
**Page 104**

CM-110

| PLAINTIFF/PETITIONER: DAYA NAND, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, et al | HG06295167 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs are now stuck with loans with interest rates going so high that plaintiffs are in danger of losing their three properties. Plaintiffs are minigating damages by selling what they can. The damages include the extremely high commissions paid to the faithless broker and his helpers, the differential in interest paid between plaintiffs' existing loans and the loans urged upon them by defendants, prepayment penalties plaintiffs have had to pay to get rid of defendants' arranged loans, related closing costs, and punitive damages.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☒ a jury trial   ☐ a nonjury trial        *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Only conflicts known at this time are in July and August, and it is not likely the court will set trial in those months.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒ days *(specify number):* 8
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel  ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☒ All parties have agreed to a form of ADR. ADR will be completed by *(date):* July 15, 2007
c.  ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: DAYA NAND, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, et al | HG06295167 |

10. d.    The party or parties are willing to participate in (check all that apply):

    (1)  [X]  Mediation

    (2)  [ ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3)  [X]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4)  [ ]  Binding judicial arbitration

    (5)  [ ]  Binding private arbitration

    (6)  [ ]  Neutral case evaluation

    (7)  [ ]  Other (specify):

  e.  [ ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f.  [ ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.  [ ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**

  [X]  The party or parties are willing to participate in an early settlement conference (specify when):

    After mediation if mediation fails

**12. Insurance**

  a.  [ ]  Insurance carrier, if any, for party filing this statement (name):

  b.  Reservation of rights:    [ ]  Yes    [ ]  No

  c.  [ ]  Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  [ ]  Bankruptcy    [ ]  Other (specify):

Status:

**14. Related cases, consolidation, and coordination**

  a.  [ ]  There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    [ ]  Additional cases are described in Attachment 14a.

  b.  [ ]  A motion to    [ ]  consolidate    [ ]  coordinate    will be filed by (name party):

**15. Bifurcation**

  [ ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

  [ ]  The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

---

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

**Exhibit E, Part 2**    Page 3 of 4

LexisNexis® Automated California Judicial Council Forms

Page 149

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: DAYA NAND, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, et al. | HG06295167 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Smith | deposition | June 6, 2007 |
| Twomey | deposition | May 31, 2007 |
| Singh | deposition | May 31, 2007 |
| Notary public witness | deposition | June 30, 2007 |
| | | Continued in Attachment 17b |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

Previous case management orders in this case are *(check one):*    ☒ none    ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 7, 2007

| | |
|---|---|
| Linda L. Mallette | ► *Linda L. Mallette* |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ► |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

**CASE MANAGEMENT STATEMENT**    **Exhibit E, Part 2**    Page 4 of 4
LexisNexis® Automated California Judicial Council Forms    Page 44

# Attachments

Attachment 17b

> Party: Smith, Twomey & Singh
> Description: document production
> Date: 28 May 2007

1          PROOF OF SERVICE

2          I am over the age of eighteen years and not a party to the
   within entitled action.  I reside in the County of San Mateo,
3  California.  My business address is 2046 Fairmont Drive, San
   Mateo, California 94402.

4
           I served a true copy of the attached document(s) on the
5  person(s) listed below by:

6          [  ]  Personally delivering a true copy thereof.

7          [  ]  Telecopied via facsimile.

8          [  ]  Served by courier service.

9          [  ]  Sent via overnight delivery.

10         [ x ]  Placing a true copy, enclosed in a sealed envelope
   with postage fully prepaid, in the United States mail at San
11 Mateo, California.

12         [  ] Mailing by certified mail, return receipt requested

13 A.   Date of mailing: May 7, 2007

14 B.   Exact Title of Document(s):Case Management Statement

15 Paul Smoot, Esq.
   Anderlini, Finkelstein, Emerick & Smoot
16 400 South El Camino Real
   San Mateo, CA 94402
17

18         I declare under penalty of perjury, under the laws of the
   State of California that the foregoing is true and correct.
19 This declaration is executed on May 7, 2007, at San Mateo,
   California.
20
                              Linda L. Mallette
21                            Linda L. Mallette

22

23

24

25

26

27

28

05/14/2007 10:01 FAX 650 3480       ANDERLINI

*5675105*

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| PAUL J. SMOOT (SBN: 160787)<br>ANDERLINI, FINKELSTEIN, EMERICK & SMOOT<br>400 EL CAMINO REAL, SUITE 700<br><br>SAN MATEO, CA 94402<br>TELEPHONE NO.: 650-348-0102 FAX NO. *(Optional)*: 650-348-0962<br>E-MAIL ADDRESS *(Optional)*: PSMOOT@AFESLAW.COM<br>ATTORNEY FOR *(Name)*: DEFENDANTS SMITH, TWOMEY & SINGH | FILED ALAMEDA COUNTY<br><br>MAY 14 2007<br><br>CLERK OF SUPERIOR COURT<br>BY *Alphonine Oates*<br>          DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: HAYWARD HALL OF JUSTICE
MAILING ADDRESS: 24405 AMADOR STREET
CITY AND ZIP CODE: HAYWARD, CA 94544
BRANCH NAME:

PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI

DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, dba MORTGAGENET 2000, JEFFREY JAMES TWOMEY, and ANGAT SINGH

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [X] **UNLIMITED CASE**    [ ] **LIMITED CASE**<br>    (Amount demanded     (Amount demanded is $25,000<br>    exceeds $25,000)     or less) | HG06295167   **BY FAX** |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: MAY 24, 2007      Time: 9:00 A.M.      Dept.: 512      Div.:      Room:

Address of court *(if different from the address above)*:

     INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: DEFENDANTS SMITH, TWOMEY & SINGH
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: OCTOBER 25, 2006
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint    [ ] cross-complaint    *(describe, including causes of action)*:
        FRAUD, CONSPIRACY TO COMMIT FRUAD, PROFESSIONAL NEGLIGENCE; AND FOR BREACH OF FIDUCIARY DUTY

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720-3.730<br>Legal<br>Solutions |

Exhibit E, Part 2
Page 147

10663695.tif - 5/14/2007 10:02:04 AM

05/14/2007 10:02 FAX 650 3480        ANDERLINI                    ☑004/007

CM-110

| PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, dba MORTGAGENET 2000, JEFFREY JAMES TWOMEY, and ANGAT SINGH | HG06295167 |

4.  b.    Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs' have owned and continue to own multiple residential investment properties. Plaintiffs' have applied for and taken out at least 5 loans identical to the loans they are now alleging were fraudulant. Plaintiffs' requested these loans be made to reduce debt service and free monies for the defense of their daugher and/or other relatives who was being deported. Defendants accomplished same. Plaintiffs' have not been damaged.

☐    *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.    **Jury or nonjury trial**
The party or parties request    [X] a jury trial    ☐ a nonjury trial        *(if more than one party, provide the name of each party requesting a jury trial):*

6.    **Trial date**
a.    ☐    The trial has been set for *(date):*
b.    [X]    No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c.    Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.    **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.    [X]    days *(specify number):* 15-18
b.    ☐    hours (short causes) *(specify):*

8.    **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial    [X] by the attorney or party listed in the caption    ☐ by the following:
a.    Attorney:
b.    Firm:
c.    Address:
d.    Telephone number:
e.    Fax number:
f.    E-mail address:
g.    Party represented:
☐    Additional representation is described in Attachment 8.

9.    **Preference**
☐    This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.    Counsel    [X] has    ☐ has not        provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.    ☐    All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.    ☐    The case has gone to an ADR process *(indicate status):*

05/14/2007 10:02 FAX 650 34809⬤          ANDERLINI          ⬤          ☒005/007

CM-110

| PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, dba MORTGAGENET 2000, JEFFREY JAMES TWOMEY, and ANGAT SINGH | HG06295167 |

10. d.   The party or parties are willing to participate in *(check all that apply):*
    (1) ☒   Mediation
    (2) ☐   Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐   Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐   Binding judicial arbitration
    (5) ☐   Binding private arbitration
    (6) ☒   Neutral case evaluation
    (7) ☐   Other *(specify):*

   e. ☐   This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. Settlement conference
   ☒ The party or parties are willing to participate in an early settlement conference *(specify when):*  ASAP

12. Insurance
   a. ☐   Insurance carrier, if any, for party filing this statement *(name):*
   b.   Reservation of rights:   ☐ Yes   ☐ No
   c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

13. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy    ☐ Other *(specify):*
   Status:

14. Related cases, consolidation, and coordination
   a. ☐   There are companion, underlying, or related cases.
      (1)  Name of case:
      (2)  Name of court:
      (3)  Case number:
      (4)  Status:
   ☐ Additional cases are described in Attachment 14a.
   b. ☐   A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

15. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. Other motions
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**          Page 3 of 4

Exhibit E, Part 2
10563695.tif - 5/14/2007 10:02:04 AM

05/14/2007 10:02 FAX 650 3480          ANDERLINI                    ☑006/007

CM-110

PLAINTIFF/PETITIONER: DAYA NAND and SHRI MATI | CASE NUMBER:

DEFENDANT/RESPONDENT: SCOTT RICHARD SMITH, dba MORTGAGENET | HG06295167
2000, JEFFREY JAMES TWOMEY, and ANGAT SINGH

17. **Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☒ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| DEFENDANTS | WRITTEN DISCOVERY | AUGUST 2007 |
| DEFENDANTS | DEPOSITIONS OF PLAINTIFFS | SEPTEMBER 2007 |

c. ☐ The following discovery issues are anticipated (specify):

18. **Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

19. **Other issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

20. **Meet and confer**
a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

21. **Case management orders**
Previous case management orders in this case are (check one): ☐ none   ☐ attached as Attachment 21.

22. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 11, 2007

PAUL J. SMOOT
(TYPE OR PRINT NAME)                          ▶ _____
                                                (SIGNATURE OF PARTY OR ATTORNEY)

_____                    ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY)
                                                ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]        **CASE MANAGEMENT STATEMENT**              Page 4 of 4

Exhibit E, Part 2
10583695.tif - 5/14/2007 9:52:04 AM

**MATTER:**   Nand & Mati vs Smith et al
**CASE:**   Superior Court of California, Alameda County, Hayward Division
Case No.: HG06295167

## PROOF OF SERVICE

I, Katherine M. Zurawski, declare as follows:

I am over eighteen years of age and not a party to the within action. My business address is 400 El Camino Real, Suite 700, San Mateo, CA 94402. I am employed in San Mateo County, California.

On **May 14, 2007**, I served a copy of

### CASE MANAGEMENT CONFERENCE STATEMENT

on the parties named below as follows:

**[XX] BY U.S. MAIL:** I am readily familiar with my employer's practice for collection and processing of correspondence for mailing with the United States Postal Service.   I served said document(s) by following ordinary business practice and placing said document(s) in a sealed envelope for collection and mailing. In the ordinary course of business, said document(s) would have been deposited for first-class delivery with the United States Postal Service, with postage fully prepaid, the same day as placed for deposit. Each envelope bore the name and address of the person served as follows:

Linda L. Mallette, Esq.
Law Offices of Mallette & Libonati
2046 Fairmont Drive
San Mateo, CA 94402
Tel: 650-347-5400
Fax: 650 347-5660
*Attorneys for Plaintiffs Nand & Mati*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **May 14, 2007**, at San Mateo, California.

Katherine M. Zurawski

Katherine M. Zurawski

PROOF OF SERVICE

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes
### Effective July 1, 2007

Case Number:HG06295167
Case Title:    Nand VS Smith
Date of Filing: 10/25/2006

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On July 1, 2007 this case will be assigned for all purposes to:

| | |
|---|---|
| Judge: | David Hunter |
| Department: | 520 |
| Address: | Hayward Hall of Justice |
| | 24405 Amador Street |
| | Hayward  CA  94544 |
| Phone Number: | (510) 690-2729 |
| Fax Number: | (510) 267-1531 |
| Email Address: | Dept.520@alameda.courts.ca.gov |

Under direct calendaring, this case will be assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.) Because this notice is effective July 1, 2007, the parties are advised that the earliest possible deadline for a challenge pursuant to Code of Civil Procedure §170.6 is July 16, 2007.**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents filed after July 1, 2007, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**Exhibit E, Part 2**
**Page 152**

ASSIGNED FOR ALL PURPOSES TO
JUDGE David Hunter
DEPARTMENT 520

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court , which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

If all parties agree to change a scheduled court date, the parties must first send a fax letter to Department 520 outlining the requested schedule change and then contact the Courtroom Clerk to schedule a telephone conference with the Court.
Please submit a courtesy copy of all filed documents directly to Department 520.

## Schedule for Department 520

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays, Tuesdays and Thursdays from 10:00 a.m. to 4:30 p.m. and Wednesdays from 10:00 a.m. to 4:00 p.m.

- Case Management Conferences are held:  Mondays through Thursdays at 9:00 a.m.

- Law and Motion matters are heard:  Fridays at 9:30 a.m.

- Settlement Conferences are heard:  Fridays at 1:30 p.m.

- Ex Parte matters are heard:  Mondays and Wednesdays at 9:30 a.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact Department 31 for hearing dates before July 1, 2007 and the Direct Calendar Judge's department as follows for hearing dates after July 1, 2007:

- Motion Reservations for hearing dates after July 1, 2007
  Phone:        (510) 690-2729


- Ex Parte Matters for hearing dates after July 1, 2007
  Phone:        (510) 690-2729


## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings
**Exhibit E, Part 2**
**Page 153**

will become the Court's order unless contested in accordance with the Local Rules.
Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept.
  520
- Tentative Ruling Line after July 1, 2007: 1-866-223-2244

Dated: 05/14/2007                    Executive Officer / Clerk of the Superior Court

                                 By   _____
                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and
not a party to this cause. I served this Notice by placing copies in envelopes addressed as
attached hereto and then by sealing and placing them for collection, stamping or metering
with prepaid postage, and mailing on the date stated below, in the United States mail at
Alameda County, California, following standard court practices.

Executed on 05/15/2007

                                 By   _____

Exhibit E, Part 2
Page 154

Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Nand VS Smith | HG06295167 |

ADDITIONAL ADDRESSEES

Law Offices of Mallette & Libonati
Attn: Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA   94402

Anderlini Finkelstein & Emerick
Attn: Smoot, Paul J
400 S.  El Camino Real
Ste. 700
San Mateo, CA   94402

Exhibit E, Part 2
Page 155

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| Nand | | No. HG06295167 |
|---|---|---|
| | Plaintiff/Petitioner(s) | |
| VS. | | Minutes |
| Smith | | |
| | Defendant/Respondent(s) | |
| (Abbreviated Title) | | |

Department  520                    Honorable  David Hunter            , Judge

Cause called for Case Management Conference on May 24, 2007.

Plaintiff Daya Nand represented by Mallette, Linda L.
Plaintiff Shri Mati represented by Mallette, Linda L.
Defendant Angat Singh represented by Somerfield, Gary
Defendant Jeffrey James Twomey represented by Somerfield, Gary
Defendant Scott Richard Smith represented by Somerfield, Gary

ORDER re: CASE MANAGEMENT

& TRIAL SETTING ORDER WITH NOTICE OF TRIAL

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

ALTERNATIVE DISPUTE RESOLUTION (ADR)

The case is referred to Private ADR, said process to be completed by 10/01/2007.
The ADR ordered is mediation.

MANDATORY SETTLEMENT CONFERENCE (CRC § 3.1380)

A Mandatory Settlement Conference pursuant to CRC § 3.1380 is set for 11/16/2007 in Dept. 520 at 01:30 PM. Trial counsel, the parties, claims representatives and all other persons with full authority to settle the case must personally attend unless the Court has, before the Conference, authorized telephonic participation upon written application with notice to all other parties and good cause shown. A Settlement Conference Statement complying with CRC § 3.1380 must be filed with the court no later than 11/09/2007 and served on all other parties. If the foregoing date is a court holiday or a weekend, the time is extended to the next business day.

TRIAL SETTING ORDERS

The Court makes the following trial setting orders:

Trial Date: 01/04/2008 at 09:00 AM in Dept. 520.

Estimated length of trial: 17 court days.

TRIAL SETTING ORDERS

The parties are ordered to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of Court 4.6.

Jury is demanded by Plaintiff(s)

Jury is reserved by Defendant(s)

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website http://www.alameda.courts.ca.gov/domainweb.

Minutes of    05/24/2007
Entered on    06/01/2007

Executive Officer / Clerk of the Superior Court

By    *Lindhell Williams*    digital

Deputy Clerk

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| Nand | |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | |
| Smith | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

No. HG06295167

Case Management Order

Date: 05/24/2007
Time: 09:00 AM
Dept: 520
Judge: David Hunter

### ORDER re: CASE MANAGEMENT

### & TRIAL SETTING ORDER WITH NOTICE OF TRIAL

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

### ALTERNATIVE DISPUTE RESOLUTION (ADR)

The case is referred to Private ADR, said process to be completed by 10/01/2007.
The ADR ordered is mediation.

### MANDATORY SETTLEMENT CONFERENCE (CRC § 3.1380)

A Mandatory Settlement Conference pursuant to CRC § 3.1380 is set for 11/16/2007 in Dept. 520 at 01:30 PM. Trial counsel, the parties, claims representatives and all other persons with full authority to settle the case must personally attend unless the Court has, before the Conference, authorized telephonic participation upon written application with notice to all other parties and good cause shown. A Settlement Conference Statement complying with CRC § 3.1380 must be filed with the court no later than 11/09/2007 and served on all other parties. If the foregoing date is a court holiday or a weekend, the time is extended to the next business day.

### TRIAL SETTING ORDERS

The Court makes the following trial setting orders:

Trial Date: 01/04/2008 at 09:00 AM in Dept. 520.

Estimated length of trial: 17 court days.

### TRIAL SETTING ORDERS

The parties are ordered to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of Court 4.6.

Jury is demanded by Plaintiff(s)
Jury is reserved by Defendant(s)

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website http://www.alameda.courts.ca.gov/domainweb.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  05/24/2007

_facsimile_

Judge David Hunter

Law Offices of Mallette & Libonati
Attn: Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA    94402

Anderlini Finkelstein & Emerick
Attn:  Smoot, Paul J
400 S.  El Camino Real
Ste. 700
San Mateo, CA    94402

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| Nand | No. HG06295167 |
|---|---|
| Plaintiff/Petitioner(s) VS. | |
| Smith | NOTICE OF HEARING (AMENDED) |
| | Civil Pre-Trial Settlement Conference on 11/16/2007 has been vacated and rescheduled. |
| Defendant/Respondent(s) (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Civil Pre-Trial Settlement Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Civil Pre-Trial Settlement Conference:
DATE: 11/16/2007    TIME: 10:00 AM    DEPARTMENT: 520
LOCATION:  Hayward Hall of Justice, 3rd Floor
          24405 Amador Street, Hayward

The Court orders that a Settlement Conference Statement be filed with the court five calendar days prior to the conference date. The Court also orders that all persons whose consent is necessary for a binding settlement are required to attend the Pretrial Settlement Conference.

Monetary sanctions may be imposed upon any party for failure to file the required statement, for not attending the settlement conference, or for attending but not possessing the required authority. (Local Rule 4.4B.)

NOTE:  ON THE COURT'S OWN MOTION,
THE TIME FOR THE HEARING HAS CHANGED

Dated: 07/18/2007

Executive Officer / Clerk of the Superior Court

By    *Lindnell Williams*

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/18/2007.

By    *Lindnell Williams*

Deputy Clerk

**Exhibit E, Part 2**
**Page 160**

HHJ

*5958918*

1  LINDA L. MALLETTE, ESQ. St. Bar #104669
   DOMINICK R. LIBONATI, ESQ. St. Bar #111738
2            Law Offices
         MALLETTE & LIBONATI                    FILED
3         2046 Fairmont Drive              ALAMEDA COUNTY
         San Mateo, CA  94402
4         (650) 347-5400                    NOV 1 3 2007

5  Attorneys for Plaintiffs              CLERK OF THE SUPERIOR COURT
   Daya Nand and Shri Mati              By_____
6                                                        Deputy

7

8    COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

9              COUNTY OF ALAMEDA, HAYWARD DIVISION

10

   DAYA NAND and SHRI MATI,        )    NO.  HG006295167
11                                  )
                Plaintiffs,         )    PLAINTIFFS' PRE-TRIAL
12                                  )    SETTLEMENT CONFERENCE
   vs.                             )    STATEMENT
13                                  )
   SCOTT RICHARD SMITH, dba        )    Date: November 16, 2007
14  MORTGAGENET 2000, JEFFREY       )    Time: 10:00 a.m.
   JAMES TWOMEY, an                )    Place: Department 520
15  individual; ANGAT SINGH,        )
   an individual, and DOES         )
16  ONE through TWENTY,             )
   inclusive,                      )
17                                  )
                                    )
18              Defendants.         )
                                    )
19              :                   )
                                    )
20                                  )
                                    )
21  _____)

22      1.   STATUS OF THE CASE

23      Defendants' counsel, Paul Smoot, has been engaged in an

24  out-of-town trial since the beginning of October.  His absence

25  from his office has created at least two problems.  One, we were

26  not able to conduct mediation as ordered, although we have

27  selected an arbitrator.  Two, plaintiffs' counsel has not

28  received critical discovery from the defendants.  One set of

                              1          Exhibit E, Part 2
                                         Page 161

1   documents was due October 25, 2007, which calls for essentially

2   a repetition of inadequate and unresponsive documents previously

3   produced that were months late in being produced.  In lieu of

4   bringing a motion to compel, plaintiffs' counsel re-requested

5   documents from defendants, the second time being more pointed

6   and specific about what was required from defendants.  Numerous

7   calls to defendants' counsel's office have not resulted in

8   receipt of the documents or a return telephone call from

9   defendants' counsel.  Plaintiffs are apparently left with no

10  alternative but to bring a motion to compel.  A third set of

11  documents is due November 14, 2007.  It would be wasteful to

12  bring a motion to compel on the set that was due October 25,

13  2007, without waiting for the documents that are due November

14  14, 2007.  If the expected pattern of non-responsiveness

15  continues, there is no doubt plaintiffs' counsel will have to

16  file a motion to compel on November 15, 2007.

17      Plaintiffs' counsel is in the midst of awaiting subpoenaed

18  documents from the lenders involved in the series of

19  transactions that form the basis of this suit, some of which

20  have been delayed by assignments of loans to new entities and

21  some of which have been delayed because the entities have

22  changed addresses and refuse to produce documents without a new

23  subpoena.  In every case, plaintiffs' counsel has to arrange to

24  see and review the original records with a handwriting expert.

25  It is possible, but not likely, that one appointment can be

26  completed in time for the pre-trial settlement conference.

27  Plaintiffs suspect and must prove that critical loan documents,

28  such as applications and verifications of income (to the extent



1    they exist) were forged by one of the defendants. The moment in
2    time when plaintiffs have their proof through an expert that
3    critical portions of the loan files were forged, the case should
4    be ready to settle.

5    Much of plaintiffs' investigation and proof depends upon
6    receipt of defendants' documents. There is a chance that
7    plaintiffs will seek leave to amend the complaint to add
8    defendant lenders, but that question cannot be answered without
9    the documents. The entire discovery process in this case
10    requires certain information to be obtained through discovery
11    before the next step can be taken. It is difficult now, without
12    knowing whether or not plaintiffs need to add the lending
13    institutions as defendants, what plaintiffs' appropriate damages
14    are.

15    The case is brought against a real estate mortgage broker
16    (Smith), his licensed agent (Twomey), and his unlicensed person
17    who represents to members of the public that he is a duly
18    licensed agent (Singh). The person who dealt with the
19    plaintiffs during the period four secured loans were arranged
20    was the unlicensed person, Singh. Misrepresentations were made
21    by Singh and to a lesser extent by Twomey about the loans.
22    Significantly, the loans that were arranged were represented to
23    be mortgages with fixed interest rates. Instead, all the loans
24    were adjustable rate mortgages and the payments went up
25    substantially after the first payment, to the point that
26    plaintiffs cannot maintain the payments.

27    The loans were unsuitable for plaintiffs and in breach of
28    fiduciary and professional obligations owed to the plaintiffs by

1 | defendants, plaintiffs are losing their properties.  One of the
2 | three properties has been sold on a "short sale" arrangement,
3 | with the lender demanding the difference between the sale and
4 | the loan balance.  Prior to filing suit, plaintiffs requested
5 | their loan documents from the title companies who handled the
6 | transactions.  When they saw the documents, which had not been
7 | provided to them by defendants, plaintiffs learned that the
8 | loans were all obtained on the basis of forged loan applications
9 | that showed plaintiffs' income at over three times their actual
10 | income.  If the lenders were grossly negligent or if the lenders
11 | prove to be in a contractual arrangement with these defendants,
12 | it well may be that all four loans can be canceled.  In any
13 | event, it is known as of now, that even if plaintiffs have to
14 | continue with the loans arranged by defendants, their out-of-
15 | pocket damages are well over $100,000.00.

16 | Plaintiffs asks the Court to consider the possibility of
17 | continuing the trial when the conference takes place.  If the
18 | Court requires a formal motion that can be accomplished.  It is
19 | plaintiffs' belief that counsel for defendants will not object
20 | because of his trial schedule and the fact that he has not yet
21 | deposed the plaintiffs.

22 | Dated: November 12, 2007

23 |

Linda L. Mallette, Attorney for
Plaintiffs

1    PROOF OF SERVICE

2        I am over the age of eighteen years and not a party to the
     within entitled action.  I reside in the County of San Mateo,
3    California.  My business address is 2046 Fairmont Drive, San
     Mateo, California 94402.
4
         I served a true copy of the attached document(s) on the
5    person(s) listed below by:

6        [  ]  Personally delivering a true copy thereof.

7        [  ]  Telecopied via facsimile.

8        [  ]  Served by courier service.

9        [  ]  Sent via overnight delivery.

10        [x ]  Placing a true copy, enclosed in a sealed envelope
     with postage fully prepaid, in the United States mail at San
11   Mateo, California.

12        [  ] Mailing by certified mail, return receipt requested

13   A.  Date of mailing: November 13, 2007

14   B.  Exact Title of Document(s):PLAINTIFFS' PRE-TRIAL SETTLEMENT
     STATEMENT
15
     Paul Smoot, Esq.
16   Anderlini, Finkelstein, Emerick & Smoot
     400 South El Camino Real
17   San Mateo, CA 94402

18

19        I declare under penalty of perjury, under the laws of the
     State of California that the foregoing is true and correct.
20   This declaration is executed on November 13, 2007, at San Mateo,
     California.
21
                              *Linda L. Mallette*
22                            Linda L. Mallette

23

24

25

26

27

28



1   PAUL J. SMOOT, SBN 160787
    ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
2   400 South El Camino Real, Suite 700
    San Mateo, California 94402
3   Telephone (650) 348-0102
    Facsimile (650) 348-0962
4

5   Attorneys for Defendants
    SCOTT SMITH dba MORTGAGENET 2000,
6   JEFFREY JAMES TWOMEY,
    and ANGAT SINGH
7

8

**F I L E D**
ALAMEDA COUNTY

NOV 1 5 2007

CLERK OF THE SUPERIOR COURT
By_____ Deputy

9              SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

10               HAYWARD DIVISION - UNLIMITED JURISDICTION

11   DAYA NAND and SHRI MATI,              )   Case No. HG06295167
                                           )                          **BY FAX**
12                          Plaintiffs,    )
                                           )   MANDATORY SETTLEMENT
13         v.                              )   CONFERENCE STATEMENT
                                           )
14   SCOTT   RICHARD   SMITH,   dba)           Date:      November 16, 2007
     MORTGAGENET 2000, JEFFREY JAMES)          Time:      10:00 a.m.
15   TWOMAY, an individual; ANGAT SINGH, an)   Dept:      520
     individual, and DOES ONE through TWENTY,)
16   inclusive,                            )
                                           )
17                          Defendants.    )
                                           )
18   _____)

19                                  **INTRODUCTION**

20         Defendants have been sued by plaintiffs for fraud, apparently cohering plaintiffs into

21   refinancing four of their properties. Plaintiffs assert that they are unsophisticated business people

22   who had never had any financial dealings with lenders other than the purchased money loans on the

23   four properties they had purchased. Defendants vehemently denied each and every allegation in

24   plaintiffs' complaint.

25         Defendant Singh is not a licensed real estate sales person and has never held himself out to

26   be a real estate agent or loan broker. There is no evidence to support any contention that defendant

27   Singh held himself out as a loan agent or loan broker.

28

                                         1
**MANDATORY SETTLEMENT CONFERENCE STATEMENT**              **Exhibit E, Part 2**
                                                           **Page 166**

1    Defendant Smith and defendant Twomey are licensed loan brokers and loan agents,
2  respectively, and have unblemished records. There is no evidence other than plaintiffs self-serving
3  statement to suggest that defendant Twomey did anything other than what he was asked, specifically,
4  refinance plaintiffs; four properties. Defendant Twomey, and therefore, defendant Smith, followed
5  all appropriate rules, and regulations set forth by the Department Of Real Estate and their industry
6  and did not deviate from any rule, regulation, custom or practice.

7    The evidence is overwhelming that plaintiffs sought out defendant Twomey to refinance their
8  properties to pull cash out.

9                            **PROCEDURAL BACKGROUND**

10    Trial is set for January 4, 2008. Plaintiffs' depositions are scheduled for November 26, 2007,
11  and November 27, 2007.

12                                 **DISCUSSION**

13    Defendants have obtained hundreds of pages of documentation on plaintiffs' file and there
14  is not a scintilla of evidence of fraud or negligence. Plaintiffs have the burden of proving defendants
15  did something wrong. To date there has been no evidence that defendants have done or performed
16  any act of omission that could be any way be misconstrued as wrongful or fraudulent or at the
17  minimum negligent. On the contrary, the defendants went above and beyond the call of duty to see
18  that plaintiffs were happy with the loans they were obtaining and the undisputed evidence supports
19  the defendants' position.

20                              **SETTLEMENT OFFER**

21    There has been no demand for settlement. There has been no offer of settlement. It is
22  defendants offer to try this case to verdict before a jury. (Given the nature of this case, defendants
23  anticipate a 16-day trial.)

24  //
25  //
26  //
27
28

                                      2
**MANDATORY SETTLEMENT CONFERENCE STATEMENT**        Exhibit E, Part 2
                                                     Page 167

1                                 **CONCLUSION**

2      Defendants' counsel has not been approached with a waiver of costs in exchange for dismissal

3      but would consider same.

4

5      Dated: November 15, 2007        ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

6

7                                          Paul J. Smoot

8                                          Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **MATTER:**    Nand & Mati vs Smith et al
2  **CASE:**       Superior Court of California, Alameda County, Hayward Division
        Case No.: HG06295167

3
                            **PROOF OF SERVICE**
4

5  I, Katherine M. Zurawski, declare as follows:

6  I am over eighteen years of age and not a party to the within action. My business address is 400
   El Camino Real, Suite 700, San Mateo, CA 94402. I am employed in San Mateo County,
7  California.

8  On November 15, 2007, I served a copy of

9
   MANDATORY SETTLEMENT CONFERENCE STATEMENT
10

11  on the parties named below as follows:

12  [ ]    **BY U.S. MAIL:** I am readily familiar with my employer's practice for collection and
        processing of correspondence for mailing with the United States Postal Service.    I served said
13      document(s) by following ordinary business practice and placing said document(s) in a sealed
14      envelope for collection and mailing. In the ordinary course of business, said document(s) would
        have been deposited for first-class delivery with the United States Postal Service, with postage fully
15      prepaid, the same day as placed for deposit. Each envelope bore the name and address of the person
        served as follows:
16

17  Linda L. Mallette, Esq.
    Law Offices of Mallette & Libonati
18  2046 Fairmont Drive
    San Mateo, CA 94402
19  Tel: 650-347-5400
    Fax: 650 347-5660
20  *Attorneys for Plaintiffs Nand & Mati*

21
    [ XX ] **BY FACSIMILE:** By transmission by facsimile machine telephone number (650) 348-
22  0962 to the following:

23
    Name:              Linda Mallette, Esq.
24
    Facsimile number:       650-347-5660
25

26  The facsimile machine I used complied with California Rules of Court, and no error was reported
    by the machine. Pursuant to California Rules of Court, I caused the machine to print a transmission
27  record of the transmission, a copy of which is attached to this declaration.

28

                                                                                      1

PROOF OF SERVICE                                                    Exhibit E, Part 2
                                                                        Page 169

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| Nand | | No. HG06295167 |
|---|---|---|
| | Plaintiff/Petitioner(s) | |
| VS. | | **Minutes** |
| Smith | | |
| | Defendant/Respondent(s) | |
| (Abbreviated Title) | | |

Department 520                    Honorable   David Hunter          , Judge
Reporter       Sherree Wilson #3657

Cause called for Settlement Conference on November 16, 2007.

Plaintiff Daya Nand appearing represented by Mallette, Linda L.
Plaintiff Shri Mati appearing represented by Mallette, Linda L.
Defendant Angat Singh appearing represented by Smoot, Paul J.
Defendant Jeffrey James Twomey appearing represented by Smoot, Paul J.
Defendant Scott Richard Smith appearing represented by Smoot, Paul J.

Matter heard as a Case Management Conference
See Case Management Minutes for rulings

Minutes of    11/16/2007
Entered on    11/28/2007

Executive Officer / Clerk of the Superior Court

By     _Lindrell Williams_
                                                    Deputy Clerk

Superior Court of California, County of Alameda
Hayward Hall of Justice

| Nand | No. HG06295167 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | Minutes |
| Smith | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

Department    520                          Honorable   David Hunter              , Judge

Cause called for Case Management Conference on November 16, 2007.

All parties and counsel are present.

ORDER re: CASE MANAGEMENT

& TRIAL SETTING ORDER WITH NOTICE OF TRIAL

MANDATORY SETTLEMENT CONFERENCE (CRC § 3.1380) RESCHEDULED

The Mandatory Settlement Conference currently scheduled for 11/16/2007 is CONTINUED to
02/01/2008 at 12:00 PM in Dept. 520.

Trial counsel, the parties, claims representatives and all other persons with full authority to settle the case
must personally attend unless the Court has, before the Conference, authorized telephonic participation
upon written application with notice to all other parties and good cause shown.  If the foregoing date is a
court holiday or a weekend, the time is extended to the next business day.

TRIAL RESCHEDULED

The Trial Date currently scheduled for 01/04/2008 is VACATED. The case is rescheduled to 05/23/2008
at 09:00 AM in Dept. 520.

This constitutes a new Trial Setting Order.  Statutory discovery and disclosure cutoff dates are governed
by this new trial date.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's
website  http://www.alameda.courts.ca.gov/domainweb.

Minutes of    11/16/2007
Entered on    11/28/2007

Executive Officer / Clerk of the Superior Court

By      _Lindnell Williams_
                                                    Deputy Clerk

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

Nand

            Plaintiff/Petitioner(s)

    VS.

Smith

            Defendant/Respondent(s)
  (Abbreviated Title)

No. HG06295167

Case Management Order

Date:  11/16/2007
Time:  10:00 AM
Dept:  520
Judge:  David Hunter

ORDER re: CASE MANAGEMENT

& TRIAL SETTING ORDER WITH NOTICE OF TRIAL

MANDATORY SETTLEMENT CONFERENCE (CRC § 3.1380) RESCHEDULED

The Mandatory Settlement Conference currently scheduled for 11/16/2007 is CONTINUED to
02/01/2008 at 12:00 PM in Dept. 520.

Trial counsel, the parties, claims representatives and all other persons with full authority to settle the
case must personally attend unless the Court has, before the Conference, authorized telephonic
participation upon written application with notice to all other parties and good cause shown. If the
foregoing date is a court holiday or a weekend, the time is extended to the next business day.

TRIAL RESCHEDULED

The Trial Date currently scheduled for 01/04/2008 is VACATED. The case is rescheduled to
05/23/2008 at 09:00 AM in Dept. 520.

This constitutes a new Trial Setting Order.  Statutory discovery and disclosure cutoff dates are
governed by this new trial date.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's
website  http://www.alameda.courts.ca.gov/domainweb.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of
sanctions pursuant to CCP 177.5.

Dated:  11/16/2007

                                    facsimile
                          Judge David Hunter

‖‖‖‖‖‖‖‖‖‖‖‖
*6236641*

1

2     LINDA L. MALLETTE, ESQ. St. Bar #104669
      DOMINICK R. LIBONATI, ESQ. St. Bar #111738
3              Law Offices                              FILED
           MALLETTE & LIBONATI                       ALAMEDA COUNTY
4            2046 Fairmont Drive
             San Mateo, CA  94402                    DEC 2 6 2007
5              (650) 347-5400
                                                 CLERK OF THE SUPERIOR COURT
6     Attorneys for Plaintiffs                   By _Michelle_ R_____
      Daya Nand and Shri Mati                                        Deputy
7

8

9          COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

10                  COUNTY OF ALAMEDA, HAYWARD DIVISION

11    DAYA NAND and SHRI MATI,        )    NO.  HG006295167
                                      )
12              Plaintiffs,           )    NOTICE OF MOTION AND MOTION
                                      )    FOR ORDER TO COMPEL
13    vs.                             )    RESPONSES TO INSPECTION
                                      )    DEMANDS [CCP § 2031.300]
14    SCOTT RICHARD SMITH, dba        )    AND IMPOSING MONETARY
      MORTGAGENET 2000, JEFFREY       )    SANCTION
15    JAMES TWOMEY, an                )
      individual; ANGAT SINGH,        )    Date: February 22, 2007
16    an individual, and DOES         )    Time: 9:30 a.m.
      ONE through TWENTY,             )    Place: Dept. 520
17    inclusive,                      )    Trial Date: May 23, 2008
                                      )    Reservation # R-784554
18                                    )
                Defendants.           )
19                                    )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22                                    )
      _____)
23

24         TO DEFENDANTS SCOTT RICHARD SMITH, dba MORTGAGENET 200, to

25    JEFFREY JAMES TWOMEY and TO THEIR ATTORNEY OF RECORD:

26         PLEASE TAKE NOTICE that on February 22, 2007, at the hour

27    of 9:30 a.m. in Department 21 of the above-entitled court,

28    located at 24405 Amador Street, Hayward, California, plaintiffs

                              1              Exhibit E, Part 2
                                                    Page 173

1    Daya Nand and Shri Mati will move the court for an order
2    compelling responses and documents in response to properly
3    served Requests for Production of Documents (three in number),
4    propounded upon defendants Scott Richard Smith (2) and Jeffrey
5    James Twomey (1). The defendants have failed to respond. The
6    plaintiffs will request the court to rule that defendants have
7    waived any objections to the discovery for their failure to
8    timely respond. The plaintiffs will request the court to order
9    monetary sanctions against Jeffrey James Twomey and Scott
10   Richard Smith, and/or their attorney Paul Smoot, in the sum of
11   $1,240.00. The motion will be based upon this Notice of Motion
12   and Motion, the Declaration of Linda L. Mallette, the Memorandum
13   of Points and Authorities filed herewith, upon the files and
14   records of the case, and upon any further evidence that may be
15   produced at the hearing.
16   Dated: December 21, 2007

17                                   _Linda L. Mallette_
                                     Linda L. Mallette, Attorney for
18                                   Plaintiffs

19

20

21

22

23

24

25

26

27

28

1                        PROOF OF SERVICE

2          I am over the age of eighteen years and not a party to the
   within entitled action.  I reside in the County of San Mateo,
3  California.  My business address is 2046 Fairmont Drive, San
   Mateo, California 94402.
4
           I served a true copy of the attached document(s) on the
5  person(s) listed below by:

6          [  ]  Personally delivering a true copy thereof.

7          [  ]  Telecopied via facsimile.

8          [  ]  Served by courier service.

9          [  ]  Sent via overnight delivery.

10         [x ]  Placing a true copy, enclosed in a sealed envelope
   with postage fully prepaid, in the United States mail at San
11 Mateo, California.

12         [  ]  Mailing by certified mail, return receipt requested

13 A.   Date of mailing: December 21, 2007

14 B.   Exact Title of Document(s): NOTICE OF MOTION AND MOTION FOR
   ORDER TO COMPEL RESPONSES TO INSPECTION DEMANDS [CCP § 2031.300]
15 AND IMPOSING MONETARY SANCTION

16 Paul Smoot, Esq.
   Anderlini, Finkelstein, Emerick & Smoot
17 400 South El Camino Real
   San Mateo, CA 94402
18

19
           I declare under penalty of perjury, under the laws of the
20 State of California that the foregoing is true and correct.
   This declaration is executed on December 21, 2007, at San Mateo,
21 California.

22                              Linda L. Mallette
                               Linda L. Mallette
23

24

25

26

27

28



```
*6236558*
```

1

2   LINDA L. MALLETTE, ESQ. St. Bar #104669
    DOMINICK R. LIBONATI, ESQ. St. Bar #111738
3            Law Offices
           MALLETTE & LIBONATI
4           2046 Fairmont Drive
            San Mateo, CA  94402
5             (650) 347-5400

6   Attorneys for Plaintiffs
    Daya Nand and Shri Mati
7

FILED
ALAMEDA COUNTY

DEC 2 6 2007

CLERK OF THE SUPERIOR COURT
By _____
                      Deputy

8

9        COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

10            COUNTY OF ALAMEDA, HAYWARD DIVISION

11  DAYA NAND and SHRI MATI,        )    NO.  HG006295167
                                    )
12         Plaintiffs,              )    MEMORANDUM OF POINTS AND
                                    )    AUTHORITIES IN SUPPORT OF
13  vs.                             )    MOTION FOR ORDER TO COMPEL
                                    )    RESPONSES TO INSPECTION
14  SCOTT RICHARD SMITH, dba        )    DEMANDS [CCP § 2031.300]
    MORTGAGENET 2000, JEFFREY       )    AND IMPOSING MONETARY
15  JAMES TWOMEY, an                )    SANCTION
    individual; ANGAT SINGH,        )
16  an individual, and DOES         )    Date: February 22, 2007
    ONE through TWENTY,             )    Time: 9:30 a.m.
17  inclusive,                      )    Place: Dept. 520
                                    )    Trial Date: May 23, 2008
18                                  )    Reservation No. R-784554
           Defendants.             )
19                                  )
                                    )
20                                  )
                                    )
21                                  )
                                    )
22                                  )
                                    )
23  _____)

24

25   1.   THE AUTHORITY FOR A MOTION TO COMPEL

26   Code of Civil Procedure § 2031.300, provides:

27   § 2031.300.   Effect of failure to serve timely response to
     inspection demand; Motion for order; Monetary and other
28   sanctions

1                          Exhibit E, Part 2
                                Page 176

1

2      If a party to whom an inspection demand is directed fails
       to serve a timely response to it, the following rules
3      apply:

4      (a) The party to whom the inspection demand is directed
       waives any objection to the demand, including one based on
5      privilege or on the protection for work product under
       Chapter 4 (commencing with Section 2018.010). The court, on
6      motion, may relieve that party from this waiver on its
       determination that both of the following conditions are
7      satisfied:

8      (1) The party has subsequently served a response that is in
       substantial compliance with Sections 2031.210, 2031.220,
9      2031.230, 2031.240, and 2031.280.

10     (2) The party's failure to serve a timely response was the
       result of mistake, inadvertence, or excusable neglect.

11     (b) The party making the demand may move for an order
       compelling response to the inspection demand.
12
       (c) The court shall impose a monetary sanction under
13     Chapter 7 (commencing with Section 2023.010) against any
       party, person, or attorney who unsuccessfully makes or
14     opposes a motion to compel a response to an inspection
       demand, unless it finds that the one subject to the
15     sanction acted with substantial justification or that other
       circumstances make the imposition of the sanction unjust.
16     If a party then fails to obey the order compelling a
       response, the court may make those orders that are just,
17     including the imposition of an issue sanction, an evidence
       sanction, or a terminating sanction under Chapter 7
18     (commencing with Section 2023.010). In lieu of or in
       addition to this sanction, the court may impose a monetary
19     sanction under Chapter 7 (commencing with Section
       2023.010).
20
21     2.    NO SEPARATE STATEMENT IS REQUIRED WHEN PARTY FAILS TO
       RESPOND TO DISCOVERY
22
       "A Separate Statement is not required when no response has
23     been provided to the Request for Discovery."

24     C.R.C. Rule 335(b)

25     Even the "meet and confer" requirement as a condition of

26     bringing a discovery motion is not required when there has been

27     no response to the discovery. However, in this case,

28     plaintiffs' counsel, in an effort to avoid having to bring a

1  motion to compel, served constant reminders to defendants'
2  counsel that the discovery was overdue.    Plaintiffs' request
3  that the Court uphold plaintiffs' position that the defendants
4  have waived any objection to the requested discovery.
5  Dated: December 21, 2007

6
7                                    _Linda L. Mallette_
8                                    Linda L. Mallette, Attorney for
                                     Plaintiffs
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    PROOF OF SERVICE

2        I am over the age of eighteen years and not a party to the
     within entitled action.  I reside in the County of San Mateo,
3    California.  My business address is 2046 Fairmont Drive, San
     Mateo, California 94402.

4
         I served a true copy of the attached document(s) on the
5    person(s) listed below by:

6        [  ]  Personally delivering a true copy thereof.

7        [  ]  Telecopied via facsimile.

8        [  ]  Served by courier service.

9        [  ]  Sent via overnight delivery.

10       [x ]  Placing a true copy, enclosed in a sealed envelope
     with postage fully prepaid, in the United States mail at San
11   Mateo, California.

12       [  ] Mailing by certified mail, return receipt requested

13   A.   Date of mailing: December 21, 2007

14   B.   Exact Title of Document(s): MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT OF MOTION FOR ORDER TO COMPEL RESPONSES
15   TO INSPECTION DEMANDS [CCP § 2031.300] AND IMPOSING MONETARY
     SANCTION
16
     Paul Smoot, Esq.
17   Anderlini, Finkelstein, Emerick & Smoot
     400 South El Camino Real
18   San Mateo, CA 94402

19

20       I declare under penalty of perjury, under the laws of the
     State of California that the foregoing is true and correct.
21   This declaration is executed on December 21, 2007, at San Mateo,
     California.

22

23                                          Linda L. Mallette

24

25

26

27

28


*6236554*

1

2   LINDA L. MALLETTE, ESQ. St. Bar #104669
    DOMINICK R. LIBONATI, ESQ. St. Bar #111738
3              Law Offices                           FILED
          MALLETTE & LIBONATI                    ALAMEDA COUNTY
4           2046 Fairmont Drive
           San Mateo, CA  94402                   DEC 2 6 2007
5            (650) 347-5400
                                            CLERK OF THE SUPERIOR COURT
6   Attorneys for Plaintiffs                By _M.·L·ſ/e_ /R_
    Daya Nand and Shri Mati
7                                                      Deputy

8

9        COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

10              COUNTY OF ALAMEDA, HAYWARD DIVISION

11  DAYA NAND and SHRI MATI,      )    NO.  HG006295167
                                  )
12          Plaintiffs,           )    DECLARATION OF LINDA L.
                                  )    MALLETTE IN SUPPORT OF
13  vs.                           )    MOTION FOR ORDER TO COMPEL
                                  )    RESPONSES TO INSPECTION
14  SCOTT RICHARD SMITH, dba      )    DEMANDS [CCP § 2031.300]
    MORTGAGENET 2000, JEFFREY     )    AND IMPOSING MONETARY
15  JAMES TWOMEY, an              )    SANCTION
    individual; ANGAT SINGH,      )
16  an individual, and DOES       )    Date: February 22, 2007
    ONE through TWENTY,           )    Time: 9:30 a.m.
17  inclusive,                    ).   Place: Dept. 520
                                  )    Trial Date: May 23, 2008
18                                )    Reservation # R-784554
          Defendants.            )
19                                )
                                  )
20                                )
                                  )
21                                )
                                  )
22                                )
                                  )
23  _____)

24       Linda L. Mallette, under penalty of perjury, declares:

25       1.  I am the attorney for plaintiffs herein.  The following

26  facts are known to me personally.  If called to testify, I can

27  and will competently testify as follows:

28       2.  This case is brought by two borrowers, husband and

                            1              Exhibit E, Part 2
                                                Page 180

1    wife, against their real estate loan broker (Smith), his
2    employee agent (Twomey), and a non-licensee who participated
3    extensively in the four secured loan transactions that form the
4    basis of this suit.  The plaintiffs have alleged the following
5    causes of action in their complaint: Damages for fraud,
6    conspiracy to commit fraud, professional negligence, and breach
7    of fiduciary duty.  Fraud is difficult to prove and in order to
8    succeed in their proof, plaintiffs need their discovery.  The
9    Requests upon which this motion is based are relevant and
10   material to the action.

11       3.  On September 21, 2007, I mailed a Request for
12   Production of Documents, Set Two, propounded to defendant
13   Jeffrey James Twomey to Mr. Twomey's counsel, Paul Smoot
14   (Exhibit "A" attached hereto).  On September 21, 2007, I mailed
15   a Request for Production of Documents, Set Two, propounded to
16   defendant Scott Richard Smith to Mr. Smith's counsel, Paul Smoot
17   (Exhibit "B" attached hereto).  On October 10, 2007, I mailed a
18   Request for Production of Documents, Set Three, propounded to
19   defendant Scott Richard Smith to Mr. Smith's counsel, Paul Smoot
20   (Exhibit "C" attached hereto).

21       4.  The requests referred to in paragraph 2 are specific
22   and pointed.  The need to make the requests arose from testimony
23   given by defendant Jeffrey James Twomey in his deposition and
24   from evidence I hold it is possible that the testimony of
25   Jeffrey James Twomey will be impeached.  The requests, if
26   answered, will give Mr. Twomey the opportunity to show me that
27   he was telling the truth in his deposition.  With respect to
28   the requests propounded upon Scott Richard Smith, the responses

1  to the requests will help me determine whether the lenders of
2  the four subject loans should be brought into the suit.

3      5.   The items sought from each defendant are in the
4  possession, custody or control of the respective defendants.

5      6.   To date, neither Scott Richard Smith, dba Mortgagenet
6  2000, nor Jeffrey James Twomey has responded to the demands.

7      7.   The first two requests for production of documents were
8  due on October 26, 2007.  The third request was due November 14,
9  2007.  I became aware at the time the first production was due
10 that Paul Smoot was engaged in an extensive out-of-town trial.
11 For that reason, I did not unreasonably demand his time to
12 respond.  From time to time during late October and the month of
13 November, I telephoned Mr. Smoot's office and talked with his
14 secretary, Kathy.  Twice, Kathy indicated that Mr. Smoot was on
15 his way back to the office and would call me.  He did not call,
16 but I understand there were many demands on his time.  At our
17 mandatory settlement conference in court on November 16, 2007,
18 Mr. Smoot sent an associate, Pat, in his place.  Pat and I
19 discussed the outstanding discovery, and all he asked was "What
20 is it you want?"  He made no promises that the discovery would
21 be forthcoming.

22     8.   On November 28, 2007, I send the letter attached hereto
23 as Exhibit "D", intended to be another effort to "meet and
24 confer."  Mr. Smoot responded to my letter on or about November
25 30, 2007.  We had a long telephone conversation.  His trial was
26 over.  Despite our long talk, Mr. Smoot neither revealed whether
27 his clients had or had not provided him the documents I
28 requested, nor when I could expect to receive the responses and

1   documents.

2       9.   I telephoned Mr. Smoot's office on December 17, 2007
3   and had to leave a voice-mail.  I requested a return call and a
4   date certain when I could expect the discovery responses and
5   documents.  To date I have received no return call.

6       10.  My time spent on the matter of requesting responses
7   and having to file the motion and attend a hearing are
8   reasonably estimated to be four hours.  The estimate includes
9   the numerous telephone calls, the letter of November 28, 2007,
10  drafting the motion and obtaining the hearing date, for three
11  hours.  The fourth hour, to attend the hearing, is estimated at
12  one hour, despite the fact that the drive alone takes one hour.
13  The filing fee is $40.00.  At my usual rate of $300.00 per hour
14  for four hours, plus the filing fee, I request sanctions in the
15  amount of $1,240.00.  I request sanctions against Scott Richard
16  Smith, Jeffrey James Twomey, and/or Paul Smoot.  I am not in a
17  position to know whether the responsibility for failure to
18  respond and produce rests with the defendants or with their
19  attorney.  Perhaps the opposition to this motion will reveal
20  where the fault should lie and against whom the monetary
21  sanctions should be ordered.

22      I declare under penalty of perjury that the foregoing is
23  true and correct.

24      Executed on December 21, 2007, at San Mateo, California.

25

26                                   _Linda L. Mallette_
                                     Linda L. Mallette
27

28

A

```
 1   LINDA L. MALLETTE, ESQ. St. Bar #104669
     DOMINICK R. LIBONATI, ESQ. St. Bar #111738
 2             Law Offices
          MALLETTE & LIBONATI
 3          2046 Fairmont Drive
          San Mateo, CA  94402
 4            (650) 347-5400

 5   Attorneys for Plaintiffs
     Daya Nand and Shri Mati
 6

 7       COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

 8             COUNTY OF ALAMEDA, HAYWARD DIVISION

 9
     DAYA NAND and SHRI MATI,      )   NO.  HG006295167
10                                 )
              Plaintiffs,          )   SECOND REQUEST FOR
11                                 )   PRODUCTION OF DOCUMENTS
     vs.                           )   PROPOUNDED TO JEFFREY JAMES
12                                 )   TWOMEY
     SCOTT RICHARD SMITH, dba      )
13   MORTGAGENET 2000, JEFFREY     )
     JAMES TWOMEY, an              )
14   individual; ANGAT SINGH,      )
     an individual, and DOES       )
15   ONE through TWENTY,           )
     inclusive,                    )
16                                 )
                                   )
17            Defendants.          )
                                   )
18                                 )
                                   )
19   _____)

20   PROPOUNDING PARTY:     Plaintiff Daya Nand

21   RESPONDING PARTY:      Defendant Jeffrey James Twomey

22   SET NO.:               Two

23       Pursuant to the provisions of California Code of Civil

24   Procedure Section 2031.010 Plaintiff Daya Nand, requests that

25   you produce on October 26, 2007, at 10:00 a.m., at the offices

26   of Mallette & Libonati, 2046 Fairmont Drive, San Mateo,

27   California 94402, for inspection, copying and photographing, all

28   of those documents and things described below, which are in your
```

1

1    possession, custody or control.  Defendants may mail the
2    documents to the same address, so long as they are delivered by
3    October 26, 2007.

4         Under California Code of Civil Procedure Section 2031.210,
5    et.seq., you are further required to serve a written response,
6    subscribed under oath by Respondent, together with the
7    production of documents.  Said response shall identify the
8    documents, papers, books, accounts, letters or things falling
9    within each category specified in the Request, which are in your
10   possession, custody or control, and shall state that inspection
11   and related activities will be permitted as requested, unless
12   the Request is object to, in which event the reasons for such
13   objection shall be stated.

14        This Request is made upon the ground that each item herein
15   requested is relevant to the subject matter of this action or is
16   reasonably calculated to lead to the discovery of admissible
17   evidence in this action.  Failure to comply with this Request
18   shall result in a formal motion to compel production of each
19   item, and all fees and costs incurred in bringing said motion
20   shall be requested.

21                    DEFINITIONS AND INSTRUCTIONS

22   A.   DEFINITIONS

23        As used herein, the terms "documents" shall include any and
24   all printed, electronic, written, typed, photographed, recorded
25   or graphic matter or material, however produced or reproduced.
26   Without limitation to the foregoing, the term "document" shall
27   include any copy which differs in any respect from the original
28   or other versions of the documents, such as copies containing

1    notations, insertions, corrections or any other variations.  The

2    term "document" includes, but is not limited to, correspondence,

3    charts, graphs, agreements, contracts, financial statements,

4    complete or partial list of assets or liabilities, telephone

5    records, schedules, drafts, work papers, magnetic tapes,

6    computer cards, printouts, ledgers, books of account, accounting

7    and financial records, telephone logs, diaries, telephone pads,

8    notes, bulletins, directives, pamphlets, publications, reports,

9    promotional materials, and includes all writings as defined in

10   Evidence Code Section 250.

11       The term "you" shall mean, Jeffrey Twomey individually or

12   in any capacity.

13       You shall furnish any document which is available to you,

14   not merely those which you now have in your personal possession.

15   This means that you are to furnish documents which are in the

16   possession of any of your agents, employees, attorneys or their

17   investigators, or which are otherwise subject to your control.

18   B.  PRIVILEGE

19       If you withhold any documents covered by this Request by

20   reason of a claim of privilege, you shall furnish a list

21   identifying each document for which the privilege is claimed,

22   together with the following information with respect to each

23   such document withheld:  date, sender, recipient, persons to

24   whom copies were furnished and their job titles, general subject

25   matter, and basis on which the privilege is claimed.

26   C.  DOCUMENTS NO LONGER IN POSSESSION, CUSTODY OR CONTROL

27       If any document described in this request was, but no

28   longer is, in your possession or subject to your custody or

1    control, or in existence, state whether:

2        1.   It is missing or lost;

3        2.   It has been destroyed;

4        3.   It has been transferred, voluntarily or involuntarily,

5    to others; or

6        4.   It has been disposed of otherwise.

7        In each instance, explain the circumstances surrounding

8    such disposition and identify the person(s) directing or

9    authorizing same, and the date(s) thereof.  Identify each

10   document by listing its author, his or her address, type of

11   document (e.g., letter, memorandum, telegram, chart, photograph,

12   etc.), date subject matter, present location and custodian, and

13   state whether the document (or copy thereof) is still in

14   existence.

15   DOCUMENTS TO BE PRODUCED

16       1.   Documents kept by you as kept in your ordinary course

17   of business relative to a loan from World Savings, No.

18   0042880575, secured by 27324 Capri Avenue, Hayward, Daya Nand

19   and Shri Mati as borrowers that closed on or about May 16, 2006,

20   including all documents relative to payoff of an existing loan

21   and loan applications for the World Savings loan, keeping the

22   documents for the Capri Avenue loan separate from the loans

23   identified in Requests Nos. 2, 3, and 4, and specifically

24   including appraisals, underwriting documents, rejections by

25   other lenders.

26       2.   Documents kept by you as kept in your ordinary course

27   of business relative to a loan from Green Point, No. 0203010699,

28   secured by 459 Ranker Place, Hayward, Daya Nand and Shri Mati as

Exhibit E, Part 2
Page 188

1  borrowers that closed on or about July 14, 2006, including all
2  documents relative to payoff of an existing loan and loan
3  applications submitted for the Green Point loan, specifically
4  including any and all loan submissions that were rejected by
5  other lenders, appraisals of the property, underwriting
6  documents and loan applications. It is requested that the
7  production be kept separate from the loans identified in
8  Requests Nos. 1, 3 and 4.

9      3.  Documents kept by you as kept in your ordinary course
10 of business relative to a loan from Green Point, No. 0203011507,
11 secured by 459 Ranker Place, Hayward, Daya Nand and Shri Mati as
12 borrowers that closed on or about July 14, 2006, including all
13 documents relative to payoff of an existing loan and loan
14 applications submitted for the Green Point loan, specifically
15 including any and all loan submissions that were rejected by
16 other lenders and appraisals of the property, appraisals on the
17 property, underwriting documents, and loan applications. It is
18 requested that the production be kept separate from the loans
19 identified in Requests Nos. 1, 2 and 4.

20     4.  Documents kept by you relative to a loan from Green
21 Point, No. 0203011903, secured by 86-88 Del Vista, Sacramento,
22 Daya Nand and Shri Mati as borrowers that closed on or about
23 July 17, 2006, including all documents relative to payoff of an
24 existing loan and loan applications submitted for the Green
25 Point loan, any rejections by other lenders, and appraisals. It
26 is requested that the production be kept separate from the loans
27 identified in Requests Noes. 1, 2 and 3.

28     5.  Copies of your telephone bill for the months March,

1  April, May, June and July, 2006, telephone number (650) 921-
2  7577.  Redaction is permitted if absolutely necessary, but there
3  should be no redaction of any telephone numbers that pertain to
4  the transactions with Mr. and Mrs. Nand, including telephone
5  calls to defendant Angat Singh.

6       6.  Copies of your facsimile bill for number (650) 212-7726
7  for the months March, April, May, June and July, 2006. Redaction
8  is permitted if absolutely necessary, but there should be no
9  redaction of any facsimile numbers that pertain to the
10  transactions with Mr. and Mrs. Nand, including facsimile
11  transmissions to defendant Angat Singh.

12       7.  Copies of your residence telephone bill (number unknown
13  to plaintiffs) for the months March, April, May, June and July,
14  2006.  Redaction is permitted if absolutely necessary, but there
15  should be no redaction of any telephone numbers that pertain to
16  the transactions with Mr. and Mrs. Nand, including telephone
17  calls to defendant Angat Singh.

18  Dated: September 21, 2007

19                                    Linda L. Mallette
20                                    Linda L. Mallette, Attorney for
                                      Plaintiffs

21

22

23

24

25

26

27

28

PROOF OF SERVICE

1

2      I am over the age of eighteen years and not a party to the
within entitled action.  I reside in the County of San Mateo,
3  California.  My business address is 2046 Fairmont Drive, San
Mateo, California 94402.

4

5      I served a true copy of the attached document(s) on the
person(s) listed below by:

6      [  ]  Personally delivering a true copy thereof.

7      [  ]  Telecopied via facsimile.

8      [  ]  Served by courier service.

9      [  ]  Sent via overnight delivery.

10      [ x ]  Placing a true copy, enclosed in a sealed envelope
with postage fully prepaid, in the United States mail at San
11  Mateo, California.

12      [  ]  Mailing by certified mail, return receipt requested

13  A.  Date of mailing: September 21, 2007

14  B.  Exact Title of Document(s):SECOND REQUEST FOR PRODUCTION OF
DOCUMENTS PROPOUNDED TO JEFFREY JAMES TWOMEY
15

Paul Smoot, Esq.
16  Anderlini, Finkelstein, Emerick & Smoot
400 South El Camino Real
17  San Mateo, CA 94402

18

19      I declare under penalty of perjury, under the laws of the
State of California that the foregoing is true and correct.
This declaration is executed on September 21, 2007, at San
20  Mateo, California.

21                                    _Linda L. Mallette_
                                       Linda L. Mallette
22

23

24

25

26

27

28

$\mathcal{B}$

1    LINDA L. MALLETTE, ESQ. St. Bar #104669
     DOMINICK R. LIBONATI, ESQ. St. Bar #111738
2              Law Offices
           MALLETTE & LIBONATI
3            2046 Fairmont Drive
           San Mateo, CA  94402
4              (650) 347-5400

5    Attorneys for Plaintiffs
     Daya Nand and Shri Mati
6

7        COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

8              COUNTY OF ALAMEDA, HAYWARD DIVISION

9

     DAYA NAND and SHRI MATI,      )     NO.   HG006295167
10                                 )
              Plaintiffs,          )     SECOND REQUEST FOR
11                                 )     PRODUCTION OF DOCUMENTS
     vs.                           )     PROPOUNDED TO SCOTT RICHARD
12                                 )     SMITH
     SCOTT RICHARD SMITH, dba      )
13   MORTGAGENET 2000, JEFFREY     )
     JAMES TWOMEY, an              )
14   individual; ANGAT SINGH,      )
     an individual, and DOES       )
15   ONE through TWENTY,           )
     inclusive,                    )
16                                 )
                                   )
17            Defendants.          )
                                   )
18                                 )
                                   )
19   _____)

20   PROPOUNDING PARTY:        Plaintiff Daya Nand

21   RESPONDING PARTY:         Defendant Scott Richard Smith

22   SET NO.:                  Two

23        Pursuant to the provisions of California Code of Civil

24   Procedure Section 2031.010 Plaintiff Daya Nand, requests that

25   you produce on October 26, 2007, at 10:00 a.m., at the offices

26   of Mallette & Libonati, 2046 Fairmont Drive, San Mateo,

27   California 94402, for inspection, copying and photographing, all

28   of those documents and things described below, which are in your

                              1

1  possession, custody or control.  Defendants may mail the

2  documents to the same address, so long as they are delivered by

3  October 26, 2007.

4       Under California Code of Civil Procedure Section 2031.210,

5  et.seq., you are further required to serve a written response,

6  subscribed under oath by Respondent, together with the

7  production of documents.  Said response shall identify the

8  documents, papers, books, accounts, letters or things falling

9  within each category specified in the Request, which are in your

10  possession, custody or control, and shall state that inspection

11  and related activities will be permitted as requested, unless

12  the Request is object to, in which event the reasons for such

13  objection shall be stated.

14       This Request is made upon the ground that each item herein

15  requested is relevant to the subject matter of this action or is

16  reasonably calculated to lead to the discovery of admissible

17  evidence in this action.  Failure to comply with this Request

18  shall result in a formal motion to compel production of each

19  item, and all fees and costs incurred in bringing said motion

20  shall be requested.

21                    DEFINITIONS AND INSTRUCTIONS

22  A.  DEFINITIONS

23       As used herein, the terms "documents" shall include any and

24  all printed, electronic, written, typed, photographed, recorded

25  or graphic matter or material, however produced or reproduced.

26  Without limitation to the foregoing, the term "document" shall

27  include any copy which differs in any respect from the original

28  or other versions of the documents, such as copies containing

Exhibit E, Part 2
Page 194

1  notations, insertions, corrections or any other variations.  The
2  term "document" includes, but is not limited to, correspondence,
3  charts, graphs, agreements, contracts, financial statements,
4  complete or partial list of assets or liabilities, telephone
5  records, schedules, drafts, work papers, magnetic tapes,
6  computer cards, printouts, ledgers, books of account, accounting
7  and financial records, telephone logs, diaries, telephone pads,
8  notes, bulletins, directives, pamphlets, publications, reports,
9  promotional materials, and includes all writings as defined in
10  Evidence Code Section 250.

11      The term "you" shall mean, Scott Richard Smith individually
12  or in any capacity, including MORTGAGENET 2000.

13      You shall furnish any document which is available to you,
14  not merely those which you now have in your personal possession.
15  This means that you are to furnish documents which are in the
16  possession of any of your agents, employees, attorneys or their
17  investigators, or which are otherwise subject to your control.
18  B.  PRIVILEGE

19      If you withhold any documents covered by this Request by
20  reason of a claim  of privilege, you shall furnish a list
21  identifying each document for which the privilege is claimed,
22  together with the following information with respect to each
23  such document withheld:  date, sender, recipient, persons to
24  whom copies were furnished and their job titles, general subject
25  matter, and basis on which the privilege is claimed.
26  C.  DOCUMENTS NO LONGER IN POSSESSION, CUSTODY OR CONTROL
27      If any document described in this request was, but no
28  longer is, in your possession or subject to your custody or

3

1  control, or in existence, state whether:

2      1.   It is missing or lost;

3      2.   It has been destroyed;

4      3.   It has been transferred, voluntarily or involuntarily,

5  to others; or

6      4.   It has been disposed of otherwise.

7      In each instance, explain the circumstances surrounding

8  such disposition and identify the person(s) directing or

9  authorizing same, and the date(s) thereof.  Identify each

10 document by listing its author, his or her address, type of

11 document (e.g., letter, memorandum, telegram, chart, photograph,

12 etc.); date subject matter, present location and custodian, and

13 state whether the document (or copy thereof) is still in

14 existence.

15 DOCUMENTS TO BE PRODUCED

16     1.   Documents kept by you as kept in your ordinary course

17 of business relative to a loan from World Savings, No.

18 0042880575, secured by 27324 Capri Avenue, Hayward, Daya Nand

19 and Shri Mati as borrowers that closed on or about May 16, 2006,

20 including all documents relative to payoff of an existing loan

21 and loan applications for the World Savings loan, keeping the

22 documents for the Capri Avenue loan separate from the loans

23 identified in Requests Nos. 2, 3, and 4, and specifically

24 including appraisals, underwriting documents, rejections by

25 other lenders.  It is requested that your document production be

26 kept entirely separate from the production of co-defendant

27 Jeffrey James Twomey and numbered in a manner that indicates it

28 comes from you.

1      2.  Documents kept by you as kept in your ordinary course

2  of business relative to a loan from Green Point, No. 0203010699,

3  secured by 459 Ranker Place, Hayward, Daya Nand and Shri Mati as

4  borrowers that closed on or about July 14, 2006, including all

5  documents relative to payoff of an existing loan and loan

6  applications submitted for the Green Point loan, specifically

7  including any and all loan submissions that were rejected by

8  other lenders, appraisals of the property, underwriting

9  documents and loan applications.  It is requested that the

10  production be kept separate from the loans identified in

11  Requests Nos. 1, 3 and 4.  It is requested that your document

12  production be kept entirely separate from the production of co-

13  defendant Jeffrey James Twomey and numbered in a manner that

14  indicates it comes from you.

15      3.  Documents kept by you as kept in your ordinary course

16  of business relative to a loan from Green Point, No. 0203011507,

17  secured by 459 Ranker Place, Hayward, Daya Nand and Shri Mati as

18  borrowers that closed on or about July 14, 2006, including all

19  documents relative to payoff of an existing loan and loan

20  applications submitted for the Green Point loan, specifically

21  including any and all loan submissions that were rejected by

22  other lenders and appraisals of the property, appraisals on the

23  property, underwriting documents, and loan applications.  It is

24  requested that the production be kept separate from the loans

25  identified in Requests Nos. 1, 2 and 4.  It is requested that

26  your document production be kept entirely separate from the

27  production of co-defendant Jeffrey James Twomey and numbered in

28  a manner that indicates it comes from you.

1      4.   Documents kept by you relative to a loan from Green

2 Point, No. 0203011903, secured by 86-88 Del Vista, Sacramento,

3 Daya Nand and Shri Mati as borrowers that closed on or about

4 July 17, 2006, including all documents relative to payoff of an

5 existing loan and loan applications submitted for the Green

6 Point loan, any rejections by other lenders, and appraisals.  It

7 is requested that the production be kept separate from the loans

8 identified in Requests Noes. 1, 2 and 3. It is requested that

9 your document production be kept entirely separate from the

10 production of co-defendant Jeffrey James Twomey and numbered in

11 a manner that indicates it comes from you.

12      5.   Copies (both sides) of all checks reflecting sums paid

13 by you to others out of the commission you received on the Green

14 Point Loan No. 0203011903.

15      6.   Copies (both sides) of all checks reflecting sums paid

16 by you to others out of the commission you received on the World

17 Savings, No. 0042880575.

18      7.   Copies (both sides) of all checks reflecting sums paid

19 by you to others out of the commission you received on the Green

20 Point loan, No. 0203010699.

21 Dated: September 21, 2007

22

23                         *Linda L. Mallette*

                        Linda L. Mallette, Attorney for

24                         Plaintiffs

25

26

27

28

1                            PROOF OF SERVICE

2          I am over the age of eighteen years and not a party to the
     within entitled action.  I reside in the County of San Mateo,
3    California.  My business address is 2046 Fairmont Drive, San
     Mateo, California 94402.
4
           I served a true copy of the attached document(s) on the
5    person(s) listed below by:

6          [  ]  Personally delivering a true copy thereof.

7          [  ]  Telecopied via facsimile.

8          [  ]  Served by courier service.

9          [  ]  Sent via overnight delivery.

10         [ x ]  Placing a true copy, enclosed in a sealed envelope
     with postage fully prepaid, in the United States mail at San
11   Mateo, California.

12         [  ]  Mailing by certified mail, return receipt requested

13   A.   Date of mailing: September 21, 2007

14   B.   Exact Title of Document(s):SECOND REQUEST FOR PRODUCTION OF
     DOCUMENTS PROPOUNDED TO SCOTT RICHARD SMITH
15
     Paul Smoot, Esq.
16   Anderlini, Finkelstein, Emerick & Smoot
     400 South El Camino Real
17   San Mateo, CA 94402

18
           I declare under penalty of perjury, under the laws of the
19   State of California that the foregoing is true and correct.
     This declaration is executed on September 21, 2007, at San
20   Mateo, California.

21                                   Linda L. Mallette
                                     Linda L. Mallette
22

23

24

25

26

27

28

Exhibit E, Part 2
Page 200

1    LINDA L. MALLETTE, ESQ. St. Bar #104669
2    DOMINICK R. LIBONATI, ESQ. St. Bar #111738
               Law Offices
3          MALLETTE & LIBONATI
           2046 Fairmont Drive
4         San Mateo, CA  94402
           (650) 347-5400

5    Attorneys for Plaintiffs
     Daya Nand and Shri Mati
6

7

8      COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

9             COUNTY OF ALAMEDA, HAYWARD DIVISION

10

11 DAYA NAND and SHRI MATI,  )  NO.  HG006295167
                     )
12       Plaintiffs,    )  REQUEST FOR PRODUCTION OF
                     )  DOCUMENTS
13 vs.                 )
                     )
14 SCOTT RICHARD SMITH, dba   )
   MORTGAGENET 2000, JEFFREY  )
15 JAMES TWOMEY, an         )
   individual; ANGAT SINGH,   )
16 an individual, and DOES    )
   ONE through TWENTY,      )
17 inclusive,            )
                     )
18       Defendants.    )
                     )
19                   )
                     )
20 _____)

21 PROPOUNDING PARTY:  Plaintiff Daya Nand

22 RESPONDING PARTY:  Defendant Scott Richard Smith, individually
   and dba MORTGAGENET 2000
23
   Set No.:         Three
24

25     Pursuant to the provisions of California Code of Civil

26 Procedure Section 2031.010 Plaintiff Daya Nand, requests that

27 you produce on November 14, 2007, at 10:00 a.m., at the offices

28 of Mallette & Libonati, 2046 Fairmont Drive, San Mateo,

1

1 | California 94402, for inspection, copying and photographing, all

2 | of those documents and things described below, which are in your

3 | possession, custody or control.  Defendants may mail the

4 | documents to the same address, so long as they are delivered by

5 | November 14, 2007.

6 | Under California Code of Civil Procedure Section 2031.210,

7 | et.seq., you are further required to serve a written response,

8 | subscribed under oath by Respondent, within twenty (30) days

9 | after service of this Request.  Said response shall identify the

10 | documents, papers, books, accounts, letters or things falling

11 | within each category specified in the Request, which are in your

12 | possession, custody or control, and shall state that inspection

13 | and related activities will be permitted as requested, unless

14 | the Request is object to, in which event the reasons for such

15 | objection shall be stated.

16 | This Request is made upon the ground that each item herein

17 | requested is relevant to the subject matter of this action or is

18 | reasonably calculated to lead to the discovery of admissible

19 | evidence in this action.  Failure to comply with this Request

20 | shall result in a formal motion to compel production of each

21 | item, and all fees and costs incurred in bringing said motion

22 | shall be requested.

23 | **DEFINITIONS AND INSTRUCTIONS**

24 | A.   DEFINITIONS

25 | As used herein, the terms "documents" shall include any and

26 | all printed, electronic, written, typed, photographed, recorded

27 | or graphic matter or material, however produced or reproduced.

28 | Without limitation to the foregoing, the term "document" shall

1  include any copy which differs in any respect from the original

2  or other versions of the documents, such as copies containing

3  notations, insertions, corrections or any other variations.  The

4  term "document" includes, but is not limited to, correspondence,

5  charts, graphs, agreements, contracts, financial statements,

6  complete or partial list of assets or liabilities, telephone

7  records, schedules, drafts, work papers, magnetic tapes,

8  computer cards, printouts, ledgers, books of account, accounting

9  and financial records, telephone logs, diaries, telephone pads,

10  notes, bulletins, directives, pamphlets, publications, reports,

11  promotional materials, and includes all writings as defined in

12  Evidence Code Section 250.

13     The term "you" shall mean Scott Richard Smith individually,

14  doing business as MORTGAGENET 2000, or in any capacity.

15     You shall furnish any document which is available to you,

16  not merely those which you now have in your personal possession.

17  This means that you are to furnish documents which are in the

18  possession of any of your agents, employees, attorneys or their

19  investigators, or which are otherwise subject to your control.

20  B.  PRIVILEGE

21     If you withhold any documents covered by this Request by

22  reason of a claim  of privilege, you shall furnish a list

23  identifying each document for which the privilege is claimed,

24  together with the following information with respect to each

25  such document withheld:  date, sender, recipient, persons to

26  whom copies were furnished and their job titles, general subject

27  matter, and basis on which the privilege is claimed.

28  C.  DOCUMENTS NO LONGER IN POSSESSION, CUSTODY OR CONTROL

1    If any document described in this request was, but no
2  longer is, in your possession or subject to your custody or
3  control, or in existence, state whether:

4        1.   It is missing or lost;

5        2.   It has been destroyed;

6        3.   It has been transferred, voluntarily or involuntarily,
7  to others; or

8        4.   It has been disposed of otherwise.

9    In each instance, explain the circumstances surrounding
10  such disposition and identify the person(s) directing or
11  authorizing same, and the date(s) thereof.  Identify each
12  document by listing its author, his or her address, type of
13  document (e.g., letter, memorandum, telegram, chart, photograph,
14  etc.), date subject matter, present location and custodian, and
15  state whether the document (or copy thereof) is still in
16  existence.

17  DOCUMENTS TO BE PRODUCED

18     1.   Writings that in 2006 authorized you to act as agent or
19  correspondent with any of the following named lenders: Green
20  Point Mortgage, GMAC, World Savings.

21

22  Dated: October 10, 2007

23                                      _Linda L. Mallette_
                                        Linda L. Mallette, Attorney for
24                                      Plaintiffs

25

26

27

28

$\mathcal{D}$

Exhibit E, Part 2
Page 205



LAW OFFICES OF
MALLETTE & LIBONATI
2046 FAIRMONT DRIVE
SAN MATEO, CA 94402-3926

Telephone: (650) 347-5400                              Facsimile: (650) 347-5660

Linda L. Mallette                                      Dominick R. Libonati

November 28, 2007

Paul Smoot, Esq.
Anderlini, Finkelstein, Emerick & Smoot
400 South El Camino Real
San Mateo, CA 94402

     Re: Nand v. Singh, et al.

Dear Paul:

     This letter will generally memorialize the fact that I have
spoken numerous times with your secretary, Kathy, and with your
associate, Pat, at the Pre-trial Settlement Conference.  Every
communication I have made has been an effort to be told when I
can expect the outstanding discovery.  One set of documents was
due October 25, 2007 and the other set was due on November 14,
2007.

     I know you have been in trial and I am trying to respect the
difficulty doing anything else when one is in trial.  The problem
I have is obtaining a date certain for receipt of discovery so we
can be tied to a date in the event a motion to compel is
required.  I do not know for certain, but I suspect the problem
lies with your receipt of the requested information from your
clients.  Please communicate with me as soon as you have time to
do so.  Apparently, you are the only one in your office who can
get the job done.

     In the meantime, we have lost so much time in this matter, I
have to inform you that your right to object to any of the items
requested has been waived.

     I sincerely hope a motion will not be necessary.

                                   Sincerely,

                                   Linda

                                   Linda L. Mallette

1                          PROOF OF SERVICE

2          I am over the age of eighteen years and not a party to the
     within entitled action.  I reside in the County of San Mateo,
3    California.  My business address is 2046 Fairmont Drive, San
     Mateo, California 94402.
4
           I served a true copy of the attached document(s) on the
5    person(s) listed below by:

6          [  ]  Personally delivering a true copy thereof.

7          [  ]  Telecopied via facsimile.

8          [  ]  Served by courier service.

9          [  ]  Sent via overnight delivery.

10         [ x]  Placing a true copy, enclosed in a sealed envelope
     with postage fully prepaid, in the United States mail at San
11   Mateo, California.

12         [  ] Mailing by certified mail, return receipt requested

13   A.   Date of mailing: October 10, 2007

14   B.   Exact Title of Document(s):THIRD REQUEST FOR PRODUCTION OF
     DOCUMENTS PROPOUNDED TO SCOTT RICHARD SMITH
15
     Paul Smoot, Esq.
16   Anderlini, Finkelstein, Emerick & Smoot
     400 South El Camino Real
17   San Mateo, CA 94402

18
           I declare under penalty of perjury, under the laws of the
19   State of California that the foregoing is true and correct.
     This declaration is executed on October 10, 2007, at San Mateo,
20   California.

21                                      Linda L. Mallette
                                        Linda L. Mallette
22

23

24

25

26

27

28

1   PROOF OF SERVICE

2       I am over the age of eighteen years and not a party to the
    within entitled action.  I reside in the County of San Mateo,
3   California.  My business address is 2046 Fairmont Drive, San
    Mateo, California 94402.
4

5       I served a true copy of the attached document(s) on the
    person(s) listed below by:

6       [  ]  Personally delivering a true copy thereof.

7       [  ]  Telecopied via facsimile.

8       [  ]  Served by courier service.

9       [  ]  Sent via overnight delivery.

10      [x ]  Placing a true copy, enclosed in a sealed envelope
    with postage fully prepaid, in the United States mail at San
11  Mateo, California.

12      [  ] Mailing by certified mail, return receipt requested

13  A.  Date of mailing: December 21, 2007

14  B.  Exact Title of Document(s): DECLARATION OF LINDA L. MALLETTE
    IN SUPPORT OF MOTION FOR ORDER TO COMPEL RESPONSES TO INSPECTION
15  DEMANDS [CCP § 2031.300] AND IMPOSING MONETARY SANCTION

16  Paul Smoot, Esq.
    Anderlini, Finkelstein, Emerick & Smoot
17  400 South El Camino Real
    San Mateo, CA 94402
18

19
        I declare under penalty of perjury, under the laws of the
20  State of California that the foregoing is true and correct.
    This declaration is executed on December 21, 2007, at San Mateo,
21  California.

22                                  Linda L. Mallette

23

24

25

26

27

28

Exhibit E, Part 2
Page 208

Law Offices of Mallette & Libonati
Attn: Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA   94402

Anderlini Finkelstein & Emerick
Attn: Smoot, Paul J
400 S. El Camino Real
Ste. 700
San Mateo, CA   94402

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| | |
|---|---|
| Nand<br><br>              VS.          Plaintiff/Petitioner(s)<br><br>Smith<br><br><br>              Defendant/Respondent(s)<br>              (Abbreviated Title) | No. HG06295167<br><br><br>NOTICE OF HEARING (AMENDED)<br><br>Civil Pre-Trial Settlement Conference on<br>02/01/2008 has been vacated and rescheduled. |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Civil Pre-Trial Settlement Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Civil Pre-Trial Settlement Conference:
DATE: 02/08/2008    TIME: 03:30 PM    DEPARTMENT: 520
LOCATION:  Hayward Hall of Justice, 3rd Floor
                24405 Amador Street, Hayward

The Court orders that a Settlement Conference Statement be filed with the court five calendar days prior to the conference date. The Court also orders that all persons whose consent is necessary for a binding settlement are required to attend the Pretrial Settlement Conference.

Monetary sanctions may be imposed upon any party for failure to file the required statement, for not attending the settlement conference, or for attending but not possessing the required authority. (Local Rule 3.90)

Dated:  01/23/2008

Executive Officer / Clerk of the Superior Court

By _____
                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/23/2008.

By _____
                                    Deputy Clerk




*3142929*

1  LINDA L. MALLETTE, ESQ. St. Bar #104669
2  DOMINICK R. LIBONATI, ESQ. St. Bar #111738
           Law Offices
3      MALLETTE & LIBONATI
       2046 Fairmont Drive
4      San Mateo, CA  94402
         (650) 347-5400
5
   Attorneys for Plaintiffs
6  Daya Nand and Shri Mati

7

8

FILED
ALAMEDA COUNTY

FEB 0 7 2008

CLERK OF THE SUPERIOR COURT
By _Andrell Williams_
                        Deputy

9      COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

10          COUNTY OF ALAMEDA, HAYWARD DIVISION

11  DAYA NAND and SHRI MATI,        )   NO.  HG006295167
                                    )
12          Plaintiffs,             )   STIPULATION OF THE PARTIES
                                    )   TO PERMIT PLAINTIFFS TO
13  vs.                             )   AMEND THE COMPLAINT TO ADD
                                    )   NEW DEFENDANTS; ORDER
14  SCOTT RICHARD SMITH, dba        )
    MORTGAGENET 2000, JEFFREY       )
15  JAMES TWOMEY, an                )
    individual; ANGAT SINGH,        )
16  an individual, and DOES         )
    ONE through TWENTY,             )
17  inclusive,                      )
                                    )
18                                  )
            Defendants.             )
19                                  )
                                    )
20                                  )
                                    )
21  _____)

22      The parties hereto, by and through their respective

23  counsel, stipulate that plaintiffs may file a Second Amended

24  Complaint to add new party defendants and to allege causes of

25  action against said new party defendants.

26  Dated: February 5, 2008

27          _Linda L Mallette_
            Linda L. Mallette, Attorney for
28          Plaintiffs Daya Nand and Shri Mati

                          1

1    Dated: 2/6/08

2
                              Paul Smoot, Attorney for
3                             Defendants SCOTT RICHARD SMITH,
                              dba MORTGAGENET 2000, JEFFREY
4                             JAMES TWOMEY, and ANGAD SINGH

5

6          It is Ordered that plaintiffs may amend their complaint to

7    add new defendants and to state causes of action against the new

8    defendants.

9    Dated:  2-7-2008

10

11                            Honorable David E. Hunter, Judge
12                            of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   2

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| | |
|---|---|
| **Nand** | **No. HG06295167** |
| Plaintiff/Petitioner(s) | |
| VS. | **Minutes** |
| **Smith** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    520                          Honorable    David Hunter          , Judge

Cause called for Settlement Conference on February 08, 2008.

Plaintiff Daya Nand not appearing.
Plaintiff Shri Mati not appearing.
Defendant Angat Singh not appearing.
Defendant Jeffrey James Twomey not appearing.
Defendant Scott Richard Smith not appearing.

Trial date is maintained

Minutes of    02/08/2008
Entered on    02/27/2008

Executive Officer / Clerk of the Superior Court

By    *Lindnell Williams*

Deputy Clerk

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| | | |
|---|---|---|
| **Nand** | | **No. HG06295167** |
| | Plaintiff/Petitioner(s) | |
| VS. | | **Minutes** |
| **Smith** | | |
| | Defendant/Respondent(s) | |
| **(Abbreviated Title)** | | |

Department   520                     Honorable   David Hunter                  , Judge

Cause called for Motion: February 22, 2008.

The Motion of Plaintiffs Daya Nand and Shri Mati For Order to Compel Responses to Inspection
Demands and For Sanctions is GRANTED.

Defendants Scott Richard Smith, Jeffrey James Twomey and Scott Richard Smith dba Mortgagenet 2000
shall serve full and complete verified responses without objections to Plaintiff's Requests for Production of
Documents Set Two and Three no later than March 14, 2008. Further, Defendants shall produce any
responsive documents no later than March 14, 2008.

Plaintiff is awarded sanctions from Defendants and Defendants counsel in the amount of $340.00.
Compliance date for payment of sanctions is March 21, 2008.

Minutes of    02/22/2008
Entered on    02/28/2008

Executive Officer / Clerk of the Superior Court

By    _Lindrell Williams_

Deputy Clerk

Law Offices of Mallette & Libonati
Attn: Mallette, Linda L
2046 Fairmont Drive
San Mateo, CA   94402

Anderlini Finkelstein & Emerick
Attn: Smoot, Paul J
400 S.  El Camino Real
Ste. 700
San Mateo, CA   94402

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| Nand | | No. <u>HG06295167</u> |
|------|--|----------------------|
| | Plaintiff/Petitioner(s) | |
| · | | Order |
| | · VS. | |
| | | Motion to Compel Production of Documents |
| Smith | | Granted |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

The Motion to Compel Production of Documents was set for hearing on 02/22/2008 at 09:30 AM in Department 520 before the Honorable David Hunter. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Motion of Plaintiffs Daya Nand and Shri Mati For Order to Compel Responses to Inspection Demands and For Sanctions is GRANTED.

Defendants Scott Richard Smith, Jeffrey James Twomey and Scott Richard Smith dba Mortgagenet 2000 shall serve full and complete verified responses without objections to Plaintiff's Requests for Production of Documents Set Two and Three no later than March 14, 2008.  Further, Defendants shall produce any responsive documents no later than March 14, 2008.

Plaintiff is awarded sanctions from Defendants and Defendants counsel in the amount of $340.00. Compliance date for payment of sanctions is March 21, 2008.

Dated:  02/22/2008

Judge David Hunter

**SUMMONS** *ON SECOND*
**(CITACION JUDICIAL)** *AMENDED*
*COMPLAINT*

*6244028*
**(SOLO PARA USO DE LA CORTE)**

I-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SCOTT RICHARD SMITH, dba MORTGAGENET 2000, JEFFREY
JAMES TWOMEY, an individual, ANGAT SINGH, an individual,

Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAYA NAND and and SHRI MATI

F I L E D
ALAMEDA COUNTY

MAR 0 5 2008

CLERK OF THE SUPERIOR COURT
By_____
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Hayward District
24405 Amador Street, Hayward, California, CA 94544

| CASE NUMBER: *(Número del Caso):* | HG006295167 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Linda L. Mallette (Bar # 104669)
Law Offices of Mallette & Libonati
2046 Fairmont Drive, San Mateo, CA 94402

Phone No.: (650) 347-5400
Fax No.: (650) 347-5660

DATE: PAT SWEETEN
*(Fecha)* MAR 0 5 2008  EXECUTIVE OFFICER/CLERK  Clerk, by _____ *(Secretario)* _____, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Exhibit E, Part 2 §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| NAND V SMITH | HG006295167 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

GREENPOINT MORTGAGE FUNDING, INC., WORLD SAVINGS, aka WACHOVIA; GMAC MORTGAGE CORPORATION, and DOES FOUR through TWENTY, inclusive

Page  1  of  1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Exhibit E, Part 2

*LexisNexis® Automated California Judicial Council Forms*  Page 216

# PROOF OF SERVICE

1                                 **PROOF OF SERVICE**

2   STATE OF CALIFORNIA          )
                                  ) ss.

3   COUNTY OF LOS ANGELES    )

4         I am employed in the County of Los Angeles, State of California.  I am over the age of 18

5 and not a party to the within action; my business address is 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101.

6         On March 19, 2008, I served the following document(s) described as **NOTICE OF**

7 **REMOVAL BY DEFENDANT WORLD SAVINGS BANK, FSB UNDER 28 U.S.C. §1441(b)** on the interested parties in this action by placing __ the original  _X_  a true and correct copy in an

8 enclosed sealed envelope as follows:

9

10 Linda L. Mallette, Esq.                         Paul J. Smoot, Esq.
LAW OFFICES OF MALLETTE & LIBONATI      ANDERLINI, FINKELSTEIN,

11 2046 Fairmont Drive                         EMERICK & SMOOT
San Mateo, CA 94402                       400 South El Camino Real, Suite 700

12                                              San Mateo, CA 94402

13

14 [X]    (BY MAIL)  I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal

15         Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed

16         invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17 [  ]    (BY TELECOPIER)  By stipulation, I caused such document to be delivered by telecopy transmission to the offices of the addressee.

18

19 [  ]    (BY PERSONAL DELIVERY)  I delivered such envelope by hand to the addressee.

20 [  ]    (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21 [X]    (FEDERAL)  I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

22

23         Executed on March 19, 2008, at  Pasadena, California.

24

25   _____           _____
    Jill Ashley                                 

26     (Print or Type Name)                (Signature of Declarant)

27

28

                                                        **Proof of Service**
                                                       **Page 217**