```
LINDA L. MALLETTE, ESQ. St. Bar #104669
DOMINICK R. LIBONATI, ESQ. St. Bar #111738
             Law Offices
       MALLETTE & LIBONATI
        2046 Fairmont Drive
       San Mateo, CA  94402
          (650) 347-5400
```

FILED

APR - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiffs
Daya Nand and Shri Mati

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYA NAND and SHRI MATI, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SCOTT RICHARD SMITH, dba ) <br> MORTGAGENET 2000, JEFFREY ) <br> JAMES TWOMEY, an ) <br> individual; ANGAD SINGH, ) <br> an individual; GREENPOINT ) <br> MORTGAGE FUNDING, INC.; ) <br> WORLD SAVINGS, aka ) <br> WACHOVIA; GMAC MORTGAGE ) <br> CORPORATION, and DOES ) <br> FOUR through TWENTY, ) <br> inclusive, ) <br> ) <br> Defendants. ) <br> ) <br> _____) | NO.  C-08-01529-SI <br><br> NOTICE OF MOTION <br> FOR REMAND <br><br> Date: May 9, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 10 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 9, 2008, at 9:00 a.m. in Courtroom 10 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Susan Illston, United States District Court Judge presiding,

Notice of Motion for Remand                    1

| | |
|---|---|
| 1 | plaintiffs Daya Nand and Shri Mati will, and hereby do, move |
| 2 | pursuant to 28 U.S.C. §§ 1331 for an order of remand of this |
| 3 | case to the Alameda Superior Court, Hayward Division, Case No. |
| 4 | HG06295167, on the ground that there is no substantial federal |
| 5 | question in the matter to warrant the Federal District Court to |
| 6 | assume jurisdiction. |
| 7 | Dated: April 3, 2008 |

Law Offices of Mallette & Libonati

*Linda L. Mallette*
Linda L. Mallette
Llm4law@yahoo.com
Attorney for plaintiffs Daya Nand and Shri Mati

Notice of Motion for Remand                              2

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within entitled action. I reside in the County of San Mateo, California. My business address is 2046 Fairmont Drive, San Mateo, California 94402.

I served a true copy of the attached document(s) on the person(s) listed below by:

[ ] Personally delivering a true copy thereof.

[ ] Telecopied via facsimile.

[ ] Served by courier service.

[ ] Sent via overnight delivery.

[x] Placing a true copy, enclosed in a sealed envelope with postage fully prepaid, in the United States mail at San Mateo, California.

[ ] Mailing by certified mail, return receipt requested

A.   Date of mailing: April 3, 2008

B.   Exact Title of Document(s): NOTICE OF MOTION FOR REMAND

Mark T. Flewelling
Christopher A. Carr
Anglin, Flewelling, Rasmussen, etc.
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101-2459

Paul Smoot, Esq.
Anderlini, Finkelstein, Emerick & Smoot
400 South El Camino Real
San Mateo, CA 94402

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. This declaration is executed on April 3, 2008, at San Mateo, California.

*Linda L. Mallette*
Linda L. Mallette

LINDA L. MALLETTE, ESQ. St. Bar #104669
DOMINICK R. LIBONATI, ESQ. St. Bar #111738
Law Offices
MALLETTE & LIBONATI
2046 Fairmont Drive
San Mateo, CA  94402
(650) 347-5400

Attorneys for Plaintiffs
Daya Nand and Shri Mati

FILED

APR - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYA NAND and SHRI MATI,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT RICHARD SMITH, dba MORTGAGENET 2000, JEFFREY JAMES TWOMEY, an individual; ANGAD SINGH, an individual; GREENPOINT MORTGAGE FUNDING, INC.; WORLD SAVINGS, aka WACHOVIA; GMAC MORTGAGE CORPORATION, and DOES FOUR through TWENTY, inclusive,<br><br>Defendants. | NO.  C-08-01529-SI<br><br>MOTION FOR REMAND [28 USC 1331]<br><br>Date: May 9, 2008<br>Time: 9:00 a.m.<br>Courtroom: 10 |

Plaintiffs Daya Nand and Shri Mati hereby Move this Court for Remand of the Cause to California Superior Court, Hayward Division following Removal to the U. S. District Court by defendant World Savings, aka Wachovia.

1. Plaintiffs' complaint alleges nine causes of action. Four causes of action are stated against the original defendants, Scott Richard Smith, dba Mortgagenet 2000, the

Motion for Remand                              1

1  California licensed broker on the four loans that are the
2  subject of the complaint; Jeffrey James Twomey, the California
3  licensed real estate agent employed by Scott Richard Smith on
4  the four loans that are the subject of the complaint; and Angad
5  Singh, a non-licensed person who posed himself as a real estate
6  licensee who conducted himself as though he were a real estate
7  licensee during the pendency of the four loans that are the
8  subject of this litigation.  Two causes of action are stated
9  against a newly named defendant only, GMAC, for an accounting
10 and for breach of contract, both state causes of action.  The
11 remaining three causes of action include the three newly named
12 lenders, including Wachovia, the party who has removed the case
13 to the Federal Court.  The three causes of action are all based
14 upon state law claims: Fraud and forgery, conspiracy to commit
15 fraud; and rescission.  The liability of the lenders depends
16 upon state statutes, i.e., ratification of negligent and
17 unlawful acts of the lenders' agents.
18       2.  The First Cause of Action alleged against the three
19 original defendants is based upon a State Cause of Action for
20 Fraud.  The allegations include failure to inform plaintiffs
21 that Angad Singh is not a real estate licensee; failure to
22 inform plaintiffs that the loans arranged were at variable
23 interest rates with prepayment penalties, contrary to
24 plaintiffs' specific requests for fixed-rate loans; failure to
25 inform plaintiffs what defendants knew, that plaintiffs could
26 not afford to maintain payments on the loans; failure to provide
27 copies of the loan documents signed by plaintiffs; failure to
28 provide plaintiffs their notice of right to rescind.  As part of

1  the cause of action for fraud, plaintiffs seek punitive damages
2  under California Civil Code § 3294(c).
3       Fraud is a state cause of action, based upon numerous
4  statutes. For example:
5       Civil Code § 1709. One who willfully deceives another with
        intent to induce him to alter his position to his injury or
6       risk is liable for any damages which he thereby suffers."
7       Civil Code § 1710. A deceit, within the meaning of the
        last section, is either:
8       1. The suggestion, as a fact, of that which is not true,
        by one who does not believe it to be true;
9       2. The assertion, as a fact, of that which is not true, by
        one who has no reasonable ground for believing it to be
10      true;
        3. The suppression of a fact, by one who is bound to
11      disclose it, or who gives information of other facts which
        are likely to mislead for want of communication of that
12      fact; or
        4. A promise, made without any intention of performing
13      it."
14      Among the numerous acts alleged in the First Cause of
15 Action is an allegation that the three defendants failed to give
16 plaintiffs their notice of right to rescission. No federal
17 statute is mentioned, but it would refer to 15 U.S.C. 1641. No
18 interpretation of that statute is necessary because facially the
19 statute requires that borrowers be provided a three-day
20 rescission right, which was not done.
21      3. The Second Cause of Action is alleged against all
22 defendants, including the defendants who caused removal of the
23 case to Federal District Court. It is a state cause of action
24 of conspiracy to commit fraud. The liability of the lenders,
25 including Wachovia, is clearly based upon agency principles--
26 agency as specified in state statutes. For example:
27      <u>California Civil Code § 2338:</u>
28      "Unless required by or under the authority of law to employ
        that particular agent, a principal is responsible to third

1 | persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts
2 | committed by such agent in and as a part of the transaction of such business, and for his wilful omission to fulfill
3 | the obligations of the principal."

4 and

5 | "§ 2339. Principal's responsibility for wrongs willfully committed by the agent
6 | A principal is responsible for no other wrongs committed by his agent than those mentioned in the last section, unless
7 | he has authorized or ratified them, even though they are committed while the agent is engaged in his service."

8
9   Plaintiffs have alleged that lenders and the three original
10 defendants operated under an agency agreement with respect to
11 the loans that are the subject of this litigation. Plaintiffs
12 have also alleged that the principal lenders had sufficient
13 information in their files, including forged loan applications,
14 that the acts of giving plaintiffs the loans constituted
15 ratification of the agents' acts as specified in <u>California
16 Civil Code Section 2339</u>. See Declaration of Linda L. Mallette
17 filed herewith for copy of the written agency agreement between
18 World, aka Wachovia and defendant Scott Richard Smith.

19      4.    The Third Cause of Action is alleged against the three
20 original defendants only. It is a cause of action for
21 professional negligence under the State of California statutes
22 that regulate State of California brokers and agents. The
23 allegations include the willingness of defendant Scott Richard
24 Smith to permit a non-licensee, Angad Singh, to perform duties
25 for which a real estate license is required. They include an
26 allegation that the real estate licensed defendants had an
27 obligation under state law to provide a timely estimate of the
28 cost of the loans, including commissions, which was not done.
The specific state statutes mentioned in the Second Cause of

Motion for Remand                    4

Action are as follows:

<u>California Business and Professions Code</u> "§ 10240. Broker's written statement to borrower; Requisites; When licensee not to permit borrower to sign statement; "Good faith estimate" written acknowledgment

(a) Every real estate broker, upon acting within the meaning of subdivision (d) of Section 10131, who negotiates a loan to be secured directly or collaterally by a lien on real property shall, within three business days after receipt of a completed written loan application or before the borrower becomes obligated on the note, whichever is earlier, cause to be delivered to the borrower a statement in writing, containing all the information required by Section 10241. It shall be personally signed by the borrower and by the real estate broker negotiating the loan or by a real estate licensee acting for the broker in negotiating the loan. When so executed, an exact copy thereof shall be delivered to the borrower at the time of its execution. The real estate broker negotiating the loan shall retain on file for a period of three years a true and correct copy of the statement as signed by the borrower."

<u>California Code of Regulations</u> 10 CCR 2840 (2008)

§ 2840. Approved Borrower Disclosure Statements

(a) The Commissioner shall publish and make available to interested persons as official forms of the Department of Real Estate Forms RE 882 (Rev. 1/08) and RE 883 (Rev. 1/08) which are incorporated by reference. Forms RE 882 and RE 883 contain approved format and content for the disclosure statement required by subdivision (a) of Section 10240 of the Code and Section 10241 of the Code.

(b) The publication of the forms pursuant to subdivision (a) hereof is for the purpose of aiding real estate licensees in providing the disclosure of material information to prospective borrowers in a uniform and effective manner and to assist them in meeting some of the disclosure objectives in Section 10240.3 of the Code.

(c) A real estate broker must obtain the prior written approval of the Commissioner if he/she wishes to use forms different than those referred to in (a). Forms that do not adequately provide the information required by the forms in subsection (a) above, as appropriate, and in a format that is easily used by the Department will not be approved.

The allegations also specifically include that the three defendants overcharged plaintiffs in violation of <u>10 California</u>

Motion for Remand                          5

1 | Code of Regulations § 2843.

2 |    § 2843. Restrictions on Chargeable Costs and Expenses

3 | No "costs and expenses of making the loan" referred to in Section 10241(a) which have not been paid, incurred or
4 | reasonably earned by the loan broker shall be charged to the borrower. No fee may be charged to a borrower as part
5 | of the costs and expenses of making the loan which exceeds the fee customarily charged for the same or comparable
6 | service in the community where the service was rendered..."

7 | The allegations include violations of **California Business &**
8 | **Professions Code 10152**, standards by which real estate licensees
9 | are required to honor:

10 | § 10152. Requirement of other proof before authorizing license; Hearing
11 | (a) The commissioner may require any other proof he or she may deem advisable concerning the honesty and truthfulness
12 | of any applicant for a real estate license or license examination, or of the officers, directors, or persons
13 | owning more than 10 percent of the stock, of any corporation making application therefor, before authorizing
14 | the issuance of a real estate license. For this purpose the commissioner may call a hearing in accordance with this
15 | part relating to hearings. To assist in his or her determination the commissioner shall require every original
16 | applicant to be fingerprinted prior to issuing a license. The commissioner may require the fingerprints to be
17 | submitted either with the application to take the license examination or with the application for a real estate
18 | license.

19 | and **California Business & Professions Code 10176(a)-(c)**:

20 | The commissioner may, upon his or her own motion, and shall, upon the verified complaint in writing of any
21 | person, investigate the actions of any person engaged in the business or acting in the capacity of a real estate
22 | licensee within this state, and he or she may temporarily suspend or permanently revoke a real estate license at any
23 | time where the licensee, while a real estate licensee, in performing or attempting to perform any of the acts within
24 | the scope of this chapter has been guilty of any of the following:

25 | (a) Making any substantial misrepresentation.

26 | (b) Making any false promises of a character likely to
27 | influence, persuade or induce.

28 | (c) A continued and flagrant course of misrepresentation or making of false promises through real estate agents or

Motion for Remand           6

1     salespersons.

2 And <u>California Civil Code 2079 and 2079.6</u>:

> § 2079. Duty of real estate broker to make visual inspection; Disclosure of material facts
> . . .
> (b) It is the duty of a real estate broker or salesperson licensed under Division 4 (commencing with Section 10000) of the Business and Professions Code to comply with this section and any regulations imposing standards of professional conduct adopted pursuant to Section 10080 of the Business and Professions Code with reference to Sections 10176 and 10177 of the Business and Professions Code.

    Finally, in the Third Cause of Action alleged against the three original defendants, plaintiffs discuss their discovery that the defendants submitted fraudulent loan applications in their names in violation of a federal criminal statute, 18 USC 1001. The criminal statute mentioned cannot be prosecuted in a civil action and mention of the criminal statute adds to the materiality of the facts alleged against the three defendants.

    5. The Fourth Cause of action is stated against the three original defendants only, and is itself a state cause of action. In this breach of fiduciary cause of action alleges that the acts described in the preliminary statement of facts and the first three causes of action constitute breaches of the duties of loyalty and undivided service owed to principals by their fiduciaries as articulated in California law.

    6. The Fifth Cause of action is alleged against the newly named defendants, the lenders, including Wachovia who removed this case to the Federal Court. The gravamen of the allegations is that the lenders were grossly negligent in their appointment of the defendant California Real Estate Broker, Agent and non-licensee, to act as their agents in the subject transactions.

1  The ratification of the agents' bad acts exists because the loan
2  files contained adequate information to put the lenders on
3  notice that the plaintiffs should not have been given the loans.
4  The information, known to the defendant lenders, particularly
5  Wachovia, proves the lenders violated a California regulations,
6  10 California Code of Regulations 1452:§

7     1452. Loan Size and Duration: Limitations

8     "When making or negotiating loans, a finance company
       shall take into consideration, in determining the size and
9      duration thereof, the financial ability of the borrowers to
       repay the same, to the end that the borrowers should be
10     reasonably to repay said loans in the time and manner
       provided in the loan contracts."
11
       7.  The Sixth Cause of Action, for rescission is stated
12
13  solely against the newly named defendant lenders for

14  ratification and acceptance of their agents' fraud and forgery.

15  Rescission is steeped in state law, as set forth herein:

16     California Civil Code § 1689.  When party to a contract may
       rescind
17     . . .
       (b) A party to a contract may rescind the contract in the
18     following cases:

19     (1) If the consent of the party rescinding, or of any
       party jointly contracting with him, was given by mistake,
20     or obtained through duress, menace, fraud, or undue
       influence, exercised by or with the connivance of the party
21     as to whom he rescinds, or of any other party to the
       contract jointly interested with such party. [emphasis
22     added]

23     The grounds listed to support plaintiffs' cause of action

24  for rescission include mention of two federal statutes, 15

25  U.S.C. 1641 and 15 U.S.C. 1639, in addition to the allegation

26  that the loans were obtained based upon the lenders' agents'

27  forgery of the loan application and Verification of Income

28  forms.  On page 25 of the Second Amended Complaint is the first

Motion for Remand                    8

1 | mention of violations of federal statutes by the agents for
2 | Wachovia and the other named defendant lenders.  There is no
3 | interpretation of federal statute required of the Court because
4 | the violations alleged are simple and violate the clear language
5 | of the statutes.  In this case, where the allegations fall
6 | within state law claims in far greater measure than the federal
7 | law claims, Plaintiffs contend the two mentioned federal
8 | statutes in the Sixth Cause of Action are easily handled by the
9 | State Court under its powers of concurrent jurisdiction.  See,
10 | 28 U.S.C. 1367, where the district court may decline to exercise
11 | supplement jurisdiction when the claim substantially
12 | predominates over the claim or claims over which the district
13 | court has original jurisdiction.  See, also, Yellow Freight
14 | Sys., Inc. v. Donnelly, 494 U.S. 820,822, 110 S.Ct. 1566, 108
15 | L.Ed.2d 834 (1990), where the Court said:

> "Under our system of dual sovereignty, the United States Supreme Court has consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States. To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction. [citations]"

21 |     8.  The Seventh Cause of Action is a state cause of action
22 | for fraud alleged against the three lenders now named in the
23 | Second Amended Complaint.  The allegations of fraud and forgery
24 | are based upon the state concept of agency and ratification of
25 | the agents' acts.  Also under state law, the underlying tort is
26 | required to support the conspiracy to commit fraud as alleged in
27 | the Second Cause of Action.  No federal statute is mentioned in
28 | the Seventh Cause of Action.

9. The Eighth Cause of Action is stated against GMAC only and requests and accounting for an excessive demand made and paid by plaintiffs in an earlier escrow. The plaintiffs request that GMAC be ordered to account for the demand of $9,679.27 interest for a period of 32 days. Plaintiffs allege that they gave notice of the dispute in accordance with 15 USC section 1666, but there is no federal remedy plaintiffs request.

10. The Ninth Cause of Action is stated against GMAC only and alleges that GMAC breached a contract it had with plaintiffs in which the lender demanded excessive interest at an escrow for pay-off of an earlier loan. The demand exceeded the amount of interest plaintiffs had agreed to pay in accordance with the mortgage, note and deed of trust. Breach of contract is a state action. No federal statute is alleged in the Ninth Cause of Action.

In sum, plaintiffs' causes are overwhelmingly based upon state causes of action rather than federal statutes.

> "Not every mere allegation of the existence of a Federal question in a controversy will suffice for that purpose. There must be a real substantive question, on which the case may be made to turn. Nor can jurisdiction be inferred argumentatively from the averments in the pleadings, but the averments should be positive. Hanford v. Davies, 163 U.S. 273, 279."

St. Joseph v. GIR Co. v. Steele 167 U.S. 659, 662, 17 S.Ct. 925 (1897)

> "'Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.' 299 U.S. at 112-113, 115, 57 S.Ct. at 97."

Meyerhoff v. Garten 232 F.Supp. 363, 366 (1964), where a Motion for remand was granted. The dispute was between a client and his attorney over whether income tax refunds received by the attorney for the client had to be returned. Court held the

Motion for Remand                10

1  dispute was based on state law.

2  "Removal Statutes should be given strict construction,
   because the congressional policy is to limit removal out of
3  regard for the rightful independence of state governments.
   See, La Chemise Lacoste v. Alligator Co., Inc., 506 F.2d
4  339 (3rd Cir. 1974) cert. den. 421 U.S. 937, 95 S. Ct.
   1666, 44 L. Ed. 2d 94 (1975). Thus, mere reference to the
5  Federal Constitution, laws or treaties are not adequate to
   disclose a federal question, instead the pleadings must
6  spell out a claim integrated with a Federal statute or the
   Constitution. Chambers-Liberty Counties Nav. Dist. v.
7  Parker Bros. & Co., 263 F. Supp. 602 (S.D.Tex. 1967),
   McCartney v. State of West Virginia, 156 F.2d 739 (4th Cir.
8  1946). Also, a federal question merely incidental or
   collateral to the main controversy is not sufficient to
9  serve as a basis for removal jurisdiction. Armstrong v.
   Alliance Trust Co., 126 F.2d 164, 167 (5th Cir. 1942)."

Ashley v. Southwestern Bell Telephone Co. 401 F.Supp. 1389, 1392
(1976)

    Since the plaintiffs' petition alleges only a state cause
    of action which is not preempted by federal law, no federal
    question appears on the face of the petition and this court
    is without jurisdiction. Removal, therefore, was made
    improvidently and this case should be remanded to the state
    court. This result is in keeping with the Congressional
    policy of restricting removal and maintaining due regard
    for coordinate levels of state government.

Ashley v. Southwestern Bell Telephone Co., at 1394

    It is contended that under Title 28, section 1331 of the
    United States Code Annotated, the court had jurisdiction of
    the action. The statute provides that the district courts
    shall have original jurisdiction of all civil actions
    arising under the Constitution or laws of the United
    States, and having more than $ 3,000 involved, exclusive of
    interest and costs. But not every question of federal law
    lurking in the background or emerging necessarily places
    the suit in the class of one arising under the Constitution
    or laws of the United States, within the meaning of the
    statute. A suit having for its purpose the enforcement of a
    right which finds its origin in the Constitution or laws of
    the United States is not necessarily and for that reason
    alone one arising under such laws. In order for a suit to
    be one arising under the Constitution or laws of the United
    States, it must really and substantially involve a dispute
    or controversy in respect of the construction or effect of
    a provision in the Constitution or the validity,
    construction, or effect of an Act of Congress, upon the
    determination of which the result depends. Shulthis v.
    McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Gully
    v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct.
    96, 81 L.Ed. 70; Regents of New Mexico College of

Motion for Remand                    11

1  Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 10 Cir., 158 F.2d 900; Andersen v. Bingham & Garfield Railway Co., 10 Cir., 169 F.2d 328.

Porter v. Bennison, 180 F.2d 523, 525 (1950)

The mere mention in plaintiffs' complaint that the lenders' agents, among other unlawful acts, failed to provide copies of the Notice of Right to Rescind under 15 U.S.C. 1641 and failed to provide a timely disclosure of the loan costs as required under 15 U.S.C. 1639 does not make this case one that "really and substantially involves a dispute or controversy of the construction or effect of a federal law." All the causes of action are based upon California state law. It would be too burdensome for the Federal Court to involve itself in the determination of the parties' rights and duties under the violations of numerous state statutes alleged in the complaint. Plaintiffs respectfully request the case to be remanded to the California Superior Court.

Dated: April 3, 2008

Respectfully submitted,

*Linda L. Mallette*
Linda L. Mallette, Attorney
for Plaintiffs

PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within entitled action. I reside in the County of San Mateo, California. My business address is 2046 Fairmont Drive, San Mateo, California 94402.

I served a true copy of the attached document(s) on the person(s) listed below by:

[ ] Personally delivering a true copy thereof.

[ ] Telecopied via facsimile.

[ ] Served by courier service.

[ ] Sent via overnight delivery.

[x] Placing a true copy, enclosed in a sealed envelope with postage fully prepaid, in the United States mail at San Mateo, California.

[ ] Mailing by certified mail, return receipt requested

A. Date of mailing: April 3, 2008

B. Exact Title of Document(s): MOTION FOR REMAND

Mark T. Flewelling
Christopher A. Carr
Anglin, Flewelling, Rasmussen, etc.
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101-2459

Paul Smoot, Esq.
Anderlini, Finkelstein, Emerick & Smoot
400 South El Camino Real
San Mateo, CA 94402

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. This declaration is executed on April 3, 2008, at San Mateo, California.

*Linda L. Mallette*
Linda L. Mallette