Mark T. Flewelling (#96465)
mflewelling@afrct.com
Christopher A. Carr (#44444)
ccarr@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN
  CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA  91101-2459
(626) 535-1900; (Tel) (626) 577-7764 (Fax)

Attorneys for Defendant WORLD SAVINGS
BANK, FSB, renamed and now known as
WACHOVIA MORTGAGE, FSB., sued as
WORLD SAVINGS aka WACHOVIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYA NAND and SHRI MATI,<br><br>    Plaintiffs,<br><br>vs.<br><br>SCOTT RICHARD SMITH, dba MORTGAGENET 2000; JEFFREY JAMES TWOMEY, an individual; ANGAD SINGH, an individual; GREENPOINT MORTGAGE FUNDING, INC.; WORLD SAVINGS, aka WACHOVIA; GMAC MORTGAGE CORPORATION; and DOES FOUR through TWENTY, inclusive,<br><br>    Defendants. | C-08-01529-SI<br><br>OPPOSITION BY WORLD SAVINGS BANK, FSB TO PLAINTIFFS' MOTION TO REMAND<br><br>Hearing Date: May 9, 2008<br>    Time: 9:00 a.m.<br>Courtroom: 10 |

## 1. INTRODUCTION

Plaintiffs initially filed this case about eighteen months ago in Alameda County Superior Court. In neither their original Complaint nor their First Amended Complaint was there any mention of (a) any banks or other lenders, or (b) any Federal claims. On March 5, 2008, plaintiffs filed a Second Amended Complaint ("SAC"), which is now the operative complaint. For the first time, the

SAC (a) names three lenders, including "World Savings, aka Wachovia"[1], as defendants, and (b) sets forth claims arising out of purported violations of Federal law.

World removed this case on March 20, 2008, and then promptly filed a motion to dismiss ("the Dismissal Motion") pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have now filed a motion to remand the case to the state court ("the Remand Motion").[2] For the reasons briefed below, there is no legal or factual support for the Remand Motion.

2. STANDARDS GOVERNING MOTIONS TO REMAND

28 U.S.C. §1447(c), which governs remand motions, provides two grounds for a remand: (1) lack of Federal subject matter jurisdiction, or (2) "any defect in removal procedure". The Rutter Group, California Practice Guide, *Federal Civil Procedure Before Trial*, 2:1084, pg. 2D-209.

Plaintiffs do not argue "any defect in removal procedure." Rather, they appear to challenge the existence of a "Federal question", and argue that the Federal claims that they plead are insubstantial compared to the state law claims.

Before addressing why this argument is deficient, it is important to note two concepts that are not relevant to a decision on the Remand Motion. First, World is not contending that the doctrine of exclusive Federal jurisdiction applies here, nor did it cite such a concept in its Notice of Removal. Therefore, plaintiffs' discussion of concurrent jurisdiction (page 9 of the Remand Motion) is simply

---

[1] As set forth in the Notice of Removal, the correct designation of this defendant is "World Savings Bank, FSB, renamed and now known as Wachovia Mortgage, FSB"; hereinafter referred to as "World".

[2] The Remand Motion was not timely served under Local Rule 7.1 since it was served by mail 36 days in advance of the hearing, not the required 38 for mail service. However, in the interest of judicial economy, it would appear to make sense to hear both motions together on May 9.

1  irrelevant; World recognizes that the state court has concurrent jurisdiction of
2  these Federal claims.
3       Second, although the Remand Motion does not mention it by name,
4  plaintiffs inferentially may be claiming that the "abstention doctrine" applies.
5  That doctrine provides that Federal courts should remand cases if, by hearing the
6  case, there would be an unwarranted interference with the rightful independence
7  of state governments. This doctrine applies, however, only to claims such as
8  injunctive relief and not to the damage claims found in the SAC. *Quackenbush v.*
9  *Allstate Ins. Co.*, 517 U.S. 706, 721 (1996).

10  3.  THE FEDERAL CLAIM, AS AGAINST WORLD, IS SUBSTANTIAL
11       The Remand Motion asserts that there are more state law claims in the SAC
12  than Federal claims; while this is true, it is irrelevant. The test is not the number
13  of claims, but rather whether Federal subject matter jurisdiction exists over <u>any</u> of
14  the claims. If there is a claim that supports Federal subject matter jurisdiction, the
15  court cannot remand the entire case – it must retain at least that portion of the
16  action. *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996); *Borough of West*
17  *Mifflin v. Lancaster*, 45 F.3d 780, 787 (3rd Cir. 1995). The court has discretion
18  either to: (1) assume jurisdiction over the entire case under its powers of
19  supplemental jurisdiction, or else (2) remand the state law claims to the state
20  court. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988).
21       Plaintiffs assert in their Sixth Cause of Action for "Rescission" that they
22  were not given the "Notice of Right to Rescind as required under 15 U.S.C.
23  1641". (SAC ¶79). In their Remand Motion, plaintiffs argue they were not given
24  notice of their right to rescind, and then conclude that "the statute requires that
25  borrowers be provided a three day rescission right". (Remand Motion 3:14-19)
26       Although the correct code section is 15 U.S.C. §1635(a), the point is that
27  the entitlement to any such notice, particularly a specific three-day notice, is only
28  a creature of Federal law. California law does not grant any such rescission right,

nor could it because of the preemption of this area by the Home Owners Loan Act (12 U.S.C. §1461 *et seq*.), commonly known as HOLA (governing federally chartered savings banks such as World, discussed beginning at page 8, line 7 of the Dismissal Motion).

At pages 5 and 6 of the Remand Motion, plaintiffs cite numerous California regulations to support their state law claims. But on their face these regulations apply to loan brokers and real estate brokers, not lenders. At page 8 of the Remand Motion, plaintiffs cite an additional California regulation but, again, that regulation clearly applies to finance companies, not federally chartered savings banks. In any case, whatever the scope of these various California regulations might purport to be, they are the very kinds of regulations that are preempted by HOLA where a federally chartered savings bank is involved; see, e.g., 12 C.F.R. §560.2(c) and *Lopez v. World Savings and Loan Association*, 105 Cal.App.4th 729, 738 (2003).[3]

Therefore, Plaintiffs' purported state law claims either do not apply to World, or are preempted by federal law. And without Federal law, plaintiffs would not even have a rescission claim. *A fortiori*, the "Federal question" is not only "substantial", it is the only question that can be addressed with respect to World.

4.  PLAINTIFFS' OWN PLEADINGS AND SUBMITTED DOCUMENTS SHOW THE REMAND MOTION HAS NO LEGAL BASIS AS AGAINST WORLD

Plaintiffs' position is that the Federal claims in the SAC are insignificant or insubstantial when compared to the state law claims. As set forth above, this comparison is not relevant. However, even if it were relevant, it is completely

---

[3] World did not mention HOLA in its Notice of Removal because of the rule that defensive matters, such as preemption, are not grounds for removal. *Gully v. First Nat'l Bank in Meridian*, 299 US 109 (1936).

inaccurate insofar as the claims against World are concerned. Plaintiffs' own pleadings and documents submitted with the Remand Motion show why this contention fails as against World.

Most of the claims against World seem to be based on vicarious liability -- that World is liable for acts committed by the individual defendants because they were World agents. (SAC ¶¶7, 72, 73 and 83). However, as more fully set forth in the Dismissal Motion, at page 14, lines 3-19, the SAC itself reveals that these individuals were agents of *plaintiffs*, not agents of World.

Plaintiffs even offer a document with the Remand Motion that shows the individual defendants were not World agents. Attached to the Declaration of Linda Mallette is a letter from World to defendant Scott Smith. The general tenor of the letter is to advise a loan broker, in this case Mr. Smith, of what World expects of brokers who wish to submit loan applications to World. The paragraph numbered "2" reads: "You are not authorized to (a) represent yourself to anyone as an agent or employee of World Savings . . .". Having elected to submit this exhibit to the court for consideration, plaintiffs are subject to any inferences which might be harmful to their position which can be drawn from that submission. *Arturet-Vélez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 (1st Cir. 205).

In addition to these admissions, California case law holds that loan brokers are customarily the agents of the borrower, not the lender. In *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773 (1979), the California Supreme Court reviewed the role and duties of loan brokers, and stated the following at page 782: "A mortgage loan broker is customarily retained by a borrower to act as the *borrowers' agent* in negotiating an acceptable loan" (emphasis in original).

The case law, coupled with the letter attached to the Remand Motion showing that the broker was not a World agent or employee, refutes any claim whatsoever that the individuals were World agents. Therefore, the state law

claims against World that arise from an agency theory simply have no bearing on the Remand Motion.

## 5. CONCLUSION

The court must retain, at minimum, the rescission claim made against World by plaintiffs. World respectfully submits that the court should exercise its discretion to assume jurisdiction of the entire case. As is stated in The Rutter Guide, *supra*, §2.1102, at pg. 2D-220:

> "(a partial remand) may be unfair to the parties. It will force them to proceed simultaneously in two courts, at added expense, and could lead to inconsistent results. It also encourages an unseemly "race" to trial to avoid collateral estoppel."

This comment would hold particularly true with a partial remand of the state law claims against World. Those claims, which are arguably preempted by the federal Home Owner's Loan Act anyway, would force World to defend two sets of federal claims, arising from the same set of facts, in both the federal court and the state court.

For the foregoing reasons, World requests an order denying the Remand Motion in its entirety. If the Court is inclined to entertain a partial remand, World would request that this Court at least retain all of plaintiffs' claims against World.

Respectfully submitted,

Dated: April 18, 2008

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: _____
Christopher A. Carr
ccarr@afrct.com
Attorneys for Defendant WORLD SAVINGS BANK, FSB

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101.

      On April 18, 2008, I served the following document(s) described as **OPPOSITION BY WORLD SAVINGS BANK, FSB TO PLAINTIFFS' MOTION TO REMAND** on the interested parties in this action by placing ___ the original _X_ a true and correct copy in an enclosed sealed envelope as follows:

| | |
|---|---|
| Linda L. Mallette, Esq.<br>LAW OFFICES OF MALLETTE & LIBONATI<br>2046 Fairmont Drive<br>San Mateo, CA 94402 | Paul J. Smoot, Esq.<br>ANDERLINI, FINKELSTEIN,<br>EMERICK & SMOOT<br>400 South El Camino Real, Suite 700<br>San Mateo, CA 94402 |

[X]  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (BY TELECOPIER) By stipulation, I caused such document to be delivered by telecopy transmission to the offices of the addressee.

[ ]  (BY PERSONAL DELIVERY) I delivered such envelope by hand to the addressee.

[ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

Executed on April 18, 2008, at Pasadena, California.

Jill Ashley
(Print or Type Name)

_/s/ Jill Ashley_
(Signature of Declarant)